SHORT RECORD
NO. 24-1067
FILED 1/17/24

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| SHANNON WAYNE AGOFSKY,<br>Petitioner, | : <br> : <br> : | Notice of Appeal |
| v. | : <br> : <br> : | CIVIL ACTION<br>(Capital Habeas Corpus) |
| T.J. WATSON, Warden, USP Terre Haute,<br>UNITED STATES OF AMERICA,<br>Respondents. | : <br> : <br> : <br> : <br> : <br> : | **No. 2:22-cv-49-JRS-MKK** |

## NOTICE OF APPEAL

Shannon Wayne Agofsky appeals to the United States Court of Appeals for the

Seventh Circuit from the final judgment entered on November 29, 2023.

Respectfully submitted,

/s/ Claudia Van Wyk

Claudia Van Wyk
Senior Staff Attorney
Capital Punishment Project
American Civil Liberties Union
201 W. Main St. Suite 402
Durham, NC 27701
cvanwyk@aclu.org
267-971-6991 (cell)
919-682-5659 (office)
919-433-8533 (direct)

*Attorney for Petitioner Shannon Wayne Agofsky*

## CERTIFICATE OF SERVICE

I, Claudia Van Wyk, hereby certify that on the date of filing, I caused a copy of

this document to be delivered, via the CM-ECF system of the U.S. District Court for

the Southern District of Indiana, to all counsel of record:

**John Benton Hurst**
DOJ-USAO
United States Attorney's Office
400 E. 9th St., Ste 5510
Kansas City, MO 64106
816-426-3122
Email: john.hurst@usdoj.gov

/s/ Claudia Van Wyk
Claudia Van Wyk
*Counsel for Petitioner*

Dated: January 17, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHANNON WAYNE AGOFSKY,       )
           )
         Petitioner,      )
           )
      v.        )      No. 2:22-cv-00049-JRS-MKK
           )
T.J. WATSON Warden,       )
           )
         Respondent.     )

**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Shannon Agofsky, a federal prisoner incarcerated in this district, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Mr. Agofsky seeks to vacate his conviction in the Western District of Missouri under 18 U.S.C. § 924(c) for using a firearm during and in relation to a crime of violence. He argues that, under *Borden v. United States*, 141 S. Ct. 1817 (2021), the underlying offense was not a crime of violence as defined by the statute and that his conviction is therefore invalid. He previously, and unsuccessfully, attacked this conviction under 28 U.S.C. § 2255. *See* dkt. 1 at 5–8 (summarizing § 2255 actions).

In June 2023, the Court ordered Mr. Agofsky to show cause why his petition should not be dismissed for lack of jurisdiction in view of *Jones v. Hendrix*, 599 U.S. 465. In *Jones*, the Supreme Court held that a prisoner who has already pursued a collateral attack against his federal conviction or sentence may bring another *only* because newly discovered evidence demonstrates innocence or because a new rule of Constitutional law offers relief that was previously unavailable. 599 U.S. at 476–78. Moreover, such a challenge must proceed under § 2255 in the district of conviction—not under § 2241 in the district of incarceration. *Id.* at 478.

Mr. Agofsky responded to the Court's show-cause order and raised two reasons why *Jones* should not bar his successive collateral attack on his § 924(c) conviction. His arguments stem from issues specific to his case and not expressly addressed in *Jones*. Namely, Mr. Agofsky was later convicted of a capital offense and sentenced to death. The government presented his previous § 924(c) conviction as an aggravating factor justifying the death penalty. Ultimately, Mr. Agofsky's attack on the § 924(c) conviction is a step toward challenging his death sentence. And, although he attacks the § 924(c) conviction in his § 2241 petition, he argues that its connection to his death sentence allows this habeas action to move forward even after *Jones*.

First, Mr. Agofsky argues that his § 924(c) conviction is one factor that led the Bureau of Prisons to place him in a Special Confinement Unit, where he is held under harsh and isolated conditions. Dkt. 19 at 6–7. Mr. Agofsky correctly observes that *Jones* did not constrain the availability of § 2241 for challenges that a prisoner "is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Jones*, 599 U.S. at 475.

