No. 24-1067

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

SHANNON W. AGOFSKY,

*Petitioner-Appellant*

V.

STEVE KALLIS,

*WARDEN, U.S. PENITENTIARY, TERRE HAUTE,*

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:22–cv–00049-JRS-MKK, Hon. James R. Sweeney II

## MOTION OF PETITIONER-APPELLANT FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING SUBJECT-MATTER JURISDICTION

Pursuant to Federal Rules of Appellate Procedure 27 and 28(c), and Rules 3(c) and 28(a) of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit, Petitioner Shannon Wayne Agofsky hereby respectfully requests leave of court to file a short supplemental brief regarding subject-matter jurisdiction, and declares in support as follows:

1. Briefing closed on June 14, 2024. ECF No. 19 (reply brief

filed); *see also* ECF Nos. 1 (appeal docketed January 17, 2024), 7 (appellant's brief filed March 11, 2024), 10, 12, 14 (appellee's brief filed May 24, 2024).

2.     In response to Mr. Agofsky's unopposed motion to postpone oral argument until December 9, 2024, ECF No. 24, this Court recently vacated the argument previously scheduled for October 22, 2024, ECF No. 25. Oral argument has not yet been rescheduled.

3.     The undersigned has identified a potential mistake in the District Court's dismissal order: It conflates subject-matter jurisdiction and venue. The District Court had subject-matter jurisdiction under Article III, 28 U.S.C. § 1331, and circuit precedent. *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004), *cert. denied*, 543 U.S. 949 (2004) ("Subject-matter jurisdiction … is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). *Jones v. Hendrix,* 599 U.S. 465 (2023), called into question Mr. Agofsky's selection of venue, but did not disturb the District Court's subject-matter jurisdiction to decide his federal habeas petition.

4.     In order to more fully explain this distinction and the effect it has on this appeal, Mr. Agofsky has drafted a 3,433-word supplemental

brief addressing subject-matter jurisdiction and lodged it herewith. He requests leave to file it on the docket.

5. There is good cause to grant Mr. Agofsky's motion. Subject-matter jurisdiction can be raised "at any time and at any stage" of the litigation. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (per curiam) ("'[I]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings.'") (quoting *Sadat v. Mertes,* 615 F.2d 1176, 1188 (7th Cir. 1980)); *see also* Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit, 2020 Edition, at 16 (litigants have "an obligation to bring both appellate and district court jurisdictional problems to the court's attention … and should do so promptly") (citing *Espinueva v. Garrett,* 895 F.2d 1164, 1166 (7th Cir. 1990)).

6. In addition, the Court is under an independent and continuing obligation to raise and resolve questions of subject-matter jurisdiction *sua sponte. Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Restoration Risk Retention Grp., Inc. v. Gutierrez,* 880 F.3d 339, 345 (7th Cir. 2018) ("We

have an independent obligation to ensure that both the district court and this court have subject matter jurisdiction even when neither parties nor the district court raised the issue."); *see also* Practitioner's Handbook at 16 ("Litigants can expect the court to review not only its own jurisdiction but that of the district court."). Supplemental briefing would assist the Court as it fulfills its independent duty to assess jurisdiction.

7. Granting the motion would not delay the proceedings. Mr. Agofsky has already lodged his brief and, below, proposes a schedule allowing for succinct supplemental briefing, concluding well before oral argument.

8. Mr. Agofsky's filings to date have been well under the permitted word count. His principal brief contained 7,297 words, Certificate of Compliance, ECF No. 7; *see also* Circuit Rule 32(c) (permitting 14,000 words for principal briefs), and his reply brief contained 4,830 words, Certificate of Compliance, ECF No. 19; *see also* Circuit Rule 32(c) (permitting 7,000 words for reply briefs). His 3,433-word supplemental brief would result in a total word count of 15,560, which remains well below the overall 21,000 word-limit.

9. Mr. Agofsky respectfully requests that the government be

granted permission to file a response brief containing no more than 4,000 words, no later than thirty days from the granting of this motion. That response brief shall be limited to the issues raised in Mr. Agofsky's supplemental brief. Mr. Agofsky further requests that he be permitted leave to file a 1,000-word reply no later than 14 days after the filing of the government's response brief.

10. This request is made pursuant to Rule 28(c) of the Federal Rules of Appellate Procedure, which grants this Court authority to order supplemental briefing. Fed. R. App. Proc. 28(c) ("Unless the court permits, no further briefs may be filed."); *see also* Practitioner's Handbook at 16 ("The rules provide ample opportunity for counsel to bring [jurisdictional] matters to the court's attention at many stages throughout the appellate process.").

11. Mr. Agofsky endeavored to condense his supplemental brief into a letter brief, *see* Fed. R. App. Proc. 28(j), but additional content was necessary to adequately communicate the argument. In the event the Court denies this motion, Mr. Agofsky will submit a Rule 28(j) letter.

12. On August 26, 2024, the undersigned contacted counsel for Appellee, who indicated that Appellee opposes this motion.

WHEREFORE, Appellant Shannon Agofsky respectfully requests that the Court grant his motion, file the attached proposed Supplemental Brief Regarding Subject-Matter Jurisdiction, and permit the government to respond (and Mr. Agofsky to reply) as described above.

Respectfully submitted,

/s/ *Sam Welch*
Sam Welch
Assistant Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

*Counsel for Petitioner/Appellant*
*Shannon Agofsky*

Dated: August 26, 2024

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 902 words. This motion was prepared using Microsoft Word for Office 365 software and, in making this certification, I have relied upon that software's word-count feature. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced, serif typeface (Century Schoolbook) in 14-point size. It complies with the typestyle requirements of Fed. R. App. P. 32(a)(6), because it has been set in plain, roman style.

/s/ *Sam Welch*
Sam Welch


Dated: August 26, 2024

# CERTIFICATE OF SERVICE

I, Sam Welch, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

<u>/s/ *Sam Welch*</u>
Sam Welch

Dated: August 26, 2024