No. 24-1067

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

SHANNON W. AGOFSKY,

*Petitioner-Appellant,*

V.

STEVE KALLIS,

*WARDEN, U.S. PENITENTIARY, TERRE HAUTE,*

*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the Southern District of Indiana
No. 22–cv–00049-JRS-MKK, Hon. James R. Sweeney II

---

**SUPPLEMENTAL BRIEF REGARDING
SUBJECT-MATTER JURISDICTION**

---

Sam Welch
Assistant Federal Defender
David Zuckerman
Assistant Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

*Counsel for Petitioner/Appellant
Shannon Agofsky*

# TABLE OF CONTENTS

INTRODUCTION.................................................................................. 1

I.     SUBJECT-MATTER JURISDICTION AND VENUE .................... 2

II.    *JONES* IS ABOUT VENUE ......................................................... 7

III.   WAIVER AND FORFEITURE...................................................... 13

IV.  TRANSFER AND THE EQUITIES ............................................. 16

CONCLUSION ..................................................................................... 16

# TABLE OF AUTHORITIES

**Federal Cases**

*Agostini v. Felton*, 521 U.S. 203 (1997) ................................................ 12

*Ahrens v. Clark*, 335 U.S. 188 (1948) ................................................ 10

*Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884 (7th Cir. 2004) ................................................ 13

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ............................... *passim*

*Borden v. United States*, 593 U.S. 420 (2021) ................................... 3, 16

*Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973) ............... 10

*Carter v. Hodge*, 726 F.3d 917 (7th Cir. 2013) ................................. 5

*Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007) .......................... 11, 12

*Crawford v. Aziz v. Leferve*, 830 F.2d 184 (11th Cir. 1987) ................... 6

*Crawford v. Jackson*, 323 F.3d 123 (D.C. Cir. 2003) ......................... 6, 7

*Demjanjuk v. Meese*, 784 F.2d 1114 (D.C. Cir. 1986) .......................... 16

*Felker v. Turpin*, 518 U.S. 651 (1996) .......................................... 11, 12

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) ................................. 16

*Gonzalez v. Thaler*, 565 U.S. 134 (2012) ...................................... 11, 12

*Gray-Bey v. United States*, 209 F.3d 986 (7th Cir. 2000) ............... 11, 12

*Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005) ......................... 3, 5, 15

*Henderson v. Shinseki*, 562 U.S. 428 (2011) .................................... 12

*Hicks v. Stancil*, 642 F. App'x 620 (7th Cir. 2016) ........................... 3

*Hogsett v. Lillard*, 72 F.4th 819 (7th Cir. 2023) ............................... 10

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998) ................................. 5-6

*In re Hall*, 988 F.3d 376 (7th Cir. 2021) ........................................ 5

*Jackson v. Clements*, 796 F.3d 841 (7th Cir. 2015) ............................ 5

*Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021) .................................. 9

*Jones v. Hendrix*, 599 U.S. 465 (2023) ....................................... *passim*

*Kanai v. McHugh*, 638 F.3d 251 (4th Cir. 2011) ................................ 6

*Lafferty v. St. Riel*, 495 F.3d 72 (3d Cir. 2007) ................................ 16

*Mathena v. United States*, 577 F.3d 943 (8th Cir. 2009) ...................... 6

*McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) ................................................................ 13

*Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004) .............................. *passim*

*Prevatte v. Merlak*, 865 F.3d 894 (7th Cir. 2017) ..................................... 5

*Rumsfeld v. Padilla*, 542 U.S. 426 (2004) ............................................... 6

*Santos-Zacaria v. Garland*, 598 U.S. 411 (2023) ................................ 12

*Schlanger v. Seamans,* 401 U.S. 487 (1971) ......................................... 10

*Smith v. Idaho*, 392 F.3d 350 (9th Cir. 2004) ........................................ 6

*United States v. Doyle*, 693 F.3d 769 (7th Cir. 2012) ..................... 13, 14

*Wyatt v. United States*, 574 F.3d 455 (7th Cir. 2009) ............................ 5

## Federal Statutes

18 U.S.C. § 924 ....................................................................................... 3

18 U.S.C. § 2113 ..................................................................................... 3

28 U.S.C. § 1331 ......................................................................... 1, 2, 3, 4

28 U.S.C. § 1404 ................................................................................... 16

28 U.S.C. § 2241 ............................................................................ 2, 8, 11

28 U.S.C. § 2244 ................................................................................... 11

28 U.S.C. § 2255 .......................................................................... 7, 8, 9, 11

## Other

Fed. R. App. P. 27 .................................................................................. 1

