# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| SHANNON WAYNE AGOFSKY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 24-1067 |
| | ) | |
| STEVE KALLIS, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

## RESPONDENT-APPELLEE KALLIS'S MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL BRIEF

Respondent-Appellee Steve Kallis ("the government") respectfully requests a three-week extension of time in which to file the government's supplemental brief. In support of this motion, undersigned counsel declares as follows:

1. The government's brief is currently due on October 4, 2024. The Court has granted no previous extensions of the time to file this brief. If the Court grants this motion, the government's brief would be due on October 25, 2024.

2. Following a jury trial in the United States District Court for the Western District of Missouri, Shannon Agofsky was convicted of conspiring to commit aggravated bank robbery, in violation of 18 U.S.C.

§§ 371 & 2113(a), (d), and (e); committing aggravated bank robbery—i.e., bank robbery by forced accompaniment and resulting in death—in violation of 18 U.S.C. § 2113(a), (d) and (e); and using a firearm during and in relation to a crime of violence—i.e., aggravated bank robbery—in violation of 18 U.S.C. § 924(c). The district court sentenced him to concurrent terms of 60 months and life imprisonment with respect to the conspiracy and bank robbery charges and a consecutive term of 60 months with respect to the Section 924(c) charge. The Eighth Circuit affirmed. *United States v. Agofsky*, 20 F.3d 866, 874 (8th Cir. 1994). Agofsky later made repeated unsuccessful attacks under 28 U.S.C. § 2255.

3. Agofsky subsequently murdered a federal inmate. *United States v. Agofsky*, 458 F.3d 369, 371 (5th Cir. 2006). Following a jury trial in the Eastern District of Texas, Agofsky was convicted of murder of a federal prisoner, in violation of 18 U.S.C. §§ 1111, 1118 (Count 1); and first-degree federal murder, in violation of 18 U.S.C. § 1111 (Count 2). *Ibid.* The district court imposed two sentences of death. *Ibid.* The Fifth Circuit vacated the sentences on double jeopardy grounds, the Government elected to proceed on the federal murder theory, and the

Fifth Circuit affirmed the remaining capital sentence. *Id.* at 372-73; *United States v. Agofsky*, 516 F.3d 280, 282-83, 285 (5th Cir. 2008). Agofsky awaits his execution in custody at the United States Penitentiary in Terre Haute, Indiana. No execution date has been set.

4.  Agofsky now challenges the dismissal by the court below of his petition for a writ of habeas corpus under 18 U.S.C. § 2241. He challenged his Western District of Missouri conviction under Section 924(c) on the ground that federal bank robbery cannot qualify as a crime of violence because it can be committed recklessly. *See generally Borden v. United States*, 593 U.S. 420 (2021). The government opposed relief.

5.  While the petition was pending below, the Supreme Court held that a prisoner may not rely on Section 2241 and the saving clause of Section 2255(e) to raise a claim based on an intervening change in statutory interpretation that would otherwise be barred by the limits on collateral attacks set out in Section 2255. *See Jones v. Hendrix*, 599 U.S. 465, 471 (2023). The district court, relying on *Jones* and *Hogsett v. Lillard,* 72 F.4th 819, 822 (7th Cir. 2023), dismissed Agofsky's petition for lack of subject-matter jurisdiction.

6. Agofsky appealed, arguing that the district court erred in failing to recognize a death-penalty exception to *Jones*. In his view (Agofsky Br. 15-30), the Eighth Amendment prohibits Congress from limiting his ability to rely on statutory developments to challenge his Section 924(c) conviction because it was later used as an aggravating factor in a separate capital case. Briefing completed on June 14, 2024.

7. On September 4, this Court granted Agofsky's motion to submit a supplemental brief asserting that the question at issue is one of venue and not subject-matter jurisdiction. *See* Agofsky Supp. Br. 1-2. The Court ordered the government to respond by October 4, 2024.

8. Undersigned counsel has been assigned to review the supplemental brief and to draft an appropriate response. Given the novelty of Agofsky's venue argument, undersigned counsel requires additional time to review the record, research the law, complete a draft, and seek the review of colleagues so that the final supplemental brief will best assist this Court in reaching a just and correct result.

9. Undersigned counsel has been simultaneously engaged in the ongoing litigation of other matters with proximate due dates. For example, on September 18, 2024, undersigned counsel submitted a

29,738-word consolidated brief in *United States v. Franklin, et al.*, 8th Cir. Nos. 23-3118, 23-3123, 32-3228 and 23-3280. Undersigned counsel also bears responsibility to prepare the government's response brief in *United States v. Penn*, 8th Cir. 23-1262 (due, after three extensions, on October 7, 2024). Lastly, undersigned counsel bears primary and ongoing responsibility for managing the government's response to Amendment 821 to the Sentencing Guidelines in the Western District of Missouri. At this time, undersigned counsel is currently tracking more than 500 defendants who have either filed motions for relief or are expected to be eligible for relief under Amendment 821.

10.     Counsel for Agofsky, David Zuckerman, does not oppose the relief requested in this motion.

Based on the foregoing reasons, the government respectfully requests a three-week extension of time, up to and including October 25, 2024, in which to file the government's brief.

I declare, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By     /s/ *J. Benton Hurst*

J. BENTON HURST
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri    64106
Telephone: (816) 426-3122

*Attorneys for Respondent-Appellee*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations in Fed. R. App. P. 27(d)(2)(A) and contains 884 words. This motion was prepared using Microsoft Word for Office 365 software. In making this certification I have relied upon the word-count feature of Microsoft Word for Office 365.

/s/ *J. Benton Hurst*
J. Benton Hurst
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

David Zuckerman
Assistant Federal Defender
Federal Community Defender's Office
    for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545
West Philadelphia, PA 19106

*Attorney for Appellant*

/s/ *J. Benton Hurst*
J. Benton Hurst
Assistant United States Attorney