No. 24-1067

## In the
## United States Court of Appeals
## for the Seventh Circuit

SHANNON WAYNE AGOFSKY,

*Petitioner-Appellant,*

v.

STEVEN MERENDINO, Warden,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 2:22-cv-00049 — Hon. James R. Sweeney, II, *Judge.*

## SUPPLEMENTAL BRIEF FOR THE RESPONDENT-APPELLEE

ZACHARY A. MYERS
United States Attorney

J. BENTON HURST
Special Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
john.hurst@usdoj.gov

*Attorneys for Respondent-Appellee*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS............................................................................. i

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT ..........................................................................................1

The district court correctly concluded that Section 2255(e) bars
Agofsky's claim.................................................................................1

    1.    Section 2255(e) is a restriction on subject-matter
       jurisdiction ......................................................................2

    2.    Even if Section 2255(e) may be waived or forfeited, it was
       not in this case ...................................................................9

        a.    The government did not waive or forfeit reliance on
           Section 2255(e) ...........................................................9

        b.    Agofsky's arguments to the contrary lack merit...... 11

CONCLUSION...................................................................................... 18

CERTIFICATE OF COMPLIANCE IN ACCORDANCE WITH
CIRCUIT RULE 32............................................................................ 19

CERTIFICATE OF SERVICE.............................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Cases</u>

*Abernathy v. Wandes*, 713 F.3d 538 (10th Cir. 2013) ........................ 6, 16

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)...................................... 2, 8

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) .............. 14

*Blitch v. United States*, 39 F.4th 827 (7th Cir. 2022) ......................... 5, 6

*Borden v. United States*, 593 U.S. 420 (2021) ....................................... 18

*Burton v. Stewart*, 549 U.S. 147 (2007) ......................................................5

*Cephas v. Nash*, 328 F.3d 98 (2d Cir. 2003) ..............................................5

*Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003) ..................................6

*Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001) .........................................6

*Gonzalez v. Thaler*, 565 U.S. 134 (2012)...................................... 2, 3, 7, 8

*Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005).......................... 7, 10, 11

*Harrison v. Ollison*, 519 F.3d 952 (9th Cir. 2008) ............................ 6, 13

*Hicks v. Stancil*, 642 Fed. Appx. 620 (7th Cir. 2016)..............................8

*Hogsett v. Lillard*, 72 F.4th 819 (7th Cir. 2023)................................ 4, 14

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998) .................................. 4, 12

*Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021) .......................... 6, 9, 13, 16

*Jones v. Hendrix*, 599 U.S. 465 (2023) ................................. 1, 4, 6, 14, 16

*Kramer v. Olson*, 347 F.3d 214 (7th Cir. 2003) ........................................6

*McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) .......................................................... 6, 9, 13, 15, 16

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) .................................................3

*Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004)............................. 10, 11, 17

*Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996) ................................6

*Palacios v. Spencer*, 906 F.3d 124 (D.C. Cir. 2018)................................ 15

*Prevatte v. Merlak*, 865 F.3d 894 (7th Cir. 2017) ............................... 8, 12

*Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) ............................... 9, 16

*Rumsfeld v. Padilla*, 542 U.S. 426 (2004)............................................ 13

*Santos-Zacaria v. Garland*, 598 U.S. 411 (2023) ....................................3

*Sperberg v. Marberry*, 381 F. App'x 602 (7th Cir. 2010)........................ 11

*Stanko v. Holder*, 394 F. App'x 717 (D.C. Cir. 2010) ......................... 6, 14

*Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021)................................ 5, 6, 8

*United States v. Bevly*, 110 F.4th 1043 (7th Cir. 2024) ......................... 18

*United States v. Cyprian*, 23 F.3d 1189 (7th Cir. 1994) ...........................9

*United States v. Hohri*, 482 U.S. 64 (1987) .......................................... 15

*United States v. Rivers*, 108 F.4th 973 (7th Cir. 2024) ............................7

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018)................. 6, 8, 13

*United States v. Wong*, 575 U.S. 402 (2015) ...................................... 2, 3

*Voneida v. Johnson*, 88 F.4th 233 (3d Cir. 2023) ...................................5

*Webster v. Caraway*, 761 F.3d 764 (7th Cir. 2014)..................................8

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) ....................................8

