

**U. S. Department of Justice**

*Zachary A. Myers*
*United States Attorney*
*Southern District of Indiana*

| | |
|---|---|
| *J. Benton Hurst* | *United States Attorney's Office* |
| *Special Assistant United States Attorney* | *Charles Evans Whittaker Courthouse* |
| *Email: john.hurst@usdoj.gov* | *400 East 9th Street, Suite 5510*     (816) 426-3122 |
| | *Kansas City, Missouri 64106*     FAX (816) 426-5186 |

October 30, 2024

Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois  60604

      Re:    *Shannon Wayne Agofsky v. Steven Merendino, Warden*
               Case No. 24-1067
               Rule 28(j) Letter

Dear Mr. Conway:

Shannon Agofsky seeks vacatur of his conviction under 18 U.S.C. § 924(c) on the theory that bank robbery in violation of 18 U.S.C. § 2113(a) may be committed recklessly and therefore does not qualify as a Section 924(c) crime of violence. *See* Agofsky Opening Br. 30-36. *See generally Borden v. United States*, 593 U.S. 420, 429 (2021) (plurality opinion); *id.* at 446 (Thomas, J., concurring).

*United States v. Bevly*, 110 F.4th 1043 (7th Cir. 2024), confirms that bank robbery remains a crime of violence: "*Borden* has no effect here. The crime of bank robbery requires intentional conduct." *Id.* at 1048. This Court relied on the Supreme Court's holding that Section 2113(a) "requires proof of '*general intent*—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation).'" *Ibid.* (quoting *Carter v. United States*, 530 U.S. 255, 268 (2000)). While *Bevly* concerned U.S.S.G. § 4B1.2(a)(1), this Court has interpreted the relevant clause of Section 924(c) similarly. *See United States v. Williams*, 864 F.3d 826, 829-30 (7th Cir. 2017) (§ 924(c)); *United States v. Campbell*, 865 F.3d 853, 856-57 (7th Cir. 2018) (applying *Williams* to § 4B1.2(a)(1)).

Instead of acknowledging *Carter*, Agofsky asks this Court to remand on the theory that applying the modified categorical approach requires a "fact-intensive, record-based, inquiry." Reply Br. 2-3, 24-25. To the contrary, "questions of divisibility and application

of the categorical approach are purely legal questions." *Vurimindi v. Attorney General United States*, 46 F.4th 134, 140 (3d Cir. 2022); *see Ortiz v. Lynch*, 796 F.3d 932, 937 (8th Cir. 2015) (finding remand to apply modified categorical approach unnecessary where "[t]he record before us already contains the relevant records"). The relevant materials are in the record, *see* Gov. Br. 43-44, 49-50, and remand would serve no purpose other than delay.

If this Court concludes that Section 2255(e) is not a jurisdictional limitation, it may resolve this case on the ground recognized by *Bevly*: bank robbery is now, as it was before, a crime of violence.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

/s/ *J. Benton Hurst*

J. BENTON HURST
Special Assistant United States Attorney

*Attorneys for Respondent-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system.

/s/ *J. Benton Hurst*
J. Benton Hurst
Special Assistant United States Attorney