

# EXHIBIT A

# 7 USCS § 2707

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 7. AGRICULTURE (Chs. 1 — 116)  >  CHAPTER 60. EGG RESEARCH AND CONSUMER INFORMATION (§§ 2701 — 2718)*

## § 2707. Required terms and conditions in orders

Orders issued pursuant to this Act [*7 USCS §§ 2701* et seq.] shall contain the following conditions:

**(a) Egg Board; establishment; appointment and terms of membership; powers and duties.** Providing for the establishment and appointment, by the Secretary, of an Egg Board which shall consist of not more than twenty members, and alternates therefor, and defining its powers and duties which shall include only the powers (1) to administer such order in accordance with its terms and provisions, (2) to make rules and regulations to effectuate the terms and provisions of such order, (3) to receive, investigate and report to the Secretary complaints of violations of such order, and (4) to recommend to the Secretary amendments to such order. The term of an appointment to the Egg Board shall be for two years with no member serving more than three consecutive terms, except that initial appointment shall be proportionately for two-year and three-year terms.

**(b) Composition of Board.**   Providing that the Egg Board, and alternates therefor, shall be composed of egg producers or representatives of egg producers appointed by the Secretary from nominations submitted by eligible organizations, associations, or cooperatives, and certified pursuant to section 16 [*7 USCS § 2715*], or, if the Secretary determines that a substantial number of egg producers are not members of or their interests are not represented by any such eligible organizations, associations or cooperatives, then from nominations made by such egg producers in the manner authorized by the Secretary, so that the representative of egg producers on the Board shall reflect, to the extent practicable, the proportion of eggs produced in each geographic area of the United States as defined by the Secretary: *Provided, howeve* r, That each such egg producing geographic area shall be entitled to at least one representative on the Egg Board; *Provided further* , That two members of the Egg Board, and alternates therefor, shall be consumers or representatives of consumers, if approved by egg producers voting in a referendum on an amendment to the order. Such consumer appointments shall be made by the Secretary from nominations submitted by eligible organizations. If the Secretary determines that such nominees are not members of either a bona fide consumer organization or do not represent consumers, the Secretary may appoint such consumers or representatives of consumers as deemed necessary to properly represent the interest of consumers. Consumer members of the Egg Board shall be voting members.

**(c) Advertising, sales promotion, consumer education, and research and development plans or projects; development and submittal to Secretary by Board.**   Providing that the Egg Board shall, subject to the provisions of subsection (g) of this section, develop and submit to the Secretary for his approval any advertising, sales promotion, consumer education, research, and development plans or projects, and that any such plan or project must be approved by the Secretary before becoming effective.

**(d) Budgets; submittal to Secretary by Board.**   Providing that the Egg Board shall, subject to the provisions of subsection (g) of this section, submit to the Secretary for his approval budgets on a fiscal period basis of its anticipated expenses and disbursements in the administration of the order, including probable costs of advertising, promotion, consumer education, research, and development projects. In preparing a budget for each of the 1994 and subsequent fiscal years, the Egg Board shall, to the maximum extent practicable, allocate a proportion of funds for research projects under this Act [*7 USCS §§ 2701* et seq.] that is comparable to the proportion of funds that were allocated for research projects under this Act [*7 USCS §§ 2701* et seq.] in the budget of the Egg Board for fiscal year 1993.

**(e) Assessment payments by egg producers to egg handlers; implementation pursuant to order of Board; determination of amount; collection of assessment; rate limitation; maintenance of suit for collection.**

   **(1)**  Providing that each egg producer shall pay to the handler of eggs designated by the order of the Egg Board pursuant to regulations issued under the order, an assessment based upon the number of cases of commercial eggs handled for the account of such producer, in the manner as prescribed by the order, for such expenses and expenditures—including provision for a reasonable reserve and those administrative costs incurred by the Department after an order has been promulgated under this Act [*7 USCS §§ 2701* et seq.]—as the Secretary finds are reasonable and likely to be incurred by the Egg Board under the order during any period specified by him. Such handler shall collect such assessment from the producer and shall pay the same to the Egg Board in the manner as prescribed by the order.

   **(2)**

      **(A)**  The assessment rate shall be prescribed by the order. The rate shall not exceed 20 cents per case (or the equivalent of a case) of commercial eggs.

      **(B)**  The order may be amended to increase the rate of assessment if the increase is recommended by the Egg Board and approved by egg producers in a referendum conducted under section 9(b) [*7 USCS § 2708(b)*].

      **(C)**  The order may be amended to decrease the assessment rate after public notice and opportunity for comment in accordance with *section 553 of title 5, United States Code*, and without regard to sections 556 and 557 of such title.

   **(3)**  To facilitate the collection of such assessments, the order of the Egg Board may designate different handlers or classes of handlers to recognize differences in marketing practices or procedures utilized in the industry. The Secretary may maintain a suit against any person subject to the order for the collection of such assessment, and the several district courts of the United States are hereby vested with jurisdiction to entertain such suits regardless of the amount in controversy.

**(f) Recordkeeping and reporting requirements; accounting by Board.**   Providing that the Egg Board shall maintain such books and records and prepare and submit such reports from time to time, to the Secretary as he may prescribe, and for appropriate accounting by the Egg Board with respect to the receipt and disbursement of all funds entrusted to it.

**(g) Contracts or agreements by Board for implementation of orders and payment of costs; required provisions.**   Providing that the Egg Board, with the approval of the Secretary, may enter into contracts or agreements for development and carrying out of the activities authorized under the order pursuant to section 7(a) and (b) [*7 USCS § 2706(a)*, (b)] and for the payment of the cost thereof with funds collected pursuant to the order. Any such contract or agreement shall provide that such contractors shall develop and submit to the Egg Board a plan or project together with a budget or budgets which shall show estimated costs to be incurred for such plan or project, and that any such plan or project shall become effective upon the approval of the Secretary, and further, shall provide that the contracting party shall keep accurate records of all of its transactions and make periodic reports to the Egg Board of activities carried out and an accounting for funds received and expended, and such other reports as the Secretary may require.

**(h) Restriction on use of funds collected by Board for political purposes.**   Providing that no funds collected by the Egg Board under the order shall in any manner be used for the purpose of influencing governmental policy or action, except as provided by subsection (a)(4) of this section.

**(i) Compensation and expenses of members of Board.**   Providing the Board members, and alternates therefor, shall serve without compensation, but shall be reimbursed for their reasonable expenses incurred in performing their duties as members of the Board.

**(j) Limitation on cost of collecting producer assessments and having administrative staff.**   Providing that the total costs incurred by the Egg Board for a fiscal year in collecting producer assessments and

having an administrative staff shall not exceed an amount of the projected total assessments to be collected by the Egg Board for such fiscal year that the Secretary determines to be reasonable.

## History

**HISTORY:**

Oct. 1, 1974, *P. L. 93-428*, § 8, *88 Stat. 1174*; June 17, 1980, *P. L. 96-276*, §§ 2–4, *94 Stat. 541*; Oct. 31, 1988, *P. L. 100-575*, § 2, *102 Stat. 2895*; Dec. 14, 1993, *P. L. 103-188*, §§ 2(a), 3, *107 Stat. 2256*, 2257.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

## [16 USCS § 814](#)

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 16. CONSERVATION (Chs. 1 — 101)  >  CHAPTER 12. FEDERAL REGULATION AND DEVELOPMENT OF POWER (§§ 791 — 830)  >  REGULATION OF THE DEVELOPMENT OF WATER POWER AND RESOURCES (§§ 791 — 823g)*

## § 814. Exercise by licensee of power of eminent domain

When any licensee can not acquire by contract or pledges an unimproved dam site or the right to use or damage the lands or property of others necessary to the construction, maintenance, or operation of any dam, reservoir, diversion structure, or the works appurtenant or accessory thereto, in conjunction with an improvement which in the judgment of the commission is desirable and justified in the public interest for the purpose of improving or developing a waterway or waterways for the use or benefit of interstate or foreign commerce, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such land or other property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: *Provided,* That United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000[:] *Provided further,* That no licensee may use the right of eminent domain under this section to acquire any lands or other property that, prior to the date of enactment of the Energy Policy Act of 1992 [enacted Oct. 24, 1992], were owned by a State or political subdivision thereof and were part of or included within any public park, recreation area or wildlife refuge established under State or local law. In the case of lands or other property that are owned by a State or political subdivision and are part of or included within a public park, recreation area or wildlife refuge established under State or local law on or after the date of enactment of such Act [enacted Oct. 24, 1992], no licensee may use the right of eminent domain under this section to acquire such lands or property unless there has been a public hearing held in the affected community and a finding by the Commission, after due consideration of expressed public views and the recommendations of the State or political subdivision that owns the lands or property, that the license will not interfere or be inconsistent with the purposes for which such lands or property are owned.

