No. 24-1067

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

SHANNON W. AGOFSKY,

*Petitioner-Appellant,*

V.

STEVEN MERENDINO,

*WARDEN, U.S. PENITENTIARY, TERRE HAUTE,*

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Southern District of Indiana
No. 22–cv–00049-JRS-MKK, Hon. James R. Sweeney II

### REPLY BRIEF REGARDING
### SUBJECT-MATTER JURISDICTION

David Zuckerman
Sam Welch
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

*Counsel for Petitioner/Appellant
Shannon Agofsky*

# TABLE OF CONTENTS

I.    SECTION 2255(e)...................................................................1

    a.    Purpose...............................................................2

    b.    Statutory Context..................................................3

    c.    Text.................................................................5

    d.    Conclusion .........................................................8

II.   WAIVER AND FORFEITURE.......................................9

III.  STARE DECISIS...................................................9

# TABLE OF AUTHORITIES

**Federal Cases**

*Am. Pub. Gas Ass'n v. Fed. Power Comm'n*, 555 F.2d 852 (D.C. Cir. 1976) .................................................................................. 6

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) .......................................... 5

*Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199 (2022) ...... 9

*Bourgeois v. Watson*, 977 F.3d 620 (7th Cir. 2020) ................................ 1

*Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012) ........................................ 1

*Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019) .................................. 1

*Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007) .................................. 9

*Currie v. Flack*, 190 F.2d 549 (1st Cir. 1951) ...................................... 6

*Gonzalez v. Thaler*, 565 U.S. 134 (2012) ............................................ 4, 7

*Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005) ................................. 1, 3

*Hicks v. Stancil*, 642 F. App'x 620 (7th Cir. 2016) .............................. 1

*Jones v. Hendrix*, 599 U.S. 465 (2023) ............................................ 2, 12

*Matter of Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299 (7th Cir. 1988) .................................................................................................... 2

*Mercantile Nat. Bank at Dallas v. Langdeau*, 371 U.S. 555 (1963) ....... 6

*Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) .......... 11

*Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004) ................................... 1, 6

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, (2007) . 3

*Prevatte v. Merlak*, 865 F.3d 894 (7th Cir. 2017) ................................. 1

*Rosecrans v. United States*, 165 U.S. 257 (1897) .................................. 3

*Sec. & Exch. Comm'n v. Fowler*, 6 F.4th 255 (2d Cir. 2021) ................. 6

*United States v. Butler*, 297 U.S. 1 (1936) .......................................... 7

*United States v. Cyprian*, 23 F.3d 1189 (7th Cir. 1994) ...................... 11

*United States v. Kirkland*, 567 F.3d 316 (7th Cir. 2009) ..................... 11

*United States v. Wong*, 575 U.S. 402 (2015) ................................... 2, 6, 9

*Webster v. Caraway*, 761 F.3d 764 (7th Cir.) ............................. 2, 3, 7, 8

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) .............................. 2

*Weinberger v. Salfi*, 422 U.S. 749 (1975) ........................................... 5, 8

*Wilkins v. United States*, 598 U.S. 152 (2023) .................................... 2, 6

*Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332 (11th Cir. 2013) ................................................................................................. 8

## Federal Statutes

8 U.S.C. § 1252 ........................................................................................ 9

18 U.S.C. § 3231 ................................................................................. 3, 4

28 U.S.C. § 1331 ............................................................................ 1, 3, 4, 5

28 U.S.C. § 1343 ................................................................................. 3, 4

28 U.S.C. § 2241 ............................................................................ 1, 3, 4, 5

28 U.S.C. § 2255 ........................................................................... *passim*

29 U.S.C. § 101 ....................................................................................... 8

42 U.S.C. § 405 .................................................................................. 5, 8

## Rules

Fed. R. Civ. P. 12 ............................................................................. 9, 10

# I.   SECTION 2255(e)

The Court asked "whether the 'shall not be entertained' language in 28 U.S.C. § 2255(e) is a limit on the court's subject-matter jurisdiction." ECF No. 27. It has answered that question before: The language "does not diminish the district court's subject-matter jurisdiction," *Harris v. Warden,* 425 F.3d 386, 388 (7th Cir. 2005), which "is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question." *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004). "[C]ircuit precedent," *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017), concludes that "§ 2255(e) is non-jurisdictional." *Bourgeois v. Watson*, 977 F.3d 620, 629 n.4 (7th Cir. 2020); *see also* Response at 8, n.2 (acknowledging the "Court has repeated the holding of *Harris*" multiple times).

Adopting the government's position (that § 2255(e) is jurisdictional) requires overruling *Harris*, *Moore, Prevatte,* and *Bourgeois*. It requires impliedly overruling *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) and *Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019), which accept concessions of § 2255(e)—something the Court could not have done if § 2255(e) was jurisdictional—and rejecting *Hicks v. Stancil*, 642 F. App'x 620, 622 (7th Cir. 2016) (unpublished opinion). This Court has declined the invitation before: Ten years after *Moore*, it took "a fresh look at the

issue and once more conclude[d] that § 2255(e) does not curtail subject-matter jurisdiction." *Webster v. Caraway*, 761 F.3d 764, 770 (7th Cir.), *opinion vacated on other grounds,* 769 F.3d 1194 (7th Cir. 2014), *on reh'g en banc sub nom. Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015); *see also Matter of Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988) (vacated opinions may be cited for persuasive value).

These eight cases get it right. "[T]raditional tools of statutory construction," *United States v. Wong*, 575 U.S. 402, 410 (2015), applied to the purpose, statutory context, and text of § 2255(e), show why the government gets it wrong.

### a. Purpose

The Response does not account for the purpose of § 2255(e). Congress passed § 2255(e) to make it easier to process habeas petitions. Its "sole purpose" was "to minimize" the "serious administrative problems" that resulted when too many petitions were filed in districts that lacked access to the pertinent records. *See Jones v. Hendrix*, 599 U.S. 465, 473–74 (2023). When Congress enacts a statute to "keep things running smoothly and efficiently," courts do not "lightly apply" the jurisdictional label. *Wilkins v. United States*, 598 U.S. 152, 157–58 (2023). They require language that "plainly show[s] … jurisdictional consequences." *Wong*,

575 U.S. at 410.

### b.    Statutory Context

The Response concedes that *if* § 2255(e) is jurisdictional, it acts only as a "restriction" on, Response at 2, or "exception" to, *id.* at 8, several other "general grants of jurisdiction." *Id.* These grants include the federal-question statute, 28 U.S.C. § 1331, *see Harris,* 425 F.3d at 388; the federal criminal jurisdictional statute, 18 U.S.C. § 3231, *see Harris,* 425 F.3d at 388; and possibly 28 U.S.C. §§ 2241(a) and 1343(a)(4). *See Caraway*, 761 F.3d at 768–69. Section 2255(e) neither cites nor references them.

To be jurisdictional, then, § 2255(e) must impliedly repeal two to four general grants of jurisdiction. The presumption against implied repeal holds that when "statutes clearly defin[e] the jurisdiction of the courts," their "force and effect … should not be disturbed by a mere implication." *Rosecrans v. United States,* 165 U.S. 257, 262 (1897). That presumption can be overcome only if Congress's intent to repeal is "clear *and* manifest," the later-passed statute "expressly contradicts" the original act, or such a construction is "absolutely necessary" for the later statute to "have any meaning at all." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 662, (2007) (quoting *Traynor v. Turnage,* 485 U.S.

3

535, 548 (1988)) (emphasis added).

Section 2255(e) falls short—especially considering the enormity of the task the Response assigns it. Whenever a litigant drafts a true § 2255 motion, styles it as a § 2241 petition, and files in the district of confinement, the Response says § 2255(e) impliedly repeals 28 U.S.C. § 1331 (and possibly 28 U.S.C. §§ 2241(a)). That means whenever a litigant drafts a true § 2241 petition, styles it as a § 2255 motion, and files in the district of conviction, § 2255(e) must impliedly repeal 18 U.S.C. § 3231, too. Perhaps in both cases, it impliedly repeals 28 U.S.C. § 1343(a)(4)— the Response never says. Section 2255(e) apparently does all this without citing (or referring to) any of the statutes it repeals, or using the words "jurisdiction," "authority," "right," or "power"—even though Congress passed all five statutes (18 U.S.C. § 3231 and 28 U.S.C. §§ 1331, 1343, 2241, 2255) into law on the same day, as part of the same act, with the aim of clarifying the judicial code. *See* 62 Stat. 869.

The Response offers little to support this reading. *See* Response at 8. *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) held that § 2253(c) is *non-*jurisdictional; it had no occasion to address implied repeal because all of the subsections at issue were contained within the same statute. *See id.*

4

And while it observed, in dicta, that § 2253(b) acts as a "limit" on (not repeal of) the grant of appellate jurisdiction (not subject-matter jurisdiction) contained in the immediately preceding subsection (not a distant statute), that subsection uses clear language: "There shall be no right of appeal …" *See id.* The final footnote in *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 n.11 (2006), acknowledges Congress sometimes limits (not repeals) a jurisdictional grant by adding restrictive language to the grant itself. That footnote closes by recognizing, "[i]n a few instances, Congress has enacted a separate provision that *expressly* restricts application of a jurisdiction-conferring statute." *Id.* (emphasis added). The only example *Arbaugh* provides is a statute that rescinds a jurisdictional grant "[o]n its face," *Weinberger v. Salfi*, 422 U.S. 749, 756, (1975), by including a full citation: "No action against the United States … shall be brought under section 1331 … of Title 28." 42 U.S.C. § 405(h). Section 2255(e) comes nowhere close to that kind of explicit revocation.

### c.   Text

The government's textual reading leans heavily on the contention that "shall not be entertained" clearly denotes a jurisdictional limitation. *See* Response at 2–8. But the word "entertain" signifies venue restrictions, too. Section 2241(d), for instance, says nothing about the

5

subject matter of the litigation, directs certain litigants to file in either of several federal districts, and is "clearly a special venue provision." *Moore,* 368 F.3d at 759. When it grants "concurrent jurisdiction to entertain the application," it is referring to "territorial jurisdiction," a "species of venue." *Moore,* 368 F.3d at 759. *See also Sec. & Exch. Comm'n v. Fowler*, 6 F.4th 255, 262 (2d Cir. 2021) (the phrase "shall not be entertained," in 28 U.S.C. § 2462, is non-jurisdictional). A court unable to "entertain" an application might lack subject-matter jurisdiction, *see, e.g. Wilkins,* 598 U.S. at 157, or it might simply have received an application filed in the wrong venue. *See, e.g., Mercantile Nat. Bank at Dallas v. Langdeau,* 371 U.S. 555, 558 (1963) (discussing the "proper venue to entertain an action"); *Am. Pub. Gas Ass'n v. Fed. Power Comm'n,* 555 F.2d 852, 860 (D.C. Cir. 1976) (same); *Currie v. Flack,* 190 F.2d 549, 550 (1st Cir. 1951) ("jurisdiction and venue to entertain such complaint"). Section 2255(e) does not "clearly," or "plainly," *Wong*, 575 U.S. at 409, state which.

Other language in § 2255 enforces this Court's prior readings of § 2255(e). Just two subsections above § 2255(e), subsection (c) instructs that, in certain situations, a "court may entertain and determine" an application. If every word is given effect, *United States v. Butler,* 297 U.S.

6

1, 65 (1936); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 26 (2012), "entertain" must mean something different than "determine," a word whose near twin—decide—appears in most definitions of jurisdiction. *Jurisdiction*, Black's Law Dictionary (12th ed. 2024) (the Court's "power to decide a case"); *see also Determine*, II.4.a, Oxford English Dictionary Online (https://www.oed.com/dictionary/determine_v?tab=meaning_and_use).

The phrase "shall not" makes no difference. The federal code is brimming with mandatory-but-non-jurisdictional language. Mandatory language directed at the Court, *see* Response at 5, is legion within the federal venue provisions alone. *See, e.g.,* 28 U.S.C. §§ 1406(a) ("[t]he district court … shall dismiss"); 1407, 1391(a)(2), 1404(d). And the Supreme Court has "long rejected the notion that all mandatory prescriptions" are "properly typed jurisdictional." *Gonzalez*, 565 U.S. at 146 (cleaned up); *see also Caraway*, 761 F.3d at 768 (vacated opinion) (collecting cases).

A few circuits disagree. Of the nine the Response identifies, *see* Response at 5–6, only three (the Fourth, Sixth, and Eleventh) decided the issue after reasoned discussion. Their opinions do not adequately account for the purpose of § 2255(e); elide or ignore the surplusage canon and the

presumptions against implied repeal and in favor of consistent usage; rely heavily on the mandatory nature of the command; and are laden with an assumption, belied above, that "entertain" universally connotes subject-matter jurisdiction. They draw extensively from *Williams v. Warden, Fed. Bureau of Prisons,* 713 F.3d 1332, 1340 (11th Cir. 2013), which this Court considered—and rejected—the last time the government raised it. *Caraway,* 761 F.3d at 768 (vacated opinion).

### d.    Conclusion

A holding that § 2255(e) is jurisdictional would place it in a class of its own. It would become the only federal jurisdictional statute (out of forty-four located) that purports to condition subject-matter jurisdiction on the identity of the district court in which the action is filed without using the word "jurisdiction," and identifying, by name, a court with specialized expertise. *See* 7 U.S.C. § 2707; 16 U.S.C. § 814; 22 U.S.C. § 6713; 28 U.S.C. §§ 1330–65, 1367–69, 2342; 49 U.S.C. § 24301. It would become the only statute located that strips a federal court of jurisdiction without doing so "on its face," *see Weinberger v. Salfi,* 422 U.S. 749, 756 (1975), either via use of the word "jurisdiction," *see, e.g.,* 29 U.S.C. § 101, citation to the statute being rescinded, *see, e.g.,* 42 U.S.C. § 405(h), a sweeping reference to all other laws, *see, e.g.,* 128 Stat. 1913 ("notwithstanding any

8

other provision of law"), or some combination of the three, *see, e.g.* 8 U.S.C. § 1252(a)(2)(A), despite being passed by the same Congress, on the same day, in the same act, as the statutes it rescinds. It would become the only statute located that operates as a special venue provision, a subject-matter-jurisdiction-stripping provision, and (according to the Response at 11–12) a substantive merits requirement, *c.f. Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007), all at the same time. *C.f. Boechler, P.C. v. Comm'r of Internal Revenue*, 596 U.S. 199, 200 (2022) ("it is difficult to make the case that the jurisdictional reading is clear where multiple plausible, non-jurisdictional interpretations exist").

It would do all these things, the Response says, without using the word "jurisdiction," "right," "power," or "authority." "Magic words" are not necessary, *Wong,* 575 U.S. at 410, but to accomplish all that, Congress needed more than what it wrote.

## II.   **WAIVER AND FORFEITURE**

The government did not simply fail to use the word venue. Its briefing below never discussed any related concept, never clarified which rule it was invoking under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 12(b)(3), 12(h)(1) (venue is waived if not raised before the district court in a responsive pleading or by motion), relied primarily on

§ 2255(h), not (e), *see* Response at 9, and closed by asking the Court to "deny [the] petition on the merits." DC ECF No. 11 at 18. The Appellee's Brief does not advance a jurisdictional argument; it refers to § 2255(e) as a venue provision five times, ECF No. 13 at 15, 17, 21, 22, and argues Mr. Agofsky cannot succeed "on the merits," *see, e.g.,* ECF No. 13 at 39. The supplemental Response takes the position that § 2255(e) is an implied jurisdictional provision, a special venue provision, and a substantive merits requirement, all at once. ECF No. 33 at 2, 8, 11.

In sum, the Response says it was enough to cite a single statute that supports three distinct affirmative defenses, consistently fail to specify (or specify inaccurately) which of those three defenses it was invoking, and then finally decide, two years into litigation and in response to supplemental briefing on appeal, which of those three meanings best satisfies its current litigation needs. *See* Response at 16–17. A rule that sanctioned that approach would give litigants permission to hide the ball.

The Response's reading of *Moore* is untenable. According to the Response, the government may decline (or forget) to raise venue before the district court, *c.f.* Fed. R. Civ. P. 12(h)(1), fail to raise venue on appeal, and then resurrect that issue in response to supplemental briefing

10

*because* it inaccurately described that defense as going to subject-matter jurisdiction in its initial briefing. Response at 17. It offers no limiting principle; presumably, this rule applies to all civil litigants and all affirmative defenses. *See id.*

Forfeiture occurs whenever a party "fail[s] to develop" an argument with "citation to … relevant authority or meaningful discussion." *United States v. Kirkland*, 567 F.3d 316, 322 (7th Cir. 2009) (citations omitted). "Perhaps in hindsight we can discern a plausible connection" between what the government wrote and what it meant. *See Kirkland*, 567 F.3d at 322. But "[c]ourts are not in the business of formulating arguments for the parties," and Mr. Agofsky and the Court are under no obligation to "try to fish a gold coin from a bucket of mud." *Id.* (quotations omitted); *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 852–53 (7th Cir. 2012) (this is not "a picky point that is of interest only to procedure buffs.") *C.f. United States v. Cyprian,* 23 F.3d 1189, 1195 (7th Cir. 1994) (while the District Court could have preserved the issue by addressing it *sua sponte*, it did not); DC ECF No. 16 at 4.

## III.   STARE DECISIS

Asked to reverse this much precedent, the Court should take stock of the consequences. Doing so takes an issue that is currently the parties'

responsibility and makes it the district court's, forcing judges to conduct *sua sponte* § 2255(e) analyses (not always simple, *see Jones*, 599 U.S. at 474) every time a prisoner files a habeas petition—even if the parties agree § 2255(e) is irrelevant. It risks late-stage dismissals on appeal, laying waste to years of effort, regardless of the parties' preferences. And it diminishes the power of the United States Attorney's Office, precluding it from waiving § 2255(e) even when doing so is necessary to avoid expense, inconvenience, or a forthcoming injustice.

The Court should decline to overrule twenty years of circuit precedent and find that venue has been waived or forfeited.

Respectfully submitted,
/s/ *David Zuckerman*
David Zuckerman
Sam Welch
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)
*Counsel for Petitioner/Appellant*

Dated: November 14, 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,500 words. This motion was prepared using Microsoft Word for Office 365 software and, in making this certification, I have relied upon that software's word-count feature. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced, serif typeface (Century Schoolbook) in 14-point size. It complies with the typestyle requirements of Fed. R. App. P. 32(a)(6), because it has been set in plain, roman style.

/s/ *David Zuckerman*
David Zuckerman

Dated: November 14, 2024

# CERTIFICATE OF SERVICE

I, Dave Zuckerman, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *David Zuckerman*
David Zuckerman

Dated: November 14, 2024