# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION
**CAPITAL HABEAS UNIT**

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

November 19, 2024

Christopher G. Conway
Clerk of the Court United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

      Re: *Shannon Wayne Agofsky v. Steven Merendino, Warden*
      Case No. 24-1067
      Rule 28(j) Letter

Dear Mr. Conway:

In *United States v. Bevly,* 110 F.4th 1043 (7th Cir. 2024), this Court found that federal bank robbery qualifies as a crime of violence because "circuit precedent," *id.* at 1044, requires "that the defendant acted *intentionally*." *Id.* at 1048 (quoting *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017)). Unlike this Circuit, the Eighth Circuit measures "intimidation … under an objective standard," which means that "whether or not [the defendant] intended to intimidate the teller is irrelevant." *See United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003). As a result of this split, the Court must decide the choice-of-law question reserved in *Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019). The majority of district courts (and Justice Barrett) favor applying the law of the circuit of conviction. *See id.* at 865 (Barrett, J., concurring) ("Applying the law of the circuit of confinement risks recreating some of the problems that § 2255 was designed to fix."). This Court should adopt that approach and apply *Yockel*—not *Bevly.*

In *Carter v. United States*, 530 U.S. 255 (2000), cited by *Bevly*, the Supreme Court read into § 2113(a) the minimal intent necessary to avoid criminalizing perfectly innocent conduct, e.g., the "forceful taking of money while sleepwalking." *Id.* at 269. The government's Rule 28(j) letter, *see* ECF No. 37, catapults this "general intent" three levels up the *Borden* "hierarchy," *see Borden v. United States*, 593 U.S. 420, 426 (2021) (quotation omitted), landing it above both "negligent" and "reckless." It does this primarily by relying the concept of "general intent"—a concept that is conspicuously absent from *Borden* and irrelevant to the analysis *Borden* requires.

*Somers v. United States*, 15 F.4th 1049, 1053 (11th Cir. 2021). The "critical aspect" of the *Borden* analysis turns on whether force has been used "*against the person* … of another," 18 U.S.C. § 924 (emphasis added); *Borden,* 593 U.S. at 427, not in "general." Because § 2113(a) requires nothing more than the mere intent to make the physical gestures from which bank robbery resulted, it can be violated recklessly.

Respectfully submitted,

/s/ David Zuckerman
David Zuckerman
Sam Welch
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

**CERTIFICATE OF SERVICE**

I, David Zuckerman, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *David Zuckerman*
David Zuckerman

Dated: November 19, 2024