

**U. S. Department of Justice**

*Zachary A. Myers*
*United States Attorney*
*Southern District of Indiana*

*J. Benton Hurst*
*Special Assistant United States Attorney*
*Email: john.hurst@usdoj.gov*

*United States Attorney's Office*
*Charles Evans Whittaker Courthouse*
*400 East 9th Street, Suite 5510*          *(816) 426-3122*
*Kansas City, Missouri 64106*          *FAX (816) 426-5186*

December 3, 2024

Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois  60604

>      Re:     *Shannon Wayne Agofsky v. Steven Merendino, Warden*
>              Case No. 24-1067
>              Rule 28(j) Letter

Dear Mr. Conway:

Following *Jones v. Hendrix*, 599 U.S. 465 (2023), and *Hogsett v. Lillard*, 72 F.4th 819 (7th Cir. 2023), the district court held that 28 U.S.C. § 2255(e) bars Shannon Agofsky's petition under 28 U.S.C. § 2241 and dismissed it for lack of subject-matter jurisdiction. Doc. 20 at 4. In supplemental briefing, Agofsky contends that Section 2255(e) is a restriction on venue rather than subject-matter jurisdiction and that this Court should "disregard" *Jones* and *Hogsett* to the extent they hold otherwise. *See* Agofsky Supp. Br. 9-11.

In *Fields v. Gilley*, __ F.4th __, No. 22-2762, 2024 WL 4758831 (7th Cir. Nov. 13, 2024), this Court followed *Hogsett* in affirming the dismissal of a Section 2241 petition because the petitioner could not satisfy the saving clause of Section 2255(e). *Id.* at *4. Instead of disregarding *Hogsett*'s jurisdictional holding, *Fields* followed it. *Ibid.* (recognizing that "where § 2255(e) forecloses the possibility of filing a § 2241 habeas petition, the court cannot consider the petition on the merits and should dismiss the petition for lack of subject matter jurisdiction").

Agofsky invokes stare decisis and argues that to treat Section 2255(e) as a jurisdictional limitation would "overrule twenty years of circuit precedent." Agofsky Supp. Reply Br. 11-12. But *Hogsett* interprets *Jones* to "hold[] that federal courts lack jurisdiction to consider habeas petitions filed by federal prisoners" who cannot satisfy Section 2255(e),

*Hogsett*, 72 F.4th at 822, and this Court has now reaffirmed *Hogsett* in *Fields*, 2024 WL 4758831 at *4. This Court's published interpretations of *Jones* should be followed. It is Agofsky, and not the government, who seeks a departure from precedent.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

/s/ *J. Benton Hurst*

J. BENTON HURST
Special Assistant United States Attorney

*Attorneys for Respondent-Appellee*

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2024, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system.

/s/ *J. Benton Hurst*

J. Benton Hurst
Special Assistant United States Attorney