# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION
**CAPITAL HABEAS UNIT**

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

December 6, 2024

Christopher G. Conway
Clerk of the Court United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

  Re: *Shannon Wayne Agofsky v. Steven Merendino, Warden*
  Case No. 24-1067
  Rule 28(j) Letter

Dear Mr. Conway:

  In *Fields v. Gilley*, __ F.4th __, No. 22-2762, 2024 WL 4758831 (7th Cir. Nov. 13, 2024), this Court affirmed the dismissal of a § 2241 petition under § 2255(e) and *Jones v. Hendrix*, 599 U.S. 465 (2023).

  The order that *Fields* affirms quotes *Davenport*'s observation that "[t]he purpose behind the enactment of section 2255 was to change the *venue* of postconviction proceedings," and dismisses Mr. Field's petition *not* for lack of subject-matter jurisdiction, but "under § 2255(e)." *Fields v. Warden*, No. 2:16-CV-00418-JPH-MJD, 2022 WL 4314987, at *6 (S.D. Ind. Sept. 19, 2022) (emphasis added). According to the logic the government has employed elsewhere, that should mean *Fields* is a non-jurisdictional holding; it affirms a lower court's non-jurisdictional ruling. *See* ECF No. 35 at 14 (treating *Jones* as jurisdictional because "*Jones* affirmed the [8th Circuit's] dismissal . . . for lack of subject-matter jurisdiction").

  The government picks a different logic in its Rule 28(j) letter. Because *Fields* cites *Hogsett v. Lillard,* 72 F.4th 819 (7th Cir. 2023), which "not[es]" a dismissal for lack of subject-matter jurisdiction, the government says *Fields* must be understood as jurisdictional—the lower court's reasoning notwithstanding. But "unrefined dispositions" like the one appended to the final sentence in *Fields* must "be accorded 'no precedential effect' on the question of whether the federal court had authority to adjudicate the claim in suit." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000)). This is

especially true given that the reason the parties did not "cross swords," *id.* at 512, over jurisdiction in *Fields* was because the government acknowledged that the district court had jurisdiction under 18 U.S.C. § 1331—in a brief that post-dated, and applied, *Jones.* Appellee's Brief, *Fields v. Gilley*, Case No. 22-2762, ECF No. 33 at 1 (July 20, 2023); *see also* Brief for Appellee United States, *United States v. Hogsett*, Case No. 22-2182, ECF No. 14 at 2 (Sept. 14, 2022) (same) (citing *Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005)).

Respectfully submitted,

/s/ Sam Welch
Sam Welch
David Zuckerman
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

**CERTIFICATE OF SERVICE**

I, Sam Welch, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Sam Welch*
Sam Welch

Dated: December 6, 2024