# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION
**CAPITAL HABEAS UNIT**

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

December 18, 2024

Christopher G. Conway
Clerk of the Court United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

> Re:  *Shannon Wayne Agofsky v. Steven Merendino, Warden*
> Case No. 24-1067
> Rule 28(j) Letter

Dear Mr. Conway:

Last week, in *United States v. Burwell*, __ F.4th __, No. 16-3009, 2024 WL 5033050, at *1 (D.C. Cir. Dec. 9, 2024), the District of Columbia Circuit created a circuit split by holding that bank robbery under 18 U.S.C. § 2113(a) "is not a § 924(c) crime of violence." The court reasoned that "[t]he text, structure, and statutory history make clear that § 2113(a) is indivisible," *id.* at *5, and concluded that because § 2213(a) can be committed by extortion—which is not a crime of violence, *id.* at *3—section 2113(a) as a whole is not a crime of violence, *id.* at *10. Pointing to this Circuit's (and others') model jury instructions, the District of Columbia Circuit concluded that "model jury instructions would require the same conclusion as the plain text does on the indivisibility of § 2113(a)." *Id.* (quoting Fed. Jury Prac. & Instr. § 57:03 (7th ed. 2024 Update)) (observing that this Circuit's jury instructions state that "[t]he statute, at § 2113(a), ¶ 1, *includes a means of violation for whoever 'obtains or attempts to obtain by extortion'*"). In so holding, *Burwell* creates a circuit split between the District of Columbia Circuit and this Circuit. *Compare United States v. Bevly*, 110 F.4th 1043 (7th Cir. 2024).

The District of Columbia Circuit was "not persuaded" by the government's argument that "[e]very federal court of appeals that has addressed this issue has similarly concluded that § 2113(a) is divisible between robbery and extortion." *Burwell*, 2024 WL 5033050, at *9 (citation omitted). Determining that "the government's reliance on purported unanimity among our sister circuits lacks force," the court "opt[ed] to follow *Mathis* [*v. United States*, 579 U.S. 500 (2016)] and exercise [the court's] judgment in determining § 2113(a)'s 'single, best meaning.'" *Id.* (quoting *Loper Bright Enters. v. Raimondo*, __ U.S. __, 144 S. Ct. 2244, 2266 (2024)).

Mr. Agofsky's § 924(c) conviction is invalid because, as *Burwell* holds, and as Mr. Agofsky argues, *see* ECF No. 6 at 30-36, § 2113(a) is indivisible and not a crime of violence.

Respectfully submitted,

/s/ Sam Welch
Sam Welch
David Zuckerman
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

**CERTIFICATE OF SERVICE**

I, Sam Welch, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Sam Welch*
Sam Welch

Dated: December 18, 2024