**U. S. Department of Justice**

*Zachary A. Myers*
*United States Attorney*
*Southern District of Indiana*

*J. Benton Hurst*
*Special Assistant United States Attorney*
*Email: john.hurst@usdoj.gov*

*United States Attorney's Office*
*Charles Evans Whittaker Courthouse*
*400 East 9th Street, Suite 5510* *(816) 426-3122*
*Kansas City, Missouri 64106* *FAX (816) 426-5186*

December 23, 2024

Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

Re: *Shannon Wayne Agofsky v. Steven Merendino, Warden*
Case No. 24-1067
Rule 28(j) Letter

Dear Mr. Conway:

In its opening brief (at 42-43), the government explained that 18 U.S.C. § 2113(a) "is at least divisible between a robbery offense (taking 'by force and violence, or by intimidation'), and an extortion offense (obtaining by 'extortion')." It also explained (at 49-50 & n.9) that Section 2113(e) is divisible between killing and forced accompaniment.

In *United States v. Armstrong*, __ F.4th __, 21-11252, 2024 WL 5075137 (11th Cir. Dec. 11, 2024), the Eleventh Circuit agreed that Section 2113(a) is divisible: "The statute's distinction between 'taking' and 'obtaining' reflects the fundamental division between robbery and extortion, namely, that robbery involves taking possession of the property of another *against his will* while extortion involves taking possession of the property of another *with consent*—albeit grudging or coerced," *id.* at *4. The Eleventh Circuit's published opinion follows those from the First, Second, and Ninth. *See id.* at *5; *see also* Govt. Br. 42-43.

As Agofsky notes in his December 18 letter, the D.C. Circuit recently rejected this approach. *United States v. Burwell*, __ F.4th __, 16-3009, 2024 WL 5033050, at *10 (D.C. Cir. Dec. 9, 2024). But the majority approach is the stronger one, and *Burwell* gives insufficient weight to the elemental distinction between robbery and extortion. *See Ocasio v. United States*, 578 U.S. 282, 297 (2016) (noting that consent is what "distinguish[es]" Hobbs Act extortion from Hobbs Act robbery); *Scheidler v. National Org. for Women, Inc.*,

537 U.S. 393, 409-10 (2003) (generic federal extortion requires consent); *United States v. Nardello*, 393 U.S. 286, 295 (1969) (same). That distinction accords with the charges in this case, which specify that Agofsky committed the offense of bank robbery "by force and violence," not extortion. Doc. 10-1 at 3-4 (charging "by force and violence and by intimidation"), 30 (instructing "by force and violence"); *see Mathis v. United States*, 579 U.S. 500, 518-19 (2016).

Moreover, *Burwell* gives no reason to doubt that Section 2113(e) is divisible between killing and forced accompaniment. Indeed, Congress made its divisibility clear by later amending it to impose different punishments. *See* Govt. Br. 50 n.9.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

/s/ *J. Benton Hurst*

J. BENTON HURST
Special Assistant United States Attorney

*Attorneys for Respondent-Appellee*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2024, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system.

/s/ *J. Benton Hurst*
J. Benton Hurst
Special Assistant United States Attorney