# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION
**CAPITAL HABEAS UNIT**

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

April 12, 2025

Christopher G. Conway
Clerk of the Court United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

      Re: *Shannon Wayne Agofsky v. Steven Merendino, Warden*
      Case No. 24-1067
      Rule 28(j) Letter

Dear Mr. Conway:

In *Trump v. J. G. G.*, No. 24A931, 2025 WL 1024097 (U.S. Apr. 7, 2025), the Supreme Court confirmed that the location in which a habeas petition proceeds is a matter of venue. In March, five Venezuelan men held in Texas detention centers sought to prevent their summary deportation. *Id.* at *1. Because their claims "necessarily impl[ied] the invalidity of their confinement," they "fell within the core" of habeas. *Id.* The "only question," then, was "which court" should resolve the challenge. *Id.* at 2. That question was one of venue: "venue [was] improper in the District of Columbia" because "venue lies in the district of confinement." *Id. See also id.* (Kavanaugh, J., concurring) ("[t]he only question is *where* that judicial review should occur," and "[t]hat venue question" depends on whether the claims sound in habeas); Application at 30, *Trump v. J. G. G.*, No. 24A931 (U.S. Mar. 28, 2025) (referring a "dispositive venue flaw").

On that, the Court agreed with the D.C. Circuit. *See J.G.G. v. Trump*, No. 25-5067, 2025 WL 914682 (D.C. Cir. Mar. 26, 2025). There, Judge Millet concluded, "In a habeas petition, the place of detention matters for personal jurisdiction or venue, but not for subject matter jurisdiction." *Id.* (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493 (1973) (applying "traditional venue considerations" to identify the correct forum for a habeas suit)); *Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004) (referring to "jurisdiction" as used in the habeas statute, "not in the sense of subject-matter jurisdiction of the District Court"); *id.* at 451 (Kennedy, J., concurring) ("[T]he question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue."). Judge Henderson agreed. *See J.G.G.*, 2025 WL

914682, at *4 (quoting *Rumsfeld*, 542 U.S. at 451–52) ("[T]he rule 'is not jurisdictional in the sense of a limitation on subject-matter jurisdiction' but is instead 'a question of personal jurisdiction or venue.'").

The issue of which federal court should resolve a habeas petition is one of venue, not subject-matter jurisdiction. It can be waived or forfeited.

Respectfully submitted,

/s/ Sam Welch
Sam Welch
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Sam_Welch@fd.org

**CERTIFICATE OF SERVICE**

I, Sam Welch, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Sam Welch*
Sam Welch

Dated: April 12, 2025