

**U. S. Department of Justice**

*John E. Childress*
*Acting United States Attorney*
*Southern District of Indiana*

*J. Benton Hurst*
*Special Assistant United States Attorney*
*Email: john.hurst@usdoj.gov*

*United States Attorney's Office*
*Charles Evans Whittaker Courthouse*
*400 East 9th Street, Suite 5510*     *(816) 426-3122*
*Kansas City, Missouri 64106*    *FAX (816) 426-5186*

April 15, 2025

Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois  60604

       Re:     *Shannon Wayne Agofsky v. Steven Merendino, Warden*
                 Case No. 24-1067
                 Rule 28(j) Letter

Dear Mr. Conway:

       In response to this Court's order to discuss whether "the 'shall not be entertained' language in 28 U.S.C. § 2255(e) is a limit on the court's subject-matter jurisdiction," the government explained that it is. Gov't Supp. Br. 2-8. *See generally Fields v. Gilley*, 121 F.4th 598, 604 (7th Cir. 2024); *Hogsett v. Lillard*, 72 F.4th 819, 821-22 (7th Cir. 2023).

       Agofsky cites *Trump v. J.G.G.*, 604 U.S. __, 2025 WL 1024097 (Apr. 7, 2025) (per curiam), for the proposition that "the location in which a habeas petition proceeds is a matter of venue." In *J.G.G.*, the Court held that detainees' challenges to removal under the Alien Enemies Act, 50 U.S.C. § 21, "must be brought in habeas" and venue "lies in the district of confinement." *Id.* at *1-*2.

       *J.G.G.* does not address the antecedent question presented here: whether Section 2255(e) bars Agofsky from proceeding in habeas *at all*. Because Agofsky challenges his conviction, Section 2255(e) prohibited the district court from entertaining his petition. *See Jones v. Hendrix*, 599 U.S. 465, 474 (2023). That limitation is jurisdictional. *Hogsett*, 72 F.4th at 821-22.[1] The detainees in *J.G.G.* did not face that obstacle and *J.G.G.* does not advance Agofsky's case.

---

       [1] Even if it were not, Agofsky cannot show forfeiture because the issue was raised and passed on below. *See* Gov't Supp. Br. 9-10, 15-17.

Even if Agofsky overcomes Section 2255(e) and succeeds in his challenge to his conviction under 18 U.S.C. § 924(c), any error would be harmless because he does not challenge the consecutive life sentence imposed for the bank robbery.[2] *See Ruiz v. United States*, 990 F.3d 1025, 1031-35 (7th Cir. 2021). It is "difficult to see how any relief—even a complete vacatur of the § 924(c) conviction[] and [its] accompanying sentence[]—would reduce the time that [Agofsky] must serve in prison" and he "cannot show any prejudice befalling him from any erroneous § 924(c) conviction[]." *Id.* at 1031.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

/s/ *J. Benton Hurst*

J. BENTON HURST
Special Assistant United States Attorney

*Attorneys for Respondent-Appellee*

---

[2] *See* Agofsky Br. at 4 n.2. Agofsky's commutation undermines any claim that vacatur of his Section 924(c) conviction would give him grounds to collaterally attack his death sentence.

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system.

/s/ *J. Benton Hurst*
J. Benton Hurst
Special Assistant United States Attorney