

**U. S. Department of Justice**

*John E. Childress*
*Acting United States Attorney*
*Southern District of Indiana*

J. Benton Hurst                          United States Attorney's Office
Special Assistant United States Attorney  Charles Evans Whittaker Courthouse
Email: john.hurst@usdoj.gov              400 East 9th Street, Suite 5510      (816) 426-3122
                                         Kansas City, Missouri 64106    FAX (816) 426-5186

May 1, 2025


Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois  60604

   Re: *Shannon Wayne Agofsky v. Steven Merendino, Warden*
     Case No. 24-1067
     Rule 28(j) Letter

Dear Mr. Conway:

   In its opening brief (at 42-43), the government explained that 18 U.S.C. § 2113(a) "is at least divisible between a robbery offense (taking 'by force and violence, or by intimidation'), and an extortion offense (obtaining by 'extortion')." In a subsequent letter of December 23, 2024, the government explained that the Eleventh Circuit had recently joined the First, Second, and Ninth Circuits in adopting this view. *See United States v. Armstrong*, 122 F.4th 1278, 1285-87 (11th Cir. 2024). *Contra United States v. Burwell*, 122 F.4th 984, 996 (D.C. Cir. 2024).

   In *United States v. Vines*, __ F.4th __, No. 23-2843, 2025 WL 1153906 (3d Cir. Apr. 21, 2025), the Third Circuit agreed that Section 2113(a) is divisible. *Id.* at *2. Observing that "[a]lmost all our sister circuits that have addressed the question agree that these two clauses set out two separate, divisible crimes: bank robbery and bank extortion," the court held that the "near-consensus is sound." *Ibid.* "The first clause applies to someone who uses force, violence, or intimidation to take something: in other words, robbery." *Ibid.* "And the second clause explicitly requires extortion." These two concepts have distinct requirements: "Robbery traditionally meant taking something from someone against her will. By contrast, extortion traditionally meant taking someone else's property with the victim's consent but inducing that consent wrongfully." *Ibid.* (citation omitted).

This majority approach is the stronger one. If this Court reaches the merits, it should join the First, Second, Third, Ninth, and Eleventh Circuits to conclude that bank robbery in violation of Section 2113(a) is divisible from bank extortion.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

/s/ *J. Benton Hurst*

J. BENTON HURST
Special Assistant United States Attorney

*Attorneys for Respondent-Appellee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2025, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system.

/s/ *J. Benton Hurst*

J. Benton Hurst
Special Assistant United States Attorney