But Mr. Agofsky does not challenge an administrative decision regarding his place or conditions of confinement or a deprivation of credit time. He asks the Court to vacate his conviction by a jury of a separate court. *See* dkt. 19 at 8 ("At the least, the Court should reach the merits of Mr. Agofsky's argument regarding the validity of his § 924(c) conviction . . . ."). His § 2241 petition collaterally attacks his conviction, not any of the administrative actions *Jones* recognized as actionable under § 2241.

Second, Mr. Agofsky argues that *Jones* simply "does not apply" to his petition. Dkt. 19 at 2. More specifically, Mr. Agofsky cites a series of Supreme Court decisions holding that prisoners

2

sentenced to death are entitled to heightened due process protections. *Id.* at 2–6 (citing *Ford v. Wainwright*, 477 U.S. 399 (1986) (Constitution demands "factfinding procedures" that "aspire to a heightened standard of reliability" in capital cases.); *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (Constitution requires proportionality review in capital cases.); *Spaziano v. Florida*, 468 U.S. 447, 468 (1984) (Stevens, J., concurring in part and dissenting in part) ("[A] State's deprivation of a person's life is also qualitatively different from any lesser intrusion on liberty."); *Furman v. Georgia*, 408 U.S. 238, 306 (1974) (Stewart, J., concurring) ("The penalty of death differs from all other forms of criminal punishment, not in degree but in kind."); *Gregg v. Georgia*, 428 U.S. 153, 188 (1976) ("Because of the uniqueness of the death penalty, *Furman* held that it could not be imposed under sentencing procedures that created a substantial risk that it would be inflicted in an arbitrary and capricious manner."); *Woodson v. North Carolina*, 428 U.S. 280, 301 (1976) (Eighth and Fourteenth Amendment prohibit mandatory death penalty.); *Roberts v. Louisiana*, 428 U.S. 325, 336 (1976) (same); *Herrera v. Collins*, 506 U.S. 390, 419 (1993) (O'Connor, J., concurring) ("I cannot disagree with the fundamental legal principle that executing the innocent is inconsistent with the Constitution."); *id.* at 430 (Blackmun, J., dissenting) ("Nothing could be more contrary to contemporary standards of decency . . . or more shocking to the conscience . . . than to execute a person who is actually innocent."). He argues that *Jones* did not formally abrogate any of the principles set out in those cases and that they cannot be honored if this Court applies *Jones* to preclude review of his habeas petition.

Mr. Agofsky is correct that *Jones* did not address any of the protections recognized in previous death penalty decisions. But none of those decisions explicitly held that a prisoner sentenced to death is entitled to review of a successive collateral attack raising a statutory innocence challenge to a prior conviction that may have contributed to the death sentence.

3

Meanwhile, *Jones* held without qualification that a successive collateral attack must proceed under § 2255 and must be based on new evidence or a new rule of constitutional law.

This Court cannot consider the merits of Mr. Agofsky's habeas petition without disregarding *Jones'* unequivocal holding. He cannot obtain the relief he seeks unless that holding is modified, and this Court lacks authority to modify the Supreme Court's explicit holdings.

This action is **dismissed** for lack of jurisdiction. *Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) (vacating the district court's judgment and remanding with instructions to dismiss for lack of subject-matter jurisdiction.).

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 11/29/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Benton Hurst
DOJ-USAO
john.hurst@usdoj.gov

Claudia Van Wyk
American Civil Liberties Union Foundation
cvanwyk@aclu.org

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHANNON WAYNE AGOFSKY,              )
                                    )
            Petitioner,             )
                                    )
      v.                            )      No. 2:22-cv-00049-JRS-MKK
                                    )
T.J. WATSON Warden,                 )
                                    )
            Respondent.             )

**FINAL JUDGMENT**

The Court has ordered that this action be **dismissed**. The Court now enters **FINAL JUDGMENT**.

Date: 11/29/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _Samantha Burmester_

Deputy Clerk, U.S. District Court

**IT IS SO ORDERED.**

Distribution:

John Benton Hurst
DOJ-USAO
john.hurst@usdoj.gov

Claudia Van Wyk
American Civil Liberties Union Foundation
cvanwyk@aclu.org

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>,<span style="color:green">HABEAS</span>,<span style="color:red">CLOSED</span>

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:22-cv-00049-JRS-MKK

| | |
|---|---|
| AGOFSKY v. WATSON | Date Filed: 02/09/2022 |
| Assigned to: Judge James R. Sweeney II | Date Terminated: 11/29/2023 |
| Referred to: Magistrate Judge M. Kendra Klump | Jury Demand: None |
| Cause: 28:2241fd Petition for Writ of Habeas Corpus (federal) | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: Federal Question |

**Petitioner**

**SHANNON WAYNE AGOFSKY**                    represented by    **Claudia Van Wyk**
American Civil Liberties Union Foundation
201 West Main Street
Suite 402
Durham, NC 27701
267-971-6991
Email: cvanwyk@aclu.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**T.J. WATSON**                              represented by    **John Benton Hurst**
*Warden*                                                      DOJ-USAO
United States Attorney's Office
400 E. 9th St.
Ste 5510
Kansas City, MO 64106
816-426-3122
Email: john.hurst@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/09/2022 | 1 | PETITION for Writ of Habeas Corpus *Pursuant to 28 USC Section 2241*, filed by SHANNON WAYNE AGOFSKY. <span style="color:red">(No fee paid with this filing)</span> (Attachments: # 1 Civil Cover Sheet)(Van Wyk, Claudia) (Entered: 02/09/2022) |
| 02/09/2022 | 2 | ***PLEASE DISREGARD - REFILED AT 5 AND 6 *** MOTION for Leave to Proceed in forma pauperis *and for Appointment of Undersigned Counsel*, filed by Plaintiff SHANNON WAYNE AGOFSKY. (Van Wyk, Claudia) Modified on 2/10/2022 (BRR). (Entered: 02/09/2022) |
| 02/10/2022 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (TPS) (Entered: 02/10/2022) |

| 02/10/2022 | 4 | PRACTICES AND PROCEDURES before Judge James R. Sweeney II. (TPS) (Entered: 02/10/2022) |
|---|---|---|
| 02/10/2022 | 5 | MOTION for Leave to Proceed in forma pauperis , filed by Petitioner SHANNON WAYNE AGOFSKY. (Attachments: # 1 Text of Proposed Order)(Van Wyk, Claudia) (Entered: 02/10/2022) |
| 02/10/2022 | 6 | MOTION to Appoint Counsel , filed by Petitioner SHANNON WAYNE AGOFSKY. (Attachments: # 1 Text of Proposed Order)(Van Wyk, Claudia) (Entered: 02/10/2022) |
| 02/14/2022 | 7 | ORDER TO SHOW CAUSE - The respondent shall have until March 28, 2022, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have twenty-eight days after service of the answer in which to reply. The petitioner's motion for leave to proceed in forma pauperis, dkt. 5 , is granted. Signed by Judge James R. Sweeney II on 2/14/2022.(KAA) (Entered: 02/14/2022) |
| 02/14/2022 | 8 | ORDER granting 6 Motion to Appoint Counsel. Claudia Van Wyk from the Capital Habeas Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania is appointed to represent Petitioner in this case. Signed by Judge James R. Sweeney II on 2/14/2022. (KAA) (Entered: 02/14/2022) |
| 03/28/2022 | 9 | NOTICE of Appearance by John Benton Hurst on behalf of Respondent T.J. WATSON. (Hurst, John) (Entered: 03/28/2022) |
| 03/28/2022 | 10 | APPENDIX *of Exhibits in Support of Response in Opposition to Petition for Habeas Corpus* by T.J. WATSON. (Attachments: # 1 Exhibit 1: Superseding Indictment, # 2 Exhibit 2: Verdict Form, # 3 Exhibit 3: Judgment, # 4 Exhibit 4: Jury Instructions Given)(Hurst, John) (Entered: 03/28/2022) |
| 03/28/2022 | 11 | RESPONSE *in Opposition*, re 1 Petition for Writ of Habeas Corpus, filed by Respondent T.J. WATSON. (Hurst, John) (Entered: 03/28/2022) |
| 03/28/2022 | | ***DOCKETED FOR ADMINISTRATIVE PURPOSES ONLY-To show proper event for Response docketed at dkt 11. RETURN TO ORDER TO SHOW CAUSE, re 7 Order to Show Cause, filed by T.J. WATSON.. (MEH) (Entered: 04/29/2022) |
| 04/25/2022 | 12 | Brief *in Reply* re 1 Petition for Writ of Habeas Corpus, 11 Response by SHANNON WAYNE AGOFSKY. (Attachments: # 1 Appendix)(Van Wyk, Claudia) (Entered: 04/25/2022) |
| 04/25/2022 | | DOCKETED FOR ADMINISTRATIVE PURPOSES ONLY-To show correct event for Reply at dkt 12. Reply re Return to Order to Show Cause, filed by SHANNON WAYNE AGOFSKY.. (MEH) (Entered: 04/29/2022) |
| 08/05/2022 | 13 | NOTICE *OF SUPPLEMENTAL AUTHORITY*, filed by Petitioner SHANNON WAYNE AGOFSKY (Attachments: # 1 Exhibit) (Van Wyk, Claudia) (Entered: 08/05/2022) |
| 12/12/2022 | 14 | Reassignment of Case to Magistrate Judge Mark J. Dinsmore. Magistrate Judge Doris L. Pryor is no longer assigned to this case. Please include the new case number (2:22-cv-00049-JRS-MJD), which includes the initials of the newly assigned judge, on all future filings in this matter. (CJD) (Entered: 12/12/2022) |
| 01/06/2023 | 15 | Reassignment of Case to Magistrate Judge M. Kendra Klump. Magistrate Judge Mark J. Dinsmore is no longer assigned to this case. Please include the new case number (2:22-cv-00049-JRS-MKK), which includes the initials of the newly assigned judge, on all future filings in this matter. (CJD) (Entered: 01/06/2023) |
| 06/28/2023 | 16 | ORDER FOR PETITIONER TO SHOW CAUSE - On or before July 28, 2023, Petitioner shall show cause why his § 2241 petition should not be dismissed for lack of jurisdiction based on the reasoning set forth in Jones. SEE ORDER. Signed by Judge James R. Sweeney II on 6/28/2023.(JRB) (Entered: 06/29/2023) |

| 07/26/2023 | 17 | Unopposed MOTION for Extension of Time to 9/26/2023 in which to 16 Order to Show Cause , filed by Petitioner SHANNON WAYNE AGOFSKY. (Attachments: # 1 Text of Proposed Order)(Van Wyk, Claudia) (Entered: 07/26/2023) |
| 08/11/2023 | 18 | ORDER granting 17 PETITIONER'S UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO SHOW CAUSE - The Court, having reviewed Petitioner's Unopposed First Motion for Extension of Time to Show Cause, dkt. 17 , and finding that motion to be well taken, hereby ORDERS that the Petitioner, Shannon Wayne Agofsky, shall have until September 26, 2023, to show cause as to why his petition should not be dismissed. See Dkt. No. 16 . Signed by Judge James R. Sweeney II on 08/11/2023. (AAS) (Entered: 08/11/2023) |
| 09/26/2023 | 19 | RETURN TO ORDER TO SHOW CAUSE, re 16 ORDER FOR PETITIONER TO SHOW CAUSE, filed by SHANNON WAYNE AGOFSKY. (Van Wyk, Claudia) Modified to correct linking of documents on 9/27/2023 (JRT). (Entered: 09/26/2023) |
| 11/29/2023 | 20 | ORDER DISMISSING ACTION FOR LACK OF JURISDICTION AND DIRECTING ENTRY OF FINAL JUDGMENT - This Court cannot consider the merits of Mr. Agofsky's habeas petition without disregarding Jones' unequivocal holding. He cannot obtain the relief he seeks unless that holding is modified, and this Court lacks authority to modify the Supreme Court's explicit holdings.This action is dismissed for lack of jurisdiction. The clerk is directed to enter final judgment. SEE ORDER. Signed by Judge James R. Sweeney II on 11/29/2023.(AAS) (Entered: 11/29/2023) |
| 11/29/2023 | 21 | FINAL JUDGMENT - The Court has ordered that this action be dismissed. The Court now enters FINAL JUDGMENT. Signed by Judge James R. Sweeney II on 11/29/2023.(AAS) (Entered: 11/29/2023) |
| 01/17/2024 | 22 | NOTICE OF APPEAL as to 21 Closed Dismissed, filed by Petitioner SHANNON WAYNE AGOFSKY. (No fee paid with this filing) (Van Wyk, Claudia) (Entered: 01/17/2024) |
| 01/17/2024 | 23 | PARTIES' SHORT RECORD re 22 Notice of Appeal - **Instructions for Attorneys/Parties attached.** (KAA) (Entered: 01/17/2024) |

**Case #: 2:22-cv-00049-JRS-MKK**