Fed. R. App. P. 32 .................................................................................. 1

Fed. R. Civ. P. 12 ................................................................................. 13

Fed. R. Civ. P. 59 ................................................................................. 14

U.S. Const. art. III, § 2, cl. 1 ................................................................. 2

# INTRODUCTION

The District Court's order contains a type of mistake that requires correction whenever it comes to a court's attention: It conflates subject-matter jurisdiction with venue. As explained below, the District Court had subject-matter jurisdiction under 28 U.S.C. § 1331. *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004), *cert. denied*, 543 U.S. 949 (2004) ("Subject-matter jurisdiction … is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). As *Jones v. Hendrix,* 599 U.S. 465, 473 (2023), describes, federal courts have had subject-matter jurisdiction over habeas petitions like Mr. Agofsky's for 150 years. If there is any defect in his petition, it has to do with venue—not subject-matter jurisdiction.

That distinction has a significant effect on this appeal. Because the District Court had subject-matter jurisdiction, *infra* § B, and because *Jones* requires that same conclusion, *infra* § C, this Court cannot affirm on the basis of the District Court's reasoning. *See* Order Dismissing for Lack of Jurisdiction, *Agofsky v. Watson,* Case No. 22-cv-49 (S.D. Ind. Nov. 29, 2023) (hereinafter "DC"), ECF No. 20.

Nor can the Court affirm on the basis of improper venue: That defense has been either waived or forfeited. *Infra* § D. To date, the government has never challenged Mr. Agofsky's selection of venue. *See Moore,* 368 F.3d at 760. Mr. Agofsky cannot fault the government for its delay, but the law and the equities require a ruling in his favor. *Infra,* § E.

The Court has subject-matter jurisdiction. The defense of improper venue has been either waived or forfeited. *Jones* may have improved such a defense, had one been raised, but it cannot resurrect it on appeal. The Court should vacate the District Court's order and remand the case for consideration of the merits of Mr. Agofsky's underlying claim.

## I. SUBJECT-MATTER JURISDICTION AND VENUE

Subject-matter jurisdiction concerns a court's "power to hear a case." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 511 (2006). The Constitution extends the federal "judicial Power" to "all Cases … arising under this Constitution[,] [or] the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. Congress has further provided federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Mr. Agofsky's petition falls cleanly within that grant of judicial power. This Court has repeatedly held that § 1331 grants federal jurisdiction over 28 U.S.C. § 2241 petitions because they invariably raise issues of federal law. *E.g., Moore*, 368 F.3d at 759; *Harris v. Warden,* 425 F.3d 386, 388 (7th Cir. 2005); *Hicks v. Stancil*, 642 F. App'x 620, 621 (7th Cir. 2016). Mr. Agofsky's is no exception: It contains a single claim arguing that federal bank robbery, 18 U.S.C. § 2113, does not qualify as a crime of violence, 18 U.S.C. § 924(c), because it can be committed recklessly, *Borden v. United States*, 593 U.S. 420 (2021); DC ECF No. 1.

Venue is different, and *Moore* explains why. Moore had filed a § 2241 petition in the Northern District of Illinois while temporarily housed at MCC in Chicago. *Moore,* 368 F.3d at 758. The district court dismissed his petition as premature, but by the time it became ripe, Moore had been transferred to USP Leavenworth in Kansas. *Id.* Despite being located outside the district, and despite naming a respondent (the warden of Leavenworth) who resided outside the state, Moore successfully reopened his proceedings in the Northern District of Illinois. *Id.* The warden contested both the merits and the court's subject-matter jurisdiction but prevailed only on the former. *Id.*

This Court affirmed, but via a different route. The district court, it held, had subject-matter jurisdiction under Article III and 28 U.S.C. § 1331. *Id.* at 759 ("Subject-matter jurisdiction … is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question.").

Moore's problem was not *whether* the federal courts could resolve his claims, but rather *which* federal court should be the one to do so. *Id.* at 760. And that was "a question of venue, not of subject-matter jurisdiction." *Id.* Although § 2241(a) speaks of "jurisdiction[]," the statutory context demonstrates it is invoking territorial jurisdiction—a "species of venue." *Id.* at 759. Any other reading "would nullify the effect of § 2241(d)," which is "so clearly a special venue provision that it becomes jarring to read § 2241(a) as a rule of subject-matter jurisdiction." *Id.*

If Moore's problem was a matter of venue, then it was not Moore's problem—it was the warden's. Unlike subject-matter jurisdiction, improper venue is a defense that can be waived or forfeited. *Id.* at 759. And in *Moore,* it was forfeited "when it was omitted from the custodian's opening brief." *Id.* The warden's repeated arguments that the court lacked subject-matter jurisdiction were ineffectual; they could not revive a defense he had left for dead. *Id.*

This Court took a step further in *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005). Citing *Moore, Harris* confirmed that neither § 2241 nor 28 U.S.C. § 2255 is "jurisdictional," and that "substantive shortcomings do not affect subject-matter jurisdiction" in § 2241 cases. *Id.* at 388. As a result, the "special rules for second and successive collateral attacks under § 2254 and § 2255" also "do not change the jurisdictional footing of a proceeding under § 2241." *Id.*

This Court has applied *Moore* and *Harris* repeatedly. *See Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) (distinction between § 2241 and § 2255 is one of "venue"); *Carter v. Hodge*, 726 F.3d 917, 919 (7th Cir. 2013) (courts "obviously" have subject-matter jurisdiction to decide 28 U.S.C. § 2254 petitions); *Jackson v. Clements*, 796 F.3d 841, 842 (7th Cir. 2015) (per curiam) (section 2241 petition correctly transferred to proper venue); *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) (correcting district court's order dismissing for lack of jurisdiction and affirming instead "pursuant to § 2255(e)"); *In re Hall*, 988 F.3d 376, 380 (7th Cir. 2021) (petitioner's location "does not affect the original district court's jurisdiction"); *see also In re Davenport,* 147 F.3d 605, 609 (7th Cir. 1998) ("The purpose behind … section 2255 was to change the venue of

postconviction proceedings ....”), *abrogated on other grounds by Jones*, 599 U.S. at 477.

*Moore* has fared well in the Supreme Court, *see Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring) (citing *Moore*) (sections 2241 and 2255 are “not jurisdictional in the sense of a limitation on subject-matter jurisdiction,” but rather in the sense of “personal jurisdiction or venue”), and other circuits, too. *See Kanai v. McHugh,* 638 F.3d 251, 258 (4th Cir. 2011) (citing *Moore*) (section 2241(a) is a venue provision that can be “waived if not timely asserted”); *Smith v. Idaho*, 392 F.3d 350, 355 n.4 (9th Cir. 2004) (citing *Moore*) (same). Other circuits have endorsed the logic of *Moore*’s holding. *See, e.g.*, *Mathena v. United States,* 577 F.3d 943, 946 n.3 (8th Cir. 2009) (custodian waived *in personam* jurisdiction); *Crawford v. Aziz v. Leferve*, 830 F.2d 184, 186 (11th Cir. 1987) (same); *Crawford v. Jackson*, 323 F.3d 123, 126 (D.C. Cir. 2003) (same).

Even the government appears to adopt these distinctions. In its briefing, it repeatedly characterizes the relevant statutes as special venue provisions. *See, e.g.,* ECF No. 14 at 13 (calling § 2255(a) a “venue requirement”). And it agrees their “‘sole purpose’” is to afford petitioners

6

"'the same rights in another and more convenient forum.'" *Id.* at 15 (quoting *Jones*, 599 U.S. at 474); *see also id.*, at 17, 20–22 (the "forum to litigate" this claim is "not the court below").

## II. *JONES* IS ABOUT VENUE

*Jones v. Hendrix,* 599 U.S. 465 (2023), effected a sea change in this Circuit's habeas jurisprudence. But that change does not sink Mr. Agofsky's petition.

Jones was convicted of a crime in the Western District of Missouri. *Jones*, 599 U.S. at 470. The Supreme Court later determined convictions like his rested on a faulty interpretation of a federal statute—but by then, Jones was housed in Arkansas. *Id.* at 471. Precluded from filing for post-conviction relief in his district of conviction by § 2255(h)(2), Jones filed under § 2241 in his district of confinement. *Id.* The question was whether § 2255(e) permitted resort to § 2241 because § 2255(h) had rendered the "remedy by motion inadequate or ineffective." *Id.* at 472.

The Court held it did not. Section 2255 was merely the most recent "outgrowth" of the "historic habeas corpus powers of the federal court," powers that originated in the Suspension Clause and expanded under both the First Judiciary Act of 1789 and the Habeas Corpus Act of 1867.

*Jones,* 599 U.S. at 472–73. The "federal courts' pre-existing habeas authority" was then recodified in § 2241, which "confer[red] the power to grant the writ." *Id.* at 473. As *Jones* details, § 2241 and the Acts that preceded it speak in terms of the "power" and "authority" to resolve habeas petitions; they are grants of subject-matter jurisdiction. *See Arbaugh*, 546 U.S. at 514.

Section 2255, on the other hand, was "created … as a separate remedial vehicle." *Jones,* 599 U.S. at 473. Its "sole purpose" was "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *Id.* (quoting *Untied States v. Hayman*, 342 U.S. 205, 219 (1952)). Those "difficulties" included the "serious administrative problems" associated with litigating post-conviction claims in districts "far removed from the records of the sentencing court," and were "'greatly aggravated' by the concentration of federal prisoners in a handful of judicial districts." *Id.* at 473–74 (quoting *Hayman*, 342 U.S. at 212–14).

Summing up the intertwined histories of §§ 2241 and 2255, the Court held:

> Section 2255 … *rerout[ed]* federal prisoners' collateral attacks on their sentences to the courts that

had sentenced them. To make this *change of venue* effective, Congress generally barred federal prisoners "authorized to apply for relief by motion pursuant to" § 2255 from applying "for a writ of habeas corpus" under § 2241.

*Jones*, 599 U.S. at 473 (emphasis added).

Jones is replete with references to § 2255 that characterize it as pertaining to venue. *See, e.g., Jones,* 599 U.S. at 478 (calling § 2255 a "vehicle"); at 479 ("Section 2255 owes its existence to Congress' pragmatic judgment that the sentencing court … is the best venue for a federal prisoner's collateral attack…."); *id.* at 479–80 (section 2255 "channel[s]" a particular class of claims to particular districts); *id.* at 480–81 ("the saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle*").

These consistent descriptions of § 2255 as a venue-selection provision, taken in combination with the Court's discussion of the function, purpose, history, and text of §§ 2241 and 2255, require the conclusion that Jones' petition was filed in the wrong *venue*—not that the Court lacked subject-matter jurisdiction to hear it.

*Jones*' fleeting references to subject-matter jurisdiction are inconsequential. True, the Eighth Circuit affirmed the district court's dismissal for "lack of subject matter jurisdiction." *Jones v. Hendrix,* 8 F.4th 683,

686 (8th Cir. 2021). And true, the Supreme Court affirmed that holding. *Jones,* 599 U.S. at 492. But beyond that single passing reference to the Eighth Circuit's formulation, *Jones* says nothing to support a dismissal on jurisdictional grounds.

Such "drive-by jurisdictional rulings" are not uncommon, and they are not to be followed. *Arbaugh*, 546 U.S. at 511. "Judicial opinions … 'often obscure the issue by stating that the court is dismissing "for lack of jurisdiction" … without explicitly considering whether the dismissal should be for lack of subject-matter jurisdiction or for failure to state a claim.'" *Id*. Whenever a court issues such an "unrefined disposition[]," its holding "should be accorded 'no precedential effect'" with regard to the court's authority to adjudicate the claim. *Id*.

Again, *Moore* is on point. Faced with ambiguous jurisdictional rulings in *Ahrens v. Clark*, 335 U.S. 188 (1948), *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973), and *Schlanger v. Seamans,* 401 U.S. 487 (1971), this Court nonetheless concluded the question of where § 2241 litigation should take place is one "of venue, not of subject-matter jurisdiction." *Moore,* 368 F.3d at 760. To the degree that *Jones* and other decisions, *see, e.g.*, *Hogsett v. Lillard,* 72 F.4th 819 (7th Cir. 2023), passingly

suggest a disposition premised on subject-matter jurisdiction, this Court should disregard them.

Finally, *Jones* did not apply AEDPA's limitations on second-and-successive petitions. *See* 28 U.S.C. §§ 2244, 2255(h). It could not have: Thirty years earlier, in *Felker v. Turpin*, 518 U.S. 651, 661 (1996), the Court held that AEDPA did not affect petitions filed under § 2241. *See also Gray-Bey v. United States,* 209 F.3d 986, 990 (7th Cir. 2000); *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) ("changes made by the [AEDPA] do not apply to proceedings under § 2241"). *Jones* was careful to abide *Felker*: It confirmed that AEDPA "left the text of § 2255(e) unchanged," preserving the "pre-existing division of labor between §§ 2241 and 2255," and observed that Jones' petition was doomed under § 2255(h). *Jones,* 599 U.S. at 476–78. But it never applied § 2255(h) to his § 2241 petition, and it never found that AEDPA deprived federal courts of jurisdiction to review § 2241 petitions. It could not have done so without both overruling *Felker* (which it cited approvingly, *see Jones,* 588 U.S. at 491) and ignoring the plain language of §§ 2255(h) and 2244, neither of which contain the sort of clear statement sufficient to rescind jurisdiction, *Arbaugh,* 546 U.S. at 515; *Gonzalez v. Thaler*, 565 U.S. 134, 142

(2012), especially for claim-processing rules. *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *Santos-Zacaria v. Garland*, 598 U.S. 411, 418 (2023).

The best reading of *Jones* is that § 2255(h)'s restrictions on second- and-successive petitions apply only *after* a petition has been filed in the proper venue and under the proper statute—i.e., § 2255. *See Jones,* 599 U.S. at § II.B. Those restrictions cannot be applied to, and do not deprive a court of subject-matter jurisdiction over, a § 2241 petition. Any other reading of *Jones* would run afoul of *Felker,* 518 U.S. at 661, and circuit precedent. *See Gray-Bey,* 209 F.3d at 990; *Collins*, 510 F.3d at 667. It would also be at cross-purposes with multiple doctrines of interpretation, including that against inferring that Supreme Court precedent has been overruled by implication, *Agostini v. Felton*, 521 U.S. 203, 237 (1997), and those against reading jurisdictional language into opinions, *Arbaugh,* 546 U.S. at 515, and statutes. *Gonzalez*, 565 U.S. at 142.

But once §§ 2241(a) and 2255(e) are understood as venue-selection provisions, *Jones* and *Felker, Moore* and *Harris*, *Collins* and *Gray-Bey,* AEDPA and § 2241 all click into place. Everything "make[s] sense." *Moore*, 368 F.3d at 759.

### III. WAIVER AND FORFEITURE

This Court also cannot affirm on the basis of improper venue because of an additional, critical difference between subject-matter jurisdiction and venue: The latter can be waived or forfeited. Here, it was.

The requirement that the defendant raise improper venue—and sooner, rather than later—is codified. Fed. R. Civ. P. 12(h)(1)(B)(i), (ii); Fed. R. Civ. P. 12(b)(3). While a defendant need not lodge his objection to venue "at the earliest possible opportunity," he must raise it "early." *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.,* 364 F.3d 884, 887 (7th Cir. 2004). As a result, the defense can be either waived or forfeited. *Moore,* 368 F.3d at 758; *see also United States v. Doyle,* 693 F.3d 769, 771 (7th Cir. 2012) (waiver is the manifestation of an intention to decline to assert a right; forfeiture occurs via "accident, neglect, or inadvertent failure to timely assert").

The record supports a finding of waiver. While lodging an objection to this Circuit's § 2255(e) jurisprudence before the District Court, the government cited an opinion drawing the pertinent distinction. *See* DC ECF No. 11 at 6, n.5. (citing *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.,* 851 F.3d 1076, 1090 (11th Cir. 2017) (en banc) (section 2255

is a "venue provision[]")). And in its briefing in this Court, the government repeatedly demonstrated an understanding of that same distinction. *See, e.g.,* ECF No. 14 at 13, 17, 21, 22. Its decision not to preserve the defense was a knowing manifestation of its intention not to preserve the right.

If it did not waive that defense, the government forfeited it via "accident, neglect, or inadvertent failure to timely assert." *Doyle*, 693 F.3d at 771; *Moore,* 368 F.3d at 760. At no point in the proceedings below did the government challenge Mr. Agofsky's selection of the Southern District of Indiana as the venue for his § 2241 petition—not when he filed that petition in February of 2022, DC ECF No. 1; not in its responsive pleading, filed that March, *see* DC ECF No. 11; not when certiorari was granted in *Jones*, *Jones v. Hendrix*, 142 S. Ct. 2706 (May 16, 2022), nor when the Court issued its decision, *Jones,* 599 U.S. 465 (June 22, 2023); not when the District Court indicated an intention to dismiss the petition "for lack of subject-matter jurisdiction based on the reasoning set forth in *Jones*," DC ECF No. 16, nor following the entry of judgment on that basis in November of 2023, *see* Fed. R. Civ. P. 59(e). And if the deadline to raise improper venue had not passed by then, it was "forfeited when it was

14

omitted from the custodian's opening brief" on appeal. *See Moore*, 368 F.3d at 760. The law the government needed to assert that defense had been on the books for more than fifteen years. *Moore*, 368 F.3d at 760; *Harris*, 425 F.3d at 388. The government appears to have simply misapprehended the legal nature of its defense.

The consequences of that misapprehension are significant. They include not only the fact the government must now litigate in Indiana but also that it must proceed under § 2241. No meaningful distinction can be drawn between a forfeiture or waiver of § 2255(a), which says a federal prisoner "may" file in his district of conviction, and one of § 2255(e), which says he must file there unless the "remedy by motion is inadequate or ineffective." Section 2255(e) is the enforcement mechanism that mandates filing in the district of conviction for any claim that does not satisfy the safety valve. *Jones*, 599 U.S. at 474 (section 2255(e) "ma[d]e th[e] change of venue effective"). It would make no sense to allow the government to forfeit or waive the defense of improper venue while simultaneously allowing it to use the subsection that made venue mandatory as the basis for denying Mr. Agofsky's claim.

## IV.   TRANSFER AND THE EQUITIES

Had the government timely raised the defense of improper venue, Mr. Agofsky could have moved to transfer his petition to the Western District of Missouri. 28 U.S.C. § 1404(a). He likely would have succeeded, *see Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962); *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C. Cir. 1986) (Bork, J.) (transfer "is the usual practice" when a § 2241 petition is brought in the wrong venue), and, in so doing, would have retained his filing date. *Goldlawr,* 369 U.S. at 466; *Lafferty v. St. Riel,* 495 F.3d 72, 81 (3d Cir. 2007); DC ECF No. 1 (petition filed February 9, 2022); *Borden*, 593 U.S. 420 (June 10, 2021). Permitting the government to resurrect its improper-venue defense on appeal would leave Mr. Agofsky with no choice but to refile his petition in Missouri beyond the one-year deadline in § 2255(f)(3). He would then have to both overcome § 2255(f)(3) and show that § 2255(h)(2) violates the Eighth Amendment. Which is to say nothing of the administrative burdens visited on this Court and the District Court by the delay.

## CONCLUSION

A ruling in Mr. Agofsky's favor would serve many purposes. It would help district courts toe the oft-blurred line between subject-matter jurisdiction and venue in habeas proceedings, avoid undue prejudice to

petitioners who timely filed in reliance on this Circuit's precedent, and improve judicial economy by insisting on a cleaner way to triage habeas petitions: improper venue.

The Court should find that the District Court had subject-matter jurisdiction under § 1331, that the defense of improper venue has been waived or forfeited, and that, as a result, *Jones v. Hendrix* does not bar Mr. Agofsky's petition. It should remand the case so the District Court can consider the merits of Mr. Agofsky's underlying *Borden* claim in the first instance.

Respectfully submitted,

/s/ *Sam Welch*
Sam Welch
Assistant Federal Defender
David Zuckerman
Assistant Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

*Counsel for Petitioner/Appellant*
*Shannon Agofsky*

Dated: August 26, 2024

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 3,433 words. This motion was prepared using Microsoft Word for Office 365 software and, in making this certification, I have relied upon that software's word-count feature. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced, serif typeface (Century Schoolbook) in 14-point size. It complies with the typestyle requirements of Fed. R. App. P. 32(a)(6), because it has been set in plain, roman style.

/s/ *Sam Welch*
Sam Welch

Dated: August 26, 2024

# CERTIFICATE OF SERVICE

I, Sam Welch, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Sam Welch*
Sam Welch

Dated: August 26, 2024