*Wilkins v. United States*, 598 U.S. 152 (2023) ..................................... 2, 4

## <u>Statutes</u>

18 U.S.C. § 3231 .............................................................................7

28 U.S.C. § 1331 .............................................................................7

28 U.S.C. § 1346 ........................................................................... 15

28 U.S.C. § 1491 ........................................................................... 15

28 U.S.C. § 2241 ......................................................................... 1, 16

28 U.S.C. § 2253 ........................................................................ 3, 7, 8

28 U.S.C. § 2255 ...................................................................... 1, 4, 10

## <u>Rules</u>

Fed. R. App. P. 43 .........................................................................1

Fed. R. Civ. P. 81 ......................................................................... 13

## ARGUMENT

### The district court correctly concluded that Section 2255(e) bars Agofsky's claim.

Shannon Agofsky seeks a writ of habeas corpus under 28 U.S.C. § 2241 to vacate a Western District of Missouri firearm conviction. Doc. 1.[1]

Section 2241 permits district courts to grant writs of habeas corpus "within their respective jurisdictions." It allows a prisoner to challenge his *detention*, for example, by challenging the denial of parole or good-time credits. *Jones v. Hendrix*, 599 U.S. 465, 475 (2023). Such petitions are filed in the district of confinement. *See id.* at 474.

A prisoner challenging his *sentence*, as Agofsky does, must seek relief under 28 U.S.C. § 2255 in his sentencing court. *See ibid.*; *see also* Gov. Brf. 15-16. Section 2255(e) makes that venue mandatory by stating that habeas claims "shall not be entertained" unless Section 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e); *Jones*, 599 U.S. at 474. Section 2255(e) bars Agofsky's petition. *See* Gov. Brf. 19-20.

Agofsky earlier sought to avoid Section 2255(e) by invoking its "saving clause"—its exception for when Section 2255 is "inadequate or ineffective."

---

[1]Steven Merendino has assumed the position of Warden of USP Terre Haute, and the government requests his substitution for previous warden Steve Kallis in this matter. *See* Fed. R. App. P. 43(c); Circuit R. 43.

Doc. 1 at 22-27; Doc. 12 at 1-2; Doc. 19 at 1-6; Agofsky Opening Brf. 14-30; Reply Brf. 14-15.

Agofsky's supplemental brief does not pursue that argument. Instead, it contends that Section 2255(e) is a waivable venue provision that the government insufficiently invoked. Agofsky's claim lacks merit: Section 2255(e)'s restriction was not just preserved for review—it is unwaivable.

*1. Section 2255(e) is a restriction on subject-matter jurisdiction.*

Agofsky errs when he argues that Section 2255(e) is a waivable venue restriction. To the contrary, it is a nonwaivable restriction on the district court's subject-matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited.").

a. A restriction is jurisdictional if Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006). Congress need not "incant magic words." *United States v. Wong*, 575 U.S. 402, 410 (2015) (quotation omitted). "But traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Ibid.*

"[L]imits on the classes of cases a court may entertain" are jurisdictional. *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (quotation omitted). A jurisdictional limitation speaks to a "court's power," *see Wong*,

575 U.S. at 410, and "sets the bounds of the court's adjudicatory authority," *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (quotation omitted).

For example, 28 U.S.C. § 2253(b), which states that "[t]here shall be no right of appeal from a final order in a proceeding to test" certain removal and detention orders, "limits jurisdiction over a particular type of final order," *Thaler*, 565 U.S. at 140. Likewise, Section 2253(c)(1), which states that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals" limits jurisdiction. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

By contrast, claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Santos-Zacaria*, 598 U.S. at 416 (quotation omitted). Limits that speak "only to a claim's timeliness, not to a court's power" are not jurisdictional. *See Wong*, 575 U.S. at 410.

Similarly, statutes that set forth the elements of a claim are not jurisdictional. For example, Section 2253(c)(2), which provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right" is not jurisdictional. *See Thaler*, 565 U.S. at 143.

b. Section 2255(e) is jurisdictional. It states that a federal prisoner's petition "shall not be entertained" unless the saving clause applies. 28 U.S.C. § 2255(e).

First, "*Jones* holds that federal courts lack jurisdiction to consider habeas petitions filed by federal prisoners" who cannot satisfy the saving clause. *Hogsett v. Lillard*, 72 F.4th 819, 821-22 (7th Cir. 2023); *see Jones*, 599 U.S. at 471, 492 (affirming dismissal for lack of subject-matter jurisdiction).

Following *Jones*, this Court has held that Section 2255(e) is jurisdictional. *Hogsett*, 72 F.4th at 821-22. Hogsett invoked the saving clause based on an intervening change in statutory interpretation. *See Hogsett*, 72 F.4th at 821. Prior to *Jones*, the district court denied the claim on the merits because Hogsett could not satisfy *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), this Court's then-prevailing interpretation of the saving clause. *See Hogsett*, 72 F.4th at 821-22. But *Jones* abrogated *Davenport* and changed the resolution of the case: where the district court denied Hogsett's petition on the merits, *Jones* required the court to dismiss the petition for lack of jurisdiction. *Id.* at 822.

Second, treating Section 2255(e)'s command that habeas petitions "shall not be entertained" as a jurisdictional limit accords with the Supreme Court's recent instructions. *See Wilkins*, 598 U.S. at 157 (subject-matter

jurisdiction limits "the classes of cases a court may entertain" (quotation omitted)). "Entertaining a legal claim—declaring the law, applying the law to the facts, and issuing a judgment—is exactly what it means to exercise jurisdiction." *Taylor v. Owens*, 990 F.3d 493, 497 (6th Cir. 2021). Section 2255(e)'s prohibition on entertaining certain claims "is a clear limitation of subject-matter jurisdiction" *Id.* at 498.

Moreover, "section 2255(e)'s focus on *courts* favors treating the command as jurisdictional." *Taylor*, 990 F.3d at 497. It does not speak to litigants, as a claim-processing rule might, nor does it condition the grant of a remedy, as a merit requirement might. *See ibid.*

Indeed, it would be anomalous for Congress to impose jurisdictional limits on second and successive collateral attacks under Section 2255, *see Blitch v. United States*, 39 F.4th 827, 832 (7th Cir. 2022) (treating certification requirement of Section 2255(h) as jurisdictional); *see also Burton v. Stewart*, 549 U.S. 147, 149, 153 (2007) (per curiam) (construing parallel limitations on second or successive collateral attacks on state judgments as jurisdictional), while imposing only non-jurisdictional limits on habeas petitions that prisoners substitute for such attacks.

Third, nine other courts of appeals treat Section 2255(e) as a jurisdictional limit. *See Cephas v. Nash*, 328 F.3d 98, 103-04 (2d Cir. 2003); *Voneida v. Johnson*, 88 F.4th 233, 235-36 & n.1, 239 (3d Cir. 2023);

*United States v. Wheeler*, 886 F.3d 415, 423-26 (4th Cir. 2018); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003); *Taylor*, 990 F.3d at 497-99; *Jones v. Hendrix*, 8 F.4th 683, 686 (8th Cir. 2021), *aff'd*, 599 U.S. at 471, 492; *Harrison v. Ollison*, 519 F.3d 952, 961 (9th Cir. 2008); *Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1080 (11th Cir. 2017) (en banc); *see also Stanko v. Holder*, 394 F. App'x 717 (D.C. Cir. 2010), *aff'g*, 10-cv-0708, 2010 WL 1881878, at *1 (D.D.C. May 5, 2010) (dismissing for lack of jurisdiction).

In addition, although it did not acknowledge doing so, *Hogsett* acted consistently with earlier precedent of this Court. For example, *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001), treated Section 2255(e) as a jurisdictional limitation. *Id.* at 921 (recognizing that "two consequences follow" from a successful invocation of the saving clause: "first, the district court had jurisdiction to consider his habeas petition under § 2241, and second, the proper court in which to file the case was the one encompassing the district of confinement (*i.e.*, Southern Indiana), not the district where the case was tried"); *see Kramer v. Olson*, 347 F.3d 214, 217, 219 (7th Cir. 2003) (per curiam) (affirming dismissal for lack of jurisdiction of a habeas petition that failed to satisfy the saving clause). *Hogsett* also accords with this Court's approach to Section 2255(h)'s certification requirement. *Blitch*, 39 F.4th at 832; *see Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

-6-

c.     True, this Court has not consistently followed this approach. In a case that postdates *Garza*, *Kramer*, and *Nunez* and predates the Supreme Court's recent attempts to "bring some discipline to the use of the term jurisdictional," *Thaler*, 565 U.S. at 141 (quotation omitted), this Court wrote that Section 2255(e)

> does not diminish the district court's subject-matter jurisdiction, which rests on 28 U.S.C. § 1331 because the claim arises under federal law. Sections 2241 and 2255 deal with remedies; neither one is a jurisdictional clause. (Jurisdiction to resolve claims under § 2255, which technically are motions in the criminal prosecution, comes from 18 U.S.C. § 3231.)

*Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005).

*Harris*'s rationale has been undermined by the Supreme Court. This Court gives "considerable weight to prior decisions of this court unless and until they have been overruled or undermined by the decisions of a higher court" or other supervening developments. *United States v. Rivers*, 108 F.4th 973, 979 (7th Cir. 2024) (quotation omitted). "A decision from the Supreme Court need not be directly on point. Even an intervening Supreme Court decision that displaces the rationale of our precedent counts as a compelling reason to overturn circuit precedent." *Ibid.* (quotation omitted).

*Harris* failed to recognize that Section 2255(e) limits courts' power to entertain cases—the defining feature of statutes, such as Section 2253(b) and 2253(c)(1), that the Supreme Court recognized as jurisdictional.

*See Thaler*, 565 U.S. at 140-42. It erred in looking to general grants of jurisdiction, such as the federal-question statute, while failing to recognize that Section 2255(e) provides an exception to those grants. *See Thaler*, 565 U.S. at 142 (recognizing that Section 2253(b) operates as a "clear limit" on the grant of jurisdiction in Section 2253(a)); *Arbaugh*, 546 U.S. at 515 n.11 (recognizing that Congress has occasionally used one provision to restrict jurisdiction granted by another); *Taylor*, 990 F.3d at 499 (providing other examples). *Harris* cannot be reconciled with the Supreme Court's more recent approach. *See Wheeler*, 886 F.3d at 425-26.[2]

*       *       *

*Hogsett* correctly recognized that a petition that does not satisfy the saving clause should be dismissed for lack of subject-matter jurisdiction, and the district court correctly followed that instruction here.

---

[2]This Court has repeated the holding of *Harris* without reconsidering its analysis. *See, e.g.*, *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017); *Hicks v. Stancil*, 642 Fed. Appx. 620, 621-22 (7th Cir. 2016) (unpublished order). And in a since-vacated opinion, a panel of this Court declined to reconsider *Harris*. *See Webster v. Caraway*, 761 F.3d 764, 768-70 (7th Cir. 2014), *vacated sub nom. Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). That discussion was not repeated by the Court en banc.

2. *Even if Section 2255(e) may be waived or forfeited, it was not in this case.*

a. The government did not waive or forfeit reliance on Section 2255(e).

First, the district court dismissed Agofsky's petition because it did not satisfy the restriction of Section 2255(e) as interpreted by *Jones*, Docs. 16, 20, and therefore the government's reliance on that restriction was neither waived nor forfeited, *see United States v. Cyprian*, 23 F.3d 1189, 1195 (7th Cir. 1994). The district court recognized that a prisoner wishing to challenge his conviction must "proceed under § 2255 in the district of conviction—not under § 2241 in the district of incarceration." *See* Doc. 20 at 1.

Second, the government argued below that, properly understood, Section 2255(e) barred Agofsky's petition. Doc. 11 at 5 n.4. It wrote that "a prisoner who has already unsuccessfully sought relief under § 2255 cannot establish his eligibility to file a habeas petition under the saving clause to assert a statute challenge to his judgment on a ground that was cognizable in his initial § 2255 motion." *Ibid.* "Application of the saving clause in that circumstance," it wrote, "would circumvent Congress's express limitations under § 2255(h) of second or successive motions to cases involving newly discovered evidence or new rules of constitutional law made retroactive on collateral review by the Supreme Court." *Ibid.* (citing *Jones*, 8 F.4th at 687; *McCarthan*, 851 F.3d at 1085-92; *Prost v. Anderson*, 636 F.3d 578, 584, 590

-9-

(10th Cir. 2011) (Gorsuch, J.)). The government acknowledged this Court's then-contrary precedent but "respectfully note[d] its disagreement in the event of further review." *Id.* at 4-5 & nn.3-4. The government further explained that a motion under Section 2255 must be filed in the sentencing court. *Id.* at 4.

Third, the government's brief on appeal argues that Section 2255(e) bars Agofsky's petition: "Section 2255(e) generally bars a court from considering a federal prisoner's petition for a writ of habeas corpus," though it contains a saving clause that, the government contends, does not apply here. *Id.* at 17-20. Section 2255 requires "a prisoner seeking to challenge his conviction or sentence to file his motion in his sentencing court." *Id.* at 15.

This case differs from *Harris*, where the government "did not invoke [Section 2255(e)] in the district court." 425 F.3d at 388. It differs from *Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004), where the prisoner's Kansas custodian failed to contest on appeal an Illinois district court's adjudication of the prisoner's petition despite Section 2241's requirement that courts grant writs "within their respective jurisdictions." *Id.* at 758-60. Here, the government raised Section 2255(e) in the district court, the district court rejected Agofsky's petition on that ground, and the government defended that decision in its opening brief on appeal.

b.      Agofsky's arguments to the contrary lack merit.

In Agofsky's view, reliance on Section 2255(e)'s bar is not enough to preserve it for appeal; one must also identify it as a "venue" restriction.

i.      Even if this Court does not agree that Section 2255(e) is jurisdictional, Agofsky has failed to show that it is solely a restriction on venue. His reliance on *Moore* is unavailing: *Moore* characterizes Section 2241's limitation that district courts issue writs of habeas corpus only "within their respective jurisdictions" as one of venue, 368 F.3d at 759-60, but it does not analyze Section 2255(e).

*Harris* does not hold that Section 2255(e) is solely a venue provision either. To the contrary, it suggests that Section 2255(e) is at least partially a condition on the grant of a remedy. *See Harris*, 425 F.3d at 388 (observing that "Sections 2241 and 2255 deal with remedies" and that a failure to satisfy Section 2255(e) is a "substantive shortcoming[]"); *Sperberg v. Marberry*, 381 F. App'x 602, 602 (7th Cir. 2010) (unpublished order) ("Whether a proceeding is allowable under § 2255(e) is a question on the merits; it does not affect subject-matter jurisdiction."). While *Harris*'s reliance on *Moore* suggests that Section 2255 may have a venue component, 425 F.3d at 388, a fair reading of the case cannot avoid the conclusion that Section 2255(e) has a substantive component as well.

None of the cases Agofsky cites (Agofsky Supp. Brf. 5-6) as "appl[ying]" *Harris* and *Moore* advances his position that Section 2255(e) is solely a "venue" restriction that may be waived by failure to refer to it as such. Indeed, with two exceptions, the cases do not even address the circumstances under which Section 2255(e) permits Section 2241 petitions.

The first exception, *Prevatte v. Merlak*, 865 F.3d 894 (7th Cir. 2017), supports the view that Section 2255(e) operates as a limitation on the merits, rather than solely as a "venue" restriction. *Prevatte* held that a prisoner failed to satisfy the saving clause. *Id.* at 900. The district court there, like the district court here, had dismissed the petition without prejudice for lack of subject-matter jurisdiction. *Id.* at 900-01. Relying on *Harris*, *Prevatte* held this was error. *Id.* at 901. But it did not grant the prisoner a windfall by remanding for consideration of the underlying claim, as Agofsky suggests here (Agofsky Supp. Brf. 15-17). Instead, it remanded with instructions "to modify the judgment to reflect that the dismissal is with prejudice pursuant to" Section 2255(e). *Ibid.* If the Court finds error in the district court's characterization of its ruling here, it should follow *Prevatte* and instruct the court to dismiss Agofsky's petition with prejudice.[3]

---

[3]The second exception is *Davenport*, 147 F.3d at 609, which does discuss Section 2255(e), but that case does not cite either *Moore* or *Harris* and its analysis of the saving clause was abrogated by *Jones*.

Agofsky notes (Agofsky Supp. Brf. 6) that Justice Kennedy's concurring opinion in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), cites *Moore*, but he errs in appending this parenthetical: "sections 2241 and 2255 are 'not jurisdictional in the sense of a limitation on subject-matter jurisdiction,' but rather in the sense of 'personal jurisdiction or venue.'" *Rumsfeld* addressed Section 2241, not Section 2255, and Justice Kennedy makes clear that he is discussing Section 2241 when he writes "the question of the proper location *for a habeas petition* is best understood as a question of personal jurisdiction or venue." 542 U.S. at 451 (Kennedy, J., concurring) (emphasis supplied). Nowhere does Justice Kennedy subscribe to the same view of Section 2255; indeed, he refers to Section 2255 only (and tangentially) when he quotes Federal Rule of Civil Procedure 81(a)(2), which refers to the Rules Governing Section 2254 Cases and Section 2255 Proceedings. *Id.* at 452-53. And the majority opinion, to which Justice Kennedy did subscribe, recognized Section 2255 as an *exception* to Section 2241's venue requirement. *Id.* at 443.

None of the out-of-circuit cases on which Agofsky relies (Agofsky Supp. Brf. 6) treats Section 2255(e) as a venue provision; indeed, none cites Section 2255 at all. Moreover, nearly every court he cites treats Section 2255(e) as jurisdictional. *See Wheeler*, 886 F.3d at 425-26 (4th Cir.); *Jones*, 8 F.4th at 686 (8th Cir.); *Harrison*, 519 F.3d at 961 (9th Cir.); *McCarthan,* 851 F.3d at 1080 (11th Cir.). The only exception—the D.C.

Circuit—has not addressed the question in a published opinion but has affirmed an order treating Section 2255(e) as jurisdictional. *Stanko*, 394 Fed. Appx. 717, at *1.

Nor does *Jones* endorse Agofsky's approach, *contra* Agofsky Supp. Brf. 7-12. *Jones* affirmed the dismissal of the prisoner's Section 2241 petition for lack of subject-matter jurisdiction. 599 U.S. at 471, 492. This Court then wrote that "*Jones* holds that federal courts lack jurisdiction to consider habeas petitions filed by federal prisoners" who cannot satisfy the saving clause. *Hogsett*, 72 F.4th at 822.

Agofsky dismisses *Jones* as a "drive-by jurisdictional ruling," Agofsky Supp. Brf. 10, but the Supreme Court has an obligation to examine its own jurisdiction and that of the courts below it, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), and this Court should reject Agofsky's invitation to treat the Supreme Court's resolution of *Jones* as "inconsequential," Agofsky Supp. Brf. 9. At the least, *Jones*'s resolution counsels against drawing the opposite inference that Section 2255(e) is nothing more than a venue limitation.

Finally, Agofsky asserts that the government "appears to adopt these distinctions" because it "repeatedly characterizes the relevant statutes as special venue provisions." Agofsky Supp. Brf. 6. Agofsky is wrong. While the

government agrees that both statutes prescribe venues for the causes they authorize, Section 2255(e) nevertheless bars his Section 2241 petition.

Congress may both prescribe a certain court (a "venue" or "forum," colloquially) to resolve a claim and proscribe other courts from exercising jurisdiction over that claim. For example, the Tucker Act, 28 U.S.C. §§ 1346, 1491, directs contract suits against the United States seeking more than $10,000 in damages to the Court of Federal Claims, *see United States v. Hohri*, 482 U.S. 64, 66 n.1, 72 (1987), while denying other courts subject-matter jurisdiction over those claims, *see Palacios v. Spencer*, 906 F.3d 124, 126-27 & n.2 (D.C. Cir. 2018). Similarly, the government's acknowledgment that Section 2255 directs certain challenges to the sentencing court is consistent with its view that the court below lacked jurisdiction to consider Agofsky's petition.

ii.    Agofsky is also wrong in his contention that the government waived reliance on Section 2255(e) by citing *McCarthan*, 851 F.3d 1076.

First, the government cited *McCarthan* to support the proposition that the saving clause does not permit claims like Agofsky's. Doc. 11 at 5 n.4. Its statement cannot be interpreted as a concession that Section 2255(e) is a venue provision, much less as an intention to waive it.

Second, the government's citations (*McCarthan* included) support the view that Section 2255(e) is a jurisdictional limitation. *Jones* affirmed the

dismissal of a habeas petition for lack of subject-matter jurisdiction based on Section 2255(e), 8 F.4th at 686—a holding the Supreme Court affirmed, 599 U.S. at 471, 492. Likewise, *Prost* recognized that the normal response to a Section 2241 petition that is barred by Section 2255(e) is to dismiss it without prejudice, 636 F.3d at 581—a result consistent with that court's view that Section 2255(e) is jurisdictional, *Abernathy*, 713 F.3d at 557-58. And *McCarthan* stated that "[t]he district court could have exercised jurisdiction over McCarthan's petition only if it fell within the saving clause of section 2255(e)," 851 F.3d at 1080, and described the question as requiring a "threshold jurisdictional analysis," *id.* at 1099.

True, *McCarthan* acknowledged that Section 2255 requires a prisoner seeking to challenge his conviction or sentence to file his motion in a particular "venue." *See* 851 F.3d at 1082, 1088-90. As explained above, Congress may direct a claim to a particular court while denying other courts power to hear it. Given *McCarthan*'s treatment of the Section 2255(e) limitation as a limit on the district court's jurisdiction, 851 F.3d at 1080, this is the best interpretation of its reference to "venue."

iii. Agofsky likewise errs in his suggestion that the government forfeited its reliance on Section 2255(e) by "misapprehend[ing] the legal nature of its defense." Agofsky Supp. Brf. 14-15. Agofsky appears to argue

that the government fails to invoke Section 2255(e) if it does not specifically identify it as a "venue" provision.

*Moore* suggests the opposite approach. In *Moore*, the custodian "contested jurisdiction vigorously in the district court" but "ignored that subject on appeal." *Id.* at 758. This Court ultimately concluded the issue was one of venue, rather than jurisdiction, and that "the issue of venue was forfeited *when it was omitted from the custodian's opening brief.*" *Id.* at 759-60 (emphasis supplied). If failure to characterize the restriction as one on venue forfeited the defense, the custodian would have forfeited venue when he contested jurisdiction (but not venue) in the district court. It was the custodian's failure raise the issue *at all* in its opening brief on appeal that resulted in forfeiture, *see id.* at 760, rather than his failure to object to venue in the district court.

*     *     *

The district court held that Section 2255(e) prohibits Agofsky from proceeding under Section 2241 because he cannot satisfy the saving clause. Whether the district court erred in that ruling is the subject of the parties' earlier briefs.

Agofsky now seeks a windfall on the theory that the district court (and the government) failed to describe Section 2255(e) as a "venue" provision. No talismanic incantations are required to invoke Section 2255(e).

-17-

The district court addressed and correctly resolved its application here, and this Court should affirm.[4]

## CONCLUSION

This Court should affirm the judgment of the district court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By    /s/ *J. Benton Hurst*

J. BENTON HURST
Special Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri  64106
Telephone: (816) 426-3122
john.hurst@usdoj.gov

*Attorneys for Respondent-Appellee*

---

[4]If this Court holds that Section 2255(e) is not jurisdictional, it may choose to assume without deciding that Agofsky can overcome its restriction and simply reject his claim on the merits, as the government will explain in a forthcoming letter discussing *United States v. Bevly*, 110 F.4th 1043, 1048-49 (7th Cir. 2024) ("*Borden* [*v. United States*, 593 U.S. 420 (2021)] has no effect here. The crime of bank robbery requires intentional conduct.").

**CERTIFICATE OF COMPLIANCE IN ACCORDANCE WITH
CIRCUIT RULE 32**

The foregoing SUPPLEMENTAL BRIEF FOR THE RESPONDENT-APPELLEE complies with the type-volume limitations required under Federal Rule of Appellate Procedure 32 and Circuit Rule 32 of the United States Court of Appeals for the Seventh Circuit, as modified by this Court's grant of Agofsky's motion for leave to file a supplemental brief, in that there are not more than 4,000 words and that there are 3,955 words typed in Microsoft Word word-processing this 25th day of October, 2024.

/s/ *J. Benton Hurst*
J. Benton Hurst
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on October 25, 2024, I electronically filed the foregoing SUPPLEMENTAL BRIEF FOR THE RESPONDENT-APPELLEE with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to the following:

David Zuckerman
Sam Welch
Federal Community Defender Office
    for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545
West Philadelphia, PA 19106

*Attorneys for Petitioner-Appellant*

/s/ *J. Benton Hurst*

J. Benton Hurst
Special Assistant United States Attorney