## History

**HISTORY:**

June 10, 1920, ch 285, Part I, § 21, *41 Stat. 1074*; Oct. 24, 1992, *P. L. 102-486*, Title XVII, § 1701(d), *106 Stat. 3009.*

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

**United States Code Service > TITLE 22. FOREIGN RELATIONS AND INTERCOURSE (Chs. 1 — 112) > CHAPTER 75. CHEMICAL WEAPONS CONVENTION IMPLEMENTATION (§§ 6701 — 6771) > GENERAL PROVISIONS (§§ 6711 — 6713)**

## § 6713. Civil liability of the United States

**(a) Claims for taking of property.**

**(1)** Jurisdiction of courts of the United States.

**(A)** United States Court of Federal Claims. The United States Court of Federal Claims shall, subject to subparagraph (B), have jurisdiction of any civil action or claim against the United States for any taking of property without just compensation that occurs by reason of the action of any officer or employee of the Organization for the Prohibition of Chemical Weapons, including any member of an inspection team of the Technical Secretariat, or by reason of the action of any officer or employee of the United States pursuant to this Act or the Convention. For purposes of this subsection, action taken pursuant to or under the color of this Act or the Convention shall be deemed to be action taken by the United States for a public purpose.

**(B)** District courts. The district courts of the United States shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any civil action or claim described in subparagraph (A) that does not exceed $10,000.

**(2)** Notification. Any person intending to bring a civil action pursuant to paragraph (1) shall notify the United States National Authority of that intent at least one year before filing the claim in the United States Court of Federal Claims. Action on any claim filed during that one-year period shall be stayed. The one-year period following the notification shall not be counted for purposes of any law limiting the period within which the civil action may be commenced.

**(3)** Initial steps by United States government to seek remedies. During the period between a notification pursuant to paragraph (2) and the filing of a claim covered by the notification in the United States Court of Federal Claims, the United States National Authority shall pursue all diplomatic and other remedies that the United States National Authority considers necessary and appropriate to seek redress for the claim including, but not limited to, the remedies provided for in the Convention and under this Act.

**(4)** Burden of proof. In any civil action under paragraph (1), the plaintiff shall have the burden to establish a prima facie case that, due to acts or omissions of any official of the Organization or any member of an inspection team of the Technical Secretariat taken under the color of the Convention, proprietary information of the plaintiff has been divulged or taken without authorization. If the United States Court of Federal Claims finds that the plaintiff has demonstrated such a prima facie case, the burden shall shift to the United States to disprove the plaintiff's claim. In deciding whether the plaintiff has carried its burden, the United States Court of Federal Claims shall consider, among other things—

**(A)** the value of proprietary information;

**(B)** the availability of the proprietary information;

**(C)** the extent to which the proprietary information is based on patents, trade secrets, or other protected intellectual property;

**(D)** the significance of proprietary information; and

**(E)** the emergence of technology elsewhere a reasonable time after the inspection.

**(b) Tort liability.** The district courts of the United States shall have exclusive jurisdiction of civil actions for money damages for any tort under the Constitution or any Federal or State law arising from the acts or omissions of any officer or employee of the United States or the Organization, including any member of an inspection team of the Technical Secretariat, taken pursuant to or under color of the Convention or this Act.

**(c) Waiver of sovereign immunity of the United States.** In any action under subsection (a) or (b), the United States may not raise sovereign immunity as a defense.

**(d) Authority for cause of action.**

**(1)** United States actions in United States district court. Notwithstanding any other law, the Attorney General of the United States is authorized to bring an action in the United States District Court for the District of Columbia against any foreign nation for money damages resulting from that nation's refusal to provide indemnification to the United States for any liability imposed on the United States by virtue of the actions of an inspector of the Technical Secretariat who is a national of that foreign nation acting at the direction or the behest of that foreign nation.

**(2)** United States actions in courts outside the United States. The Attorney General is authorized to seek any and all available redress in any international tribunal for indemnification to the United States for any liability imposed on the United States by virtue of the actions of an inspector of the Technical Secretariat, and to seek such redress in the courts of the foreign nation from which the inspector is a national.

**(3)** Actions brought by individuals and businesses. Notwithstanding any other law, any national of the United States, or any business entity organized and operating under the laws of the United States, may bring a civil action in a United States District Court for money damages against any foreign national or any business entity organized and operating under the laws of a foreign nation for an unauthorized or unlawful acquisition, receipt, transmission, or use of property by or on behalf of such foreign national or business entity as a result of any tort under the Constitution or any Federal or State law arising from acts or omissions by any officer or employee of the United States or any member of an inspection team of the Technical Secretariat taken pursuant to or under the color of the Convention or this Act.

**(e) Recoupment.**

**(1)** Policy. It is the policy of the United States to recoup all funds withdrawn from the Treasury of the United States in payment for any tort under Federal or State law or taking under the Constitution arising from the acts or omissions of any foreign person, officer, or employee of the Organization, including any member of an inspection team of the Technical Secretariat, taken under color of the Chemical Weapons Convention or this Act.

**(2)** Sanctions on foreign companies.

**(A)** Imposition of sanctions. The sanctions provided in subparagraph (B) shall be imposed for a period of not less than ten years upon—

**(i)** any foreign person, officer, or employee of the Organization, including any member of an inspection team of the Technical Secretariat, for whose actions or omissions the United States has been held liable for a tort or taking pursuant to this Act; and

**(ii)** any foreign person or business entity organized and operating under the laws of a foreign nation which knowingly assisted, encouraged or induced, in any way, a foreign person described in clause (i) to publish, divulge, disclose, or make known in any manner or to any extent not authorized by the Convention any United States confidential business information.

**(B)** Sanctions.

**(i)** Arms export transactions. The United States Government shall not sell to a person described in subparagraph (A) any item on the United States Munitions List and shall terminate sales of any defense articles, defense services, or design and construction services to a person described in subparagraph (A) under the Arms Export Control Act.

**(ii)** Sanctions under Export Administration Act of 1979. The authorities under section 6 of the Export Administration Act of 1979 [*50 USCS § 4605*] shall be used to prohibit the export of any goods or technology on the control list established pursuant to section 5(c)(1) of that Act [*50 USCS § 4604(c)(1)*] to a person described in subparagraph (A).

**(iii)** International financial assistance. The United States shall oppose any loan or financial or technical assistance by international financial institutions in accordance with section 701 of the International Financial Institutions Act to a person described in subparagraph (A).

**(iv)** Export-import bank transactions. The United States shall not give approval to guarantee, insure, or extend credit, or to participate in the extension of credit to a person described in subparagraph (A) through the Export-Import Bank of the United States.

**(v)** Private bank transactions. Regulations shall be issued to prohibit any United States bank from making any loan or providing any credit to a person described in subparagraph (A).

**(vi)** Blocking of assets. The President shall take all steps necessary to block any transactions in any property subject to the jurisdiction of the United States in which a person described in subparagraph (A) has any interest whatsoever, for the purpose of recouping funds in accordance with the policy in paragraph (1).

**(vii)** Denial of landing rights. Landing rights in the United States shall be denied to any private aircraft or air carrier owned by a person described in subparagraph (A) except as necessary to provide for emergencies in which the safety of the aircraft or its crew or passengers is threatened.

**(3)** Sanctions on foreign governments.

**(A)** Imposition of sanctions. Whenever the President determines that persuasive information is available indicating that a foreign country has knowingly assisted, encouraged or induced, in any way, a person described in paragraph (2)(A) to publish, divulge, disclose, or make known in any manner or to any extent not authorized by the Convention any United States confidential business information, the President shall, within 30 days after the receipt of such information by the executive branch of Government, notify the Congress in writing of such determination and, subject to the requirements of paragraphs (4) and (5), impose the sanctions provided under subparagraph (B) for a period of not less than five years.

**(B)** Sanctions.

**(i)** Arms export transactions. The United States Government shall not sell a country described in subparagraph (A) any item on the United States Munitions List, shall terminate sales of any defense articles, defense services, or design and construction services to that country under the Arms Export Control Act, and shall terminate all foreign military financing for that country under the Arms Export Control Act.

**(ii)** Denial of certain licenses. Licenses shall not be issued for the export to the sanctioned country of any item on the United States Munitions List or commercial satellites.

**(iii)** Denial of assistance. No appropriated funds may be used for the purpose of providing economic assistance, providing military assistance or grant military education and training, or extending military credits or making guarantees to a country described in subparagraph (A).

**(iv)** Sanctions under Export Administration Act of 1979. The authorities of section 6 of the Export Administration Act of 1979 [*50 USCS § 4605*] shall be used to prohibit the export of any

goods or technology on the control list established pursuant to section 5(c)(1) of that Act [*50 USCS § 4604(c)(1)*] to a country described in subparagraph (A).

**(v)** International financial assistance. The United States shall oppose any loan or financial or technical assistance by international financial institutions in accordance with section 701 of the International Financial Institutions Act to a country described in subparagraph (A).

**(vi)** Termination of assistance under Foreign Assistance Act of 1961. The United States shall terminate all assistance to a country described in subparagraph (A) under the Foreign Assistance Act of 1961, except for urgent humanitarian assistance.

**(vii)** Private bank transactions. The United States shall not give approval to guarantee, insure, or extend credit, or participate in the extension of credit through the Export-Import Bank of the United States to a country described in subparagraph (A).

**(viii)** Private bank transactions. Regulations shall be issued to prohibit any United States bank from making any loan or providing any credit to a country described in subparagraph (A).

**(ix)** Denial of landing rights. Landing rights in the United States shall be denied to any air carrier owned by a country described in subparagraph (A), except as necessary to provide for emergencies in which the safety of the aircraft or its crew or passengers is threatened.

**(4)** Suspension of sanctions upon recoupment by payment. Sanctions imposed under paragraph (2) or (3) may be suspended if the sanctioned person, business entity, or country, within the period specified in that paragraph, provides full and complete compensation to the United States Government, in convertible foreign exchange or other mutually acceptable compensation equivalent to the full value thereof, in satisfaction of a tort or taking for which the United States has been held liable pursuant to this Act.

**(5)** Waiver of sanctions on foreign countries. The President may waive some or all of the sanctions provided under paragraph (3) in a particular case if he determines and certifies in writing to the Speaker of the House of Representatives and the Committee on Foreign Relations of the Senate that such waiver is necessary to protect the national security interests of the United States. The certification shall set forth the reasons supporting the determination and shall take effect on the date on which the certification is received by the Congress.

**(6)** Notification to Congress. Not later than five days after sanctions become effective against a foreign person pursuant to this Act, the President shall transmit written notification of the imposition of sanctions against that foreign person to the chairmen and ranking members of the Committee on International Relations of the House of Representatives and the Committee on Foreign Relations of the Senate.

**(f) Sanctions for unauthorized disclosure of United States confidential business information.** The Secretary of State shall deny a visa to, and the Attorney General shall exclude from the United States any alien who, after the date of enactment of this Act [enacted Oct. 21, 1998]—

**(1)** is, or previously served as, an officer or employee of the Organization and who has willfully published, divulged, disclosed, or made known in any manner or to any extent not authorized by the Convention any United States confidential business information coming to him in the course of his employment or official duties, or by reason of any examination or investigation of any return, report, or record made to or filed with the Organization, or any officer or employee thereof, such practice or disclosure having resulted in financial loses [losses] or damages to a United States person and for which actions or omissions the United States has been found liable of a tort or taking pursuant to this Act;

**(2)** traffics in United States confidential business information, a proven claim to which is owned by a United States national;

**(3)** is a corporate officer, principal, shareholder with a controlling interest of an entity which has been involved in the unauthorized disclosure of United States confidential business information, a proven claim to which is owned by a United States national; or

**(4)** is a spouse, minor child, or agent of a person excludable under paragraph (1), (2), or (3).

**(g) "United States confidential business information" defined.** In this section, the term "United States confidential business information" means any trade secrets or commercial or financial information that is privileged and confidential—

**(1)** including—

**(A)** data described in section 304(e)(2) of this Act [*22 USCS § 6724(e)(2)*],

**(B)** any chemical structure,

**(C)** any plant design process, technology, or operating method,

**(D)** any operating requirement, input, or result that identifies any type or quantity of chemicals used, processed, or produced, or

**(E)** any commercial sale, shipment, or use of a chemical, or

**(2)** as described in *section 552(b)(4) of title 5, United States Code*,

and that is obtained—

**(i)** from a United States person; or

**(ii)** through the United States Government or the conduct of an inspection on United States territory under the Convention.

# History

**HISTORY:**

Oct. 21, 1998, *P. L. 105-277*, Div I, Title I, § 103, *112 Stat. 2681*-861.

United States Code Service
Copyright © 2024 All rights reserved.

## [28 USCS § 1330](#)

Current through Public Law 118-106, approved October 4, 2024.

**United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)**

## § 1330. Actions against foreign states

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title [*28 USCS § 1603(a)*] as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title [*28 USCS §§ 1605–1607*] or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title [*28 USCS § 1608*].

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title [*28 USCS §§ 1605–1607*].

## History

**HISTORY:**

Added Oct. 21, 1976, *P. L. 94-583*, § 2(a), *90 Stat. 2891*.

United States Code Service
Copyright © 2024 All rights reserved.

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1331. Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 930*; July 25, 1958, *P. L. 85-554*, § 1, *72 Stat. 415*; Oct. 21, 1976, *P. L. 94-574*, § 2, *90 Stat. 2721*; Dec. 1, 1980, *P. L. 96-486*, § 2(a), *94 Stat. 2369*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

## [28 USCS § 1332, Part 1 of 5](#)

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1332. Diversity of citizenship; amount in controversy; costs

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

**(1)** Citizens of different States;

**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in section 1603(a) of this title [*[28 USCS § 1603(a)](#)*], as plaintiff and citizens of a State or of different States.

**(b)** Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

**(c)** For the purposes of this section and section 1441 of this title [*[28 USCS § 1441](#)*]—

**(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

**(A)** every State and foreign state of which the insured is a citizen;

**(B)** every State and foreign state by which the insurer has been incorporated; and

**(C)** the State or foreign state where the insurer has its principal place of business; and

**(2)** the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

**(d)**

**(1)** In this subsection—

**(A)** the term "class" means all of the class members in a class action;

**(B)** the term "class action" means any civil action filed under _rule 23 of the Federal Rules of Civil Procedure_ or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

**(C)** the term "class certification order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

**(D)** the term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

**(2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

**(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant;

**(B)** any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

**(C)** any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

**(3)** A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—

**(A)** whether the claims asserted involve matters of national or interstate interest;

**(B)** whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

**(C)** whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

**(D)** whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

**(E)** whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

**(F)** whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

**(4)** A district court shall decline to exercise jurisdiction under paragraph (2)—

**(A)**

    **(i)** over a class action in which—

        **(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

        **(II)** at least 1 defendant is a defendant—

            **(aa)** from whom significant relief is sought by members of the plaintiff class;

            **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

**(cc)** who is a citizen of the State in which the action was originally filed; and

**(III)** principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

**(ii)** during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

**(B)** two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

**(5)** Paragraphs (2) through (4) shall not apply to any class action in which—

**(A)** the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or

**(B)** the number of members of all proposed plaintiff classes in the aggregate is less than 100.

**(6)** In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

**(7)** Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

**(8)** This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action.

**(9)** Paragraph (2) shall not apply to any class action that solely involves a claim—

**(A)** concerning a covered security as defined under [section] 16(f)(3) of the Securities Act of 1933 (*15 U.S.C. 78p(f)(3)* [*15 USCS § 77p(f)(3)*]) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (*15 U.S.C. 78bb(f)(5)(E)*);

**(B)** that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

**(C)** that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (*15 U.S.C. 77b(a)(1)*) and the regulations issued thereunder).

**(10)** For purposes of this subsection and section 1453 [*28 USCS § 1453*], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.

**(11)**

**(A)** For purposes of this subsection and section 1453 [*28 USCS § 1453*], a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.

**(B)**

**(i)** As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2) [*28 USCS § 1711(2)*]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

**(ii)** As used in subparagraph (A), the term "mass action" shall not include any civil action in which—

**(I)** all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;

**(II)** the claims are joined upon motion of a defendant;

**(III)** all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or

**(IV)** the claims have been consolidated or coordinated solely for pretrial proceedings.

**(C)**

**(i)** Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407 [*28 USCS § 1407*], or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407 [*28 USCS § 1407*].

**(ii)** This subparagraph will not apply—

**(I)** to cases certified pursuant to *rule 23 of the Federal Rules of Civil Procedure*; or

**(II)** if plaintiffs propose that the action proceed as a class action pursuant to *rule 23 of the Federal Rules of Civil Procedure.*

**(D)** The limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to this subsection shall be deemed tolled during the period that the action is pending in Federal court.

**(e)** The word "States", as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

# History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 930*; July 26, 1956, ch 740, *70 Stat. 658*; July 25, 1958, *P. L. 85-554*, § 2, *72 Stat. 415*; Aug. 14, 1964, *P. L. 88-439*, § 1, *78 Stat. 445*; Oct. 21, 1976, *P. L. 94-583*, § 3, *90 Stat. 2891*; Nov. 19, 1988, *P. L. 100-702*, Title II, §§ 201(a), 202(a), 203(a), *102 Stat. 4646*; Oct. 19, 1996, *P. L. 104-317*, Title II, § 205(a), *110 Stat. 3850*; Feb. 18, 2005, *P. L. 109-2*, § 4(a), *119 Stat. 9*; Dec. 7, 2011, *P. L. 112-63*, Title I, §§ 101, 102, *125 Stat. 758.*

United States Code Service
Copyright © 2024 All rights reserved.

# [28 USCS § 1333](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001)
>  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§
1330 — 1389)***

## § 1333. Admiralty, maritime and prize cases

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

**(1)**  Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

**(2)**  Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

## History

**HISTORY:**

June 25, 1948, ch 646, *[62 Stat. 931](#)*; May 24, 1949, ch 139, § 79, *[63 Stat. 101](#)*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

## *28 USCS § 1334, Part 1 of 2*

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1334. Bankruptcy cases and proceedings

**(a)** Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

**(b)** Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**(c)**

**(1)** Except with respect to a case under chapter 15 of title 11 [*11 USCS §§ 1501* et seq.], nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

**(2)** Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

**(d)** Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title [*28 USCS § 158(d)*, *1291*, or *1292*] or by the Supreme Court of the United States under section 1254 of this title [*28 USCS § 1254*]. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by *section 362 of title 11, United States Code*, as such section applies to an action affecting the property of the estate in bankruptcy.

**(e)** The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

**(1)** of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

**(2)** over all claims or causes of action that involve construction of *section 327 of title 11, United States Code* [*11 USCS § 327*], or rules relating to disclosure requirements under section 327 [*11 USCS § 327*].

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 931*; Nov. 6, 1978, *P. L. 95-598*, Title II, § 238(a), *92 Stat. 2667*; July 10, 1984, *P. L. 98-353*, Title I, § 101(a), *98 Stat. 333*; Oct. 27, 1986, *P. L. 99-554*, Title I, Subtitle C, § 144(e), *100 Stat. 3096*; Dec. 1, 1990, *P. L. 101-650*, Title III, § 309(b), *104 Stat. 5113*; Oct. 22, 1994, *P. L. 103-394*, Title I, § 104(b), *108 Stat. 4109*; April 20, 2005, *P. L. 109-8*, Title III, § 324(a), Title VIII, § 802(c)(2), Title XII, § 1219, *119 Stat. 98*, 145, 195.

United States Code Service
Copyright © 2024 All rights reserved.

---

**End of Document**

## [28 USCS § 1335](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1335. Interpleader

**(a)** The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

  **(1)** Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title [[28 USCS § 1332](#)], are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if

  **(2)** the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

**(b)** Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

## History

**HISTORY:**

June 25, 1948, ch 646, [62 Stat. 931](#); Feb. 18, 2005, *P. L. 109-2*, § 4(b)(1), *119 Stat. 12*.

United States Code Service
Copyright © 2024 All rights reserved.

## [28 USCS § 1336](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1336. Surface Transportation Board's orders

**(a)** Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, in whole or in part, any order of the Surface Transportation Board, and to enjoin or suspend, in whole or in part, any order of the Surface Transportation Board for the payment of money or the collection of fines, penalties, and forfeitures.

**(b)** When a district court or the United States Claims Court [United States Court of Federal Claims] refers a question or issue to the Surface Transportation Board for determination, the court which referred the question or issue shall have exclusive jurisdiction of a civil action to enforce, enjoin, set aside, annul, or suspend, in whole or in part, any order of the Surface Transportation Board arising out of such referral.

**(c)** Any action brought under subsection (b) of this section shall be filed within 90 days from the date that the order of the Surface Transportation Board becomes final.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 931*; Aug. 30, 1964, *P. L. 88-513*, § 1, *78 Stat. 695*; Jan. 2, 1975, *P. L. 93-584*, § 1, 88 Stat. 1917; April 2, 1982, *P. L. 97-164*, Title I, Part A, § 128, *96 Stat. 39*; Dec. 29, 1995, *P. L. 104-88*, Title III, Subtitle A, § 305(a)(1), (2), *109 Stat. 944*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

## [28 USCS § 1337](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1337. Commerce and antitrust regulations; amount in controversy, costs

**(a)** The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

**(b)** Except when express provision therefor is otherwise made in a statute of the United States, where a plaintiff who files the case under section 11706 or 14706 of title 49, originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of any interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

**(c)** The district courts shall not have jurisdiction under this section of any matter within the exclusive jurisdiction of the Court of International Trade under chapter 95 of this title [*28 USCS §§ 1581* et seq.].

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 931*; Oct. 20, 1978, *P. L. 95-486*, § 9(a), *92 Stat. 1633*; Oct. 10, 1980, *P. L. 96-417*, Title V, § 505, *94 Stat. 1743*; Jan. 12, 1983, *P. L. 97-449*, § 5(f), *96 Stat. 2442*; Dec. 29, 1995, *P. L. 104-88*, Title III, Subtitle A, § 305(a)(3), *109 Stat. 944*.

United States Code Service
Copyright © 2024 All rights reserved.

## [28 USCS § 1338](#)

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1338. Patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition

**(a)** The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights. For purposes of this subsection, the term "State" includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, American Samoa, Guam, and the Northern Mariana Islands.

**(b)** The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

**(c)** Subsections (a) and (b) apply to exclusive rights in mask works under chapter 9 of title 17 [*17 USCS §§ 901* et seq.], and to exclusive rights in designs under chapter 13 of title 17 [*17 USCS §§ 1301* et seq.], to the same extent as such subsections apply to copyrights.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 931*; Dec. 24, 1970, *P. L. 91-577*, Title III, § 143(b), *84 Stat. 1559*; Nov. 19, 1988, *P. L. 100-702*, Title X, § 1020(a)(4), *102 Stat. 4671*; Oct. 28, 1998, *P. L. 105-304*, Title V, § 503(b)(1), (2)(A), *112 Stat. 2917*; Nov. 29, 1999, *P. L. 106-113*, Div B, § 1000(a)(9), *113 Stat. 1536*; Sept. 16, 2011, *P. L. 112-29*, § 19(a), *125 Stat. 331*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

**28 USCS § 1339**

Current through Public Law 118-106, approved October 4, 2024.

**United States Code Service** > *TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001)* > *Part IV. Jurisdiction and Venue (Chs. 81 — 99)* > *CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1339. Postal matters

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 932*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

## [28 USCS § 1340](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1340. Internal revenue; customs duties

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

## History

**HISTORY:**

June 25, 1948, ch 646, [62 Stat. 932](#), Oct. 10, 1980, [P. L. 96-417](#), Title V, § 501(21), [94 Stat. 1742](#).

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1341. Taxes by States

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 932*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

# § 1342. Rate orders of State agencies

The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:

**(1)** Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

**(2)** The order does not interfere with interstate commerce; and,

**(3)** The order has been made after reasonable notice and hearing; and,

**(4)** A plain, speedy and efficient remedy may be had in the courts of such State.

# History

**HISTORY:**

June 25, 1948, ch. 646, *62 Stat. 932*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

[28 USCS § 1343](#)

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1343. Civil rights and elective franchise

**(a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

**(1)** To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

**(2)** To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

**(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

**(4)** To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

**(b)** For purposes of this section—

**(1)** the District of Columbia shall be considered to be a State; and

**(2)** any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 932*; Sept. 3, 1954, ch 1263, § 42, *68 Stat. 1241*; Sept. 9, 1957, *P. L. 85-315*, Part III, § 121, *71 Stat. 637*; Dec. 29, 1979, *P. L. 96-170*, § 2, *93 Stat. 1284*.

United States Code Service
Copyright © 2024 All rights reserved.

# [28 USCS § 1344](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1344. Election disputes

The district courts shall have original jurisdiction of any civil action to recover possession of any office, except that of elector of President or Vice President, United States Senator, Representative in or delegate to Congress, or member of a state legislature, authorized by law to be commenced, wherein it appears that the sole question touching the title to office arises out of denial of the right to vote, to any citizen offering to vote, on account of race, color or previous condition of servitude.

The jurisdiction under this section shall extend only so far as to determine the rights of the parties to office by reason of the denial of the right, guaranteed by the Constitution of the United States and secured by any law, to enforce the right of citizens of the United States to vote in all the States.

## History

**HISTORY:**

June 25, 1948, ch 646, *[62 Stat. 932](#)*.

United States Code Service
Copyright © 2024 All rights reserved.

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1345. United States as plaintiff

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

## History

**HISTORY:**

June 25, 1948, ch 646, [*62 Stat. 933*](#).

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1346. United States as defendant

**(a)** The district courts shall have original jurisdiction, concurrent with the United States Claims Court [United States Court of Federal Claims], of:

**(1)** Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

**(2)** Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

**(b)**

**(1)** Subject to the provisions of chapter 171 of this title [*28 USCS §§ 2671* et seq.], the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**(2)** No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

**(c)** The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.

**(d)** The district courts shall not have jurisdiction under this section of any civil action or claim for a pension.

**(e)** The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426, or 7428 [28 USCS § 6226, 6228(a), 7426, or 7428] (in the case of the United

States district court for the District of Columbia) or *section 7429 of the Internal Revenue Code of 1954* [*26 USCS §§ 6226*, *6228(a)*, *7426*, *7428*, *7429*].

**(f)** The district courts shall have exclusive original jurisdiction of civil actions under section 2409a [*28 USCS § 2409a*] to quiet title to an estate or interest in real property in which an interest is claimed by the United States.

**(g)** Subject to the provisions of chapter 179 [*28 USCS §§ 3901* et seq.], the district courts of the United States shall have exclusive jurisdiction over any civil action commenced under section 453(2) of title 3, by a covered employee under chapter 5 of such title [*3 USCS §§ 401* et seq].

# History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 933*; April 25, 1949, ch 92, § 2(a), *63 Stat. 62*; May 24, 1949, ch 139, § 80(a), (b), *63 Stat. 101*; Oct. 31, 1951, ch 655, § 50(b), *65 Stat. 727*; July 30, 1954, ch 648, § 1, *68 Stat. 589*; July 7, 1958, *P. L. 85-508*, § 12(e), *72 Stat. 348*; Aug. 30, 1964, *P. L. 88-519*, *78 Stat. 699*; Nov. 2, 1966, *P. L. 89-719*, Title II, § 202(a), *80 Stat. 1148*; July 23, 1970, *P. L. 91-350*, § 1(a), *84 Stat. 449*; Oct. 25, 1972, *P. L. 92-562*, § 1, *86 Stat. 1176*; Oct. 4, 1976, *P. L. 94-455*, Title XII, §§ 1204(c)(1), Title XIII, 1306(b)(7), *90 Stat. 1697*, 1719; Nov. 1, 1978, *P. L. 95-563*, § 14(a), *92 Stat. 2389*; April 2, 1982, *P. L. 97-164*, Title I, Part A, § 129, *96 Stat. 39*; Sept. 3, 1982, *P. L. 97-248*, Title IV, § 402(c)(17), *96 Stat. 669*; April 26, 1996, *P. L. 104-134*, Title I [Title VIII, § 806], *110 Stat. 1321-75*; May 2, 1996, *P. L. 104-140*, § 1(a), *110 Stat. 1327*; Oct. 26, 1996, *P. L. 104-331*, § 3(b)(1), *110 Stat. 4069*; Jan. 4, 2011, *P. L. 111-350*, § 5(g)(6), *124 Stat. 3848*; March 7, 2013, *P. L. 113-4*, Title XI, § 1101(b), *127 Stat. 134*.

United States Code Service
Copyright © 2024 All rights reserved.

# [28 USCS § 1347](#)

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service* > *TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001)* > *Part IV. Jurisdiction and Venue (Chs. 81 — 99)* > *CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1347. Partition action where United States is joint tenant

The district courts shall have original jurisdiction of any civil action commenced by any tenant in common or joint tenant for the partition of lands where the United States is one of the tenants in common or joint tenants.

## History

**HISTORY:**

June 25, 1948, ch 646, [62 Stat. 933](#).

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# [28 USCS § 1348](#)

Current through Public Law 118-106, approved October 4, 2024.

**United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)**

## § 1348. Banking association as party

The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12 [*12 USCS §§ 21* et seq.], to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 933*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

**United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)**

## § 1349. Corporation organized under federal law as party

The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

## History

**HISTORY:**

June 25, 1948, ch 646, [62 Stat. 934](#).

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# 28 USCS § 1350

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1350. Alien's action for tort

The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 934*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# [28 USCS § 1351](#)

**United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)**

## § 1351. Consuls, vice consuls, and members of a diplomatic mission as defendant

The district courts shall have original jurisdiction, exclusive of the courts of the States, of all civil actions and proceedings against—

**(1)** consuls or vice consuls of foreign states; or

**(2)** members of a mission or members of their families (as such terms are defined in section 2 of the Diplomatic Relations Act [*22 USCS § 254a*]).

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 934*; May 24, 1949, ch 139, § 80(c), *63 Stat. 101*; Sept. 30, 1978, *P. L. 95-393*, § 8(a)(1), *92 Stat. 810*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1352. Bonds executed under federal law

The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title [*28 USCS § 1582*].

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 934*; Oct. 10, 1980, *P. L. 96-417*, Title V, § 506, *94 Stat. 1743*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1353. Indian allotments

The district courts shall have original jurisdiction of any civil action involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress or treaty.

The judgment in favor of any claimant to an allotment of land shall have the same effect, when properly certified to the Secretary of the Interior, as if such allotment had been allowed and approved by him; but this provision shall not apply to any lands held on or before December 21, 1911, by either of the Five Civilized Tribes, the Osage Nation of Indians, nor to any of the lands within the Quapaw Indian Agency.

## History

**HISTORY:**

June 25, 1948, ch. 646, *[62 Stat. 934](#)*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1354. Land grants from different states

The district courts shall have original jurisdiction of actions between citizens of the same state claiming lands under grants from different states.

## History

**HISTORY:**

June 25, 1948, ch 646, *[62 Stat. 934](#)*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1355. Fine, penalty or forfeiture

**(a)** The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title [*28 USCS § 1582*].

**(b)**

    **(1)** A forfeiture action or proceeding may be brought in—

        **(A)** the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or

        **(B)** any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title [*28 USCS § 1395*] or any other statute.

    **(2)** Whenever property subject to forfeiture under the laws of the United States is located in a foreign country, or has been detained or seized pursuant to legal process or competent authority of a foreign government, an action or proceeding for forfeiture may be brought as provided in paragraph (1), or in the United States District court [Court] or the District of Columbia.

**(c)** In any case in which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

**(d)** Any court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action.

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 934*; Oct. 10, 1980, *P. L. 96-417*, Title V, § 507, *94 Stat. 1743*; Oct. 28, 1992, *P. L. 102-550*, Title XV, Subtitle C, § 1521, *106 Stat. 4063*.

United States Code Service
Copyright © 2024 All rights reserved.

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1356. Seizures not within admiralty and maritime jurisdiction

The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title [*28 USCS § 1582*].

## History

**HISTORY:**

June 25, 1948, ch 646, *62 Stat. 934*; Oct. 10, 1980, *P. L. 96-417*, Title V, § 508, *94 Stat. 1743*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service*** **>** ***TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001)*** **>** ***Part IV. Jurisdiction and Venue (Chs. 81 — 99)*** **>** ***CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1357. Injuries under Federal laws

The district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State.

## History

**HISTORY:**

June 25, 1948, ch 646, [*62 Stat. 934*](#).

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1358. Eminent domain

The district courts shall have original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies.

## History

**HISTORY:**

June 25, 1948, ch 646, *[62 Stat. 935](#)*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1359. Parties collusively joined or made

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

## History

**HISTORY:**

June 25, 1948, ch 646, *[62 Stat. 935](#)*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# 28 USCS § 1360

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1360. State civil jurisdiction in actions to which Indians are parties

(a)

Each of the States listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State to the same extent that such State has jurisdiction over other civil causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State:

28 USCS § 1360

| State of | Indian country affected |
|---|---|
| Alaska ...................... | All Indian country within the State |
| California ...................... | All Indian country within the State |
| Minnesota ...................... | All Indian country within the State, except the Red Lake Reservation |
| Nebraska ...................... | All Indian country within the State |
| Oregon ...................... | All Indian country within the State, except the Warm Springs Reservation |
| Wisconsin ...................... | All Indian country within the State |

**(b)** Nothing in this section shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights, belonging to any Indian or any Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States; or shall authorize regulation of the use of such property in a manner inconsistent with any Federal treaty, agreement, or statute or with any regulation made pursuant thereto; or shall confer jurisdiction upon the State to adjudicate, in probate proceedings or otherwise, the ownership or right to possession of such property or any interest therein.

**(c)** Any tribal ordinance or custom heretofore or hereafter adopted by an Indian tribe, band, or community in the exercise of any authority which it may possess shall, if not inconsistent with any applicable civil law of the State, be given full force and effect in the determination of civil causes of action pursuant to this section.

# History

**HISTORY:**

Aug. 15, 1953, ch 505, § 4, *67 Stat. 589*; Aug. 24, 1954, ch 910, § 2, *68 Stat. 795*; Aug. 8, 1958, *P. L. 85-615*, § 2, *72 Stat. 545*; Nov. 6, 1978, *P. L. 95-598*, Title II, § 239, *92 Stat. 2668*; July 10, 1984, *P. L. 98-353*, Title I, § 110, *98 Stat. 342*.

United States Code Service
Copyright © 2024 All rights reserved.

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1361. Action to compel an officer of the United States to perform his duty

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

## History

**HISTORY:**

Oct. 5, 1962, [P. L. 87-748](#), § 1(a), [76 Stat. 744](#).

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# [28 USCS § 1362](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1362. Indian tribes

The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.

## History

**HISTORY:**

Oct. 10, 1966, *[P. L. 89-635](#)*, § 1, *[80 Stat. 880](#)*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# 28 USCS § 1363

Current through Public Law 118-106, approved October 4, 2024.

**United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)**

## § 1363. Jurors' employment rights

The district courts shall have original jurisdiction of any civil action brought for the protection of jurors' employment under section 1875 of this title [*28 USCS § 1875*].

## History

**HISTORY:**

Nov. 2, 1978, *P.L. 95-572*, § 6(b)(1), *92 Stat. 2456*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

## [28 USCS § 1364](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1364. Direct actions against insurers of members of diplomatic missions and their families

**(a)**  The district courts shall have original and exclusive jurisdiction, without regard to the amount in controversy, of any civil action commenced by any person against an insurer who by contract has insured an individual, who is, or was at the time of the tortious act or omission, a member of a mission (within the meaning of section 2(3) of the Diplomatic Relations Act ([22 U.S.C. 254a(3)](#))) or a member of the family of such a member of a mission, or an individual described in section 19 of the Convention on Privileges and Immunities of the United Nations of February 13, 1946 [unclassified], against liability for personal injury, death, or damage to property.

**(b)**  Any direct action brought against an insurer under subsection (a) shall be tried without a jury, but shall not be subject to the defense that the insured is immune from suit, that the insured is an indispensable party, or in the absence of fraud or collusion, that the insured has violated a term of the contract, unless the contract was cancelled before the claim arose.

## History

**HISTORY:**

Sept. 30, 1978, [P. L. 95-393](#), § 7(a), [92 Stat. 809](#); Aug. 24, 1982, [P. L. 97-241](#), Title II, § 203(b)(4), [96 Stat. 291](#); Dec. 22, 1987, [P. L. 100-204](#), Title I, Part B, § 138(a), [101 Stat. 1347](#).

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

**28 USCS § 1365**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1365. Senate actions

**(a)**  The United States District Court for the District of Columbia shall have original jurisdiction, without regard to the amount in controversy, over any civil action brought by the Senate or any authorized committee or subcommittee of the Senate to enforce, to secure a declaratory judgment concerning the validity of, or to prevent a threatened refusal or failure to comply with, any subpena or order issued by the Senate or Committee or subcommittee of the Senate to any entity acting or purporting to act under color or authority of State law or to any natural person to secure the production of documents or other materials of any kind or the answering of any deposition or interrogatory or to secure testimony or any combination thereof. This section shall not apply to an action to enforce, to secure a declaratory judgment concerning the validity of, or to prevent a threatened refusal to comply with, any subpena or order issued to an officer or employee of the executive branch of the Federal Government acting within his or her official capacity, except that this section shall apply if the refusal to comply is based on the assertion of a personal privilege or objection and is not based on a governmental privilege or objection the assertion of which has been authorized by the executive branch of the Federal Government.

**(b)**  Upon application by the Senate or any authorized committee or subcommittee of the Senate, the district court shall issue an order to an entity or person refusing, or failing to comply with, or threatening to refuse or not to comply with, a subpena or order of the Senate or committee or subcommittee of the Senate requiring such entity or person to comply forthwith. Any refusal or failure to obey a lawful order of the district court issued pursuant to this section may be held by such court to be a contempt thereof. A contempt proceeding shall be commenced by an order to show cause before the court why the entity or person refusing or failing to obey the court order should not be held in contempt of court. Such contempt proceeding shall be tried by the court and shall be summary in manner. The purpose of sanctions imposed as a result of such contempt proceeding shall be to compel obedience to the order of the court. Process in any such action or contempt proceeding may be served in any judicial district wherein the entity or party refusing or failing to comply, or threatening to refuse or not to comply, resides, transacts business, or may be found, and subpenas for witnesses who are required to attend such proceeding may run into any other district. Nothing in this section shall confer upon such court jurisdiction to affect by injunction or otherwise the issuance or effect of any subpena or order of the Senate or any committee or subcommittee of the Senate or to review, modify, suspend, terminate, or set aside any such subpena or order. An action, contempt proceeding, or sanction brought or imposed pursuant to this section shall not abate upon adjournment sine die by the Senate at the end of a Congress if the Senate or the committee or subcommittee of the Senate which issued the subpena or order certifies to the court that it maintains its interest in securing the documents, answers, or testimony during such adjournment.

**(c)**  [Repealed]

**(d)**  The Senate or any committee or subcommittee of the Senate commencing and prosecuting a civil action or contempt proceeding under this section may be represented in such action by such attorneys as the Senate may designate.

**(e)**  A civil action commenced or prosecuted under this section, may not be authorized pursuant to the Standing Order of the Senate "authorizing suits by Senate Committees" (S. Jour. 572, May 28, 1928).

**(f)** For the purposes of this section the term "committee" includes standing, select, or special committees of the Senate established by law or resolution.

# History

**HISTORY:**

Added Oct. 26, 1978, *P.L. 95-521*, Title VII, § 705(f) (2), *92 Stat. 1879*; Nov. 8, 1984, *P. L. 98-620*, Title IV, Subtitle A, § 402(29)(D), *98 Stat. 3359*; June 19, 1986, *P. L. 99-336*, § 6(a)(1)(B), *100 Stat. 638*; Oct. 11, 1996, *P. L. 104-292*, § 4, *110 Stat. 3460*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) >  Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1366. Construction of references to laws of the United States or Acts of Congress

For the purposes of this chapter [*28 USCS §§ 1331* et seq.], references to laws of the United States or Acts of Congress do not include laws applicable exclusively to the District of Columbia.

## History

**HISTORY:**

Added July 29, 1970, *P. L. 92-358*, Title I, Part D, Subpart 2, § 172(c)(1), *84 Stat. 590*; Nov. 2, 1978, *P. L. 95-572*, § 6(b)(1), *92 Stat. 2456*; June 19, 1986, *P. L. 99-336*, § 6(a)(1)(C), *100 Stat. 639*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

*28 USCS § 1367, Part 1 of 2*

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)*

## § 1367. Supplemental jurisdiction

**(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

**(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [*28 USCS § 1332*], the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [*28 USCS § 1332*].

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

**(1)** the claim raises a novel or complex issue of State law,

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

**(d)** The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

**(e)** As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

## History

**HISTORY:**

Added Dec. 1, 1990, *P. L. 101-650*, Title III, § 310(a), *104 Stat. 5113*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# [28 USCS § 1368](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99) > CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1368. Counterclaims in unfair practices in international trade.

The district courts shall have original jurisdiction of any civil action based on a counterclaim raised pursuant to section 337(c) of the Tariff Act of 1930 [*19 USCS § 1337(c)*], to the extent that it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim in the proceeding under section 337(a) of that Act [*19 USCS § 1337(a)*].

## History

**HISTORY:**

Added Dec. 8, 1994, *P. L. 103-465*, Title III, Subtitle C, § 321(b)(3), *108 Stat. 4946*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# 28 USCS § 1369

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part IV. Jurisdiction and Venue (Chs. 81 — 99)  >  CHAPTER 85. District Courts; Jurisdiction (§§ 1330 — 1389)***

## § 1369. Multiparty, multiforum jurisdiction

**(a) In general.**  The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if—

**(1)** a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

**(2)** any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or

**(3)** substantial parts of the accident took place in different States.

**(b) Limitation of jurisdiction of district courts.**  The district court shall abstain from hearing any civil action described in subsection (a) in which—

**(1)** the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and

**(2)** the claims asserted will be governed primarily by the laws of that State.

**(c) Special rules and definitions.**  For purposes of this section—

**(1)** minimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in section 1603(a) of this title [*28 USCS § 1603(a)*];

**(2)** a corporation is deemed to be a citizen of any State, and a citizen or subject of any foreign state, in which it is incorporated or has its principal place of business, and is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business;

**(3)** the term "injury" means—

**(A)** physical harm to a natural person; and

**(B)** physical damage to or destruction of tangible property, but only if physical harm described in subparagraph (A) exists;

**(4)** the term "accident" means a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons; and

**(5)** the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

**(d) Intervening parties.**  In any action in a district court which is or could have been brought, in whole or in part, under this section, any person with a claim arising from the accident described in subsection (a) shall be permitted to intervene as a party plaintiff in the action, even if that person could not have brought an action in a district court as an original matter.

**(e) Notification of judicial panel on multidistrict litigation.** A district court in which an action under this section is pending shall promptly notify the judicial panel on multidistrict litigation of the pendency of the action.

# History

**HISTORY:**

Added Nov. 2, 2002, *P. L. 107-273*, Div C, Title I, Subtitle A, § 11020(b)(1)(A), *116 Stat. 1826*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

# [28 USCS § 2342](#)

Current through Public Law 118-106, approved October 4, 2024.

*United States Code Service  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE (§§ 1 — 5001) > Part VI. Particular Proceedings (Chs. 151 — 190)  >  CHAPTER 158. Orders of Federal Agencies; Review (§§ 2341 — 2353)*

## § 2342. Jurisdiction of court of appeals

The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

**(1)** all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47;

**(2)** all final orders of the Secretary of Agriculture made under chapters 9 and 20A of title 7 [*7 USCS §§ 181* et seq. and *§§ 501* et seq.], except orders issued under sections 210(e), 217a, and 499g(a) of title 7 [*7 USCS §§ 210(e)*, *217a*, and *499g(a)*];

**(3)** all rules, regulations, or final orders of—

   **(A)** the Secretary of Transportation issued pursuant to section 50501, 50502, 56101–56404, or 57109 of title 46 [*46 USCS §§ 50501*, *50502*, *56101*–56404, or *57109*] or pursuant to part B or C of subtitle IV, subchapter III of chapter 311, chapter 313, or chapter 315 of title 49 [*49 USCS §§ 13101* et seq., *15101* et seq., *31131* et seq., *31301* et seq., or *31501* et seq.]; and

   **(B)** the Federal Maritime Commission issued pursuant to section 305, 41304, 41308, or 41309 or chapter 421 or 441 of title 46 [*46 USCS § 305*, *41304*, *41308*, or *41309* or *§§ 42101* et seq. or *44101* et seq.];

**(4)** all final orders of the Atomic Energy Commission made reviewable by section 2239 of title 42;

**(5)** all rules, regulations, or final orders of the Surface Transportation Board made reviewable by section 2321 of this title [*28 USCS § 2321*];

**(6)** all final orders under section 812 of the Fair Housing Act [*42 USCS § 3612*]; and

**(7)** all final agency actions described in section 20114(c) of title 49.

Jurisdiction is invoked by filing a petition as provided by section 2344 of this title [*28 USCS § 2344*].

## History

**HISTORY:**

Added Sept. 6, 1966, *P. L. 89-554*, § 4(e), *80 Stat. 622*; Jan. 2, 1975, *P. L. 93-584*, § 4, 88 Stat. 1917; Oct. 13, 1978, *P. L. 95-454*, Title II, § 206, *92 Stat. 1144*; Oct. 15, 1980, *P. L. 96-454*, § 8(b)(2), *94 Stat. 2021*; April 2, 1982, *P. L. 97-164*, *P. L. 97-164*, Title I, Part A, § 137, *96 Stat. 41*; Oct. 30, 1984, *P. L. 98-554*, Title II, § 227(a)(4), *98 Stat. 2852*; June 19, 1986, *P. L. 99-336*, § 5(a), *100 Stat. 638*; Sept. 13, 1988, *P. L. 100-430*, § 11(a), *102 Stat. 1635*; Sept. 3, 1992, *P. L. 102-365*, § 5(c)(2), *106 Stat. 975*; July 5, 1994, *P. L. 103-272*, § 5(h), *108 Stat. 1375*; Dec. 29, 1995, *P. L. 104-88*, Title III, Subtitle A, § 305(d)(5)–(7), *109 Stat. 945*; Oct. 11, 1996, *P. L. 104-287*, § 6(f)(2), *110 Stat. 3399*; Aug. 10, 2005, *P. L. 109-59*, Title IV, Subtitle A, § 4125(a), *119 Stat. 1738*; Oct. 6, 2006, *P. L. 109-304*, § 17(f)(3), *120 Stat. 1708*.

United States Code Service
Copyright © 2024 All rights reserved.

**End of Document**

## [49 USCS § 24301](#)

Current through Public Law 118-106, approved October 4, 2024.

***United States Code Service  >  TITLE 49. TRANSPORTATION (§§ 101 — 80504)  >  Subtitle V. Rail Programs (Pts. A — E)  >  Part C. Passenger Transportation (Chs. 241 — 251)  >  CHAPTER 243. Amtrak (§§ 24301 — 24323)***

## § 24301. Status and applicable laws

(a) **Status.**  Amtrak—

(1)  is a railroad carrier under section 20102(2) [now *49 USCS § 20102(3)*] and chapters 261 and 281 of this title [*49 USCS §§ 26101* et seq. and *28101* et seq.];

(2)  shall be operated and managed as a for-profit corporation; and

(3)  is not a department, agency, or instrumentality of the United States Government, and shall not be subject to title 31.

(b) **Principal office and place of business.**  The principal office and place of business of Amtrak are in the District of Columbia. Amtrak is qualified to do business in each State in which Amtrak carries out an activity authorized under this part [*49 USCS §§ 24101* et seq.]. Amtrak shall accept service of process by certified mail addressed to the secretary of Amtrak at its principal office and place of business. Amtrak is a citizen only of the District of Columbia when deciding original jurisdiction of the district courts of the United States in a civil action.

(c) **Application of Subtitle IV.**  Subtitle IV of this title [*49 USCS §§ 10101* et seq.] shall not apply to Amtrak, except for sections 11123, 11301, 11322(a), 11502, and 11706 [*49 USCS §§ 11123*, *11301*, *11322(a)*, *11502*, and *11706*]. Notwithstanding the preceding sentence, Amtrak shall continue to be considered an employer under the Railroad Retirement Act of 1974, the Railroad Unemployment Insurance Act, and the Railroad Retirement Tax Act.

(d) **Application of safety and employee relations laws and regulations.**  Laws and regulations governing safety, employee representation for collective bargaining purposes, the handling of disputes between carriers and employees, employee retirement, annuity, and unemployment systems, and other dealings with employees that apply to a rail carrier subject to part A of subtitle IV of this title [*49 USCS §§ 10101* et seq.] apply to Amtrak.

(e) **Application of certain additional laws.**  Section 552 of title 5, this part [*49 USCS §§ 24101* et seq.], and, to the extent consistent with this part [*49 USCS §§ 24101* et seq.], the District of Columbia Business Corporation Act (D.C. Code § 29–301 et seq.) apply to Amtrak. *Section 552 of title 5, United States Code*, applies to Amtrak for any fiscal year in which Amtrak receives a Federal subsidy.

(f) **Tax exemption for certain commuter authorities.**  A commuter authority that was eligible to make a contract with Amtrak Commuter to provide commuter rail passenger transportation but which decided to provide its own rail passenger transportation beginning January 1, 1983, is exempt, effective October 1, 1981, from paying a tax or fee to the same extent Amtrak is exempt.

(g) **Nonapplication of rate, route, and service laws.**  A State or other law related to rates, routes, or service does not apply to Amtrak in connection with rail passenger transportation.

(h) **Nonapplication of pay period laws.**  A State or local law related to pay periods or days for payment of employees does not apply to Amtrak. Except when otherwise provided under a collective bargaining

agreement, an employee of Amtrak shall be paid at least as frequently as the employee was paid on October 1, 1979.

**(i) Preemption related to employee work requirements.**   A State may not adopt or continue in force a law, rule, regulation, order, or standard requiring Amtrak to employ a specified number of individuals to perform a particular task, function, or operation.

**(j) Nonapplication of laws on joint use or operation of facilities and equipment.**   Prohibitions of law applicable to an agreement for the joint use or operation of facilities and equipment necessary to provide quick and efficient rail passenger transportation do not apply to a person making an agreement with Amtrak to the extent necessary to allow the person to make and carry out obligations under the agreement.

**(k) Exemption from additional taxes.**

    **(1)**  In this subsection—

        **(A)**  "additional tax" means a tax or fee—

            **(i)**  on the acquisition, improvement, ownership, or operation of personal property by Amtrak; and

            **(ii)**  on real property, except a tax or fee on the acquisition of real property or on the value of real property not attributable to improvements made, or the operation of those improvements, by Amtrak.

        **(B)**  "Amtrak" includes a rail carrier subsidiary of Amtrak and a lessor or lessee of Amtrak or one of its rail carrier subsidiaries.

    **(2)**  Amtrak is not required to pay an additional tax because of an expenditure to acquire or improve real property, equipment, a facility, or right-of-way material or structures used in providing rail passenger transportation, even if that use is indirect.

**(l) Exemption from taxes levied after September 30, 1981.**

    **(1)**  In general. Amtrak, a rail carrier subsidiary of Amtrak, and any passenger or other customer of Amtrak or such subsidiary, are exempt from a tax, fee, head charge, or other charge, imposed or levied by a State, political subdivision, or local taxing authority on Amtrak, a rail carrier subsidiary of Amtrak, or on persons traveling in intercity rail passenger transportation or on mail or express transportation provided by Amtrak or such a subsidiary, or on the carriage of such persons, mail, or express, or on the sale of any such transportation, or on the gross receipts derived therefrom after September 30, 1981. In the case of a tax or fee that Amtrak was required to pay as of September 10, 1982, Amtrak is not exempt from such tax or fee if it was assessed before April 1, 1997.

    **(2)**  The district courts of the United States have original jurisdiction over a civil action Amtrak brings to enforce this subsection and may grant equitable or declaratory relief requested by Amtrak.

**(m) Waste disposal.**

    **(1)**  An intercity rail passenger car manufactured after October 14, 1990, shall be built to provide for the discharge of human waste only at a servicing facility. Amtrak shall retrofit each of its intercity rail passenger cars that was manufactured after May 1, 1971, and before October 15, 1990, with a human waste disposal system that provides for the discharge of human waste only at a servicing facility. Subject to appropriations—

        **(A)**  the retrofit program shall be completed not later than October 15, 2001; and

        **(B)**  a car that does not provide for the discharge of human waste only at a servicing facility shall be removed from service after that date.

    **(2)**  Section 361 of the Public Health Service Act (*42 U.S.C. 264*) and other laws of the United States, States, and local governments do not apply to waste disposal from rail carrier vehicles operated in intercity rail passenger transportation. The district courts of the United States have original jurisdiction

over a civil action Amtrak brings to enforce this paragraph and may grant equitable or declaratory relief requested by Amtrak.

**(n) Rail transportation treated equally.**   When authorizing transportation in the continental United States for an officer, employee, or member of the uniformed services of a department, agency, or instrumentality of the Government, the head of that department, agency, or instrumentality shall consider rail transportation (including transportation by extra-fare trains) the same as transportation by another authorized mode. The Administrator of General Services shall include Amtrak in the contract air program of the Administrator in markets in which transportation provided by Amtrak is competitive with other carriers on fares and total trip times.

**(o) Applicability of District of Columbia law.**   Any lease or contract entered into between Amtrak and the State of Maryland, or any department or agency of the State of Maryland, after the date of the enactment of this subsection [enacted Aug. 3, 2007] shall be governed by the laws of the District of Columbia.

# History

**HISTORY:**

July 5, 1994, *P. L. 103-272*, § 1(e), *108 Stat. 904*; Dec. 29, 1995, *P. L. 104-88*, Title III, Subtitle A, § 308(g), *109 Stat. 947*; Dec. 2, 1997, *P. L. 105-134*, Title I, Subtitle A, §§ 106(b), 110(a), Title II, § 208, Title IV, §§ 401, 402, 415(d), *111 Stat. 2573*, 2574, 2584, 2585, 2590; Jan. 23, 2004, *P. L. 108-199*, Div F, Title I, § 150(2), *118 Stat. 303*; Aug. 3, 2007, *P. L. 110-53*, Title XV, Subtitle B, § 1527, *121 Stat. 452*.

United States Code Service
Copyright © 2024 All rights reserved.