No. 24-1067

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

SHANNON W. AGOFSKY,

*Petitioner-Appellant,*

V.

DEANNA BAYSORE,

*WARDEN, U.S. PENITENTIARY FLORENCE ADMAX,*

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Southern District of Indiana
No. 22-cv-00049-JRS-MKK, Hon. James R. Sweeney II

## PETITION FOR PANEL REHEARING AND
## REHEARING EN BANC

Sam Welch
Assistant Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)
(215) 928-0826 (fax)

*Counsel for Petitioner-Appellant
Shannon Agofsky*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 24-1067

Short Caption: Agofsky v. Baysore

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

   ☐   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)   The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

   Shannon Wayne Agofsky

(2)   The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   N/A

(3)   If the party, amicus or intervenor is a corporation:

   i)      Identify all its parent corporations, if any; and

       N/A

   ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

       N/A

(4)   Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

   N/A

(5)   Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

   N/A

Attorney's Signature: _____    Date: 1/8/2026

Attorney's Printed Name: Samuel Welch

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐   No ☑

Address: 601 Walnut Street

   Philadelphia, PA 19106

Phone Number: (215) 928-0520      Fax Number: N/A

E-Mail Address: sam_welch@fd.org

rev. 12/19 AK

# TABLE OF CONTENTS

INTRODUCTION ................................................................................. 1

ARGUMENT ....................................................................................... 2

   I.   Agofsky's Petition Arises Under Federal Law. ......................... 2

   II.  Circuit Precedent Establishes that the District Court Had Subject-Matter Jurisdiction Because Agofsky's Petition Arises Under Federal Law. ....................................................... 3

   III. Circuit Precedent Is Correct. .................................................. 6

      A.   Jurisdictional rules alter a court's power over the subject matter of the dispute or the litigants involved. ................. 6

      B.   Section 2255(e) channels habeas petitions to particular districts. ............................................................... 7

      C.   Section 2255(e) does not alter the court's power over the subject matter or litigants involved in federal habeas litigation. ............................................................ 8

   IV. The Panel Opinion Is Incorrect. ............................................ 11

      A.   Section 2255(e) does not contain a "clear" or "plain" jurisdictional statement. ................................................ 11

      B.   The Panel Opinion fails to address the primary argument that supported the precedent it overturns. ...................... 14

      C.   The Panel Opinion relies on unreasoned dispositional asides and weak reasoning. .............................................. 16

   V.  The Court Should Grant Rehearing En Banc. ........................ 17

      A.   The Panel Opinion creates an anomaly, invites bigger problems, and is difficult to implement. ......................... 17

      B.   The En Banc Court should decide whether federal bank robbery constitutes a crime of violence. ........................... 20

# TABLE OF AUTHORITIES

**Federal Cases**

*Agofsky v. Baysore,* 160 F.4th 857 (7th Cir. 2025)......................... *passim*

*Am. Pub. Gas Ass'n v. Fed. Power Comm'n,*
  555 F.2d 852 (D.C. Cir. 1976) ..................................................... 13, 14

*Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006) ............................. *passim*

*Axon Enter., Inc. v. FTC,* 598 U.S. 175 (2023) ......................................... 3

*Beason v. Marske,* 926 F.3d 932 (7th Cir. 2019) .......................... vii, 5

*Boechler, P.C. v. Comm'r,* 596 U.S. 199 (2022) ...................................... 12

*Borden v. United States,* 593 U.S. 420 (2021) ......................................... 1

*Bourgeois v. Watson,* 977 F.3d 620 (7th Cir. 2020) ......................... vii, 5

*Braden v. 30th Jud. Cir. Ct. of Kentucky,*
  410 U.S. 484 (1973) .................................................................. 9, 10

*Brown v. Rios,* 696 F.3d 638 (7th Cir. 2012) ............................... vii, 5

*Chazen v. Marske,* 938 F.3d 851 (7th Cir. 2019) ......................... vii, 5

*Clean Water Action Council of Ne. Wis., Inc. v. EPA.,*
  765 F.3d 749 (7th Cir. 2014) ......................................................... 10

*Collins v. Holinka,* 510 F.3d 666 (7th Cir. 2007) ......................... vii, 5

*Currie v. Flack,* 190 F.2d 549 (1st Cir. 1951) ...................................... 14

*Dolan v. United States,* 560 U.S. 605 (2010) ....................................... 13

*Gonzalez v. Thaler,* 565 U.S. 134 (2012) ............................................. 12

*Harris v. Warden,* 425 F.3d 386 (7th Cir. 2005) ................... vii, 4, 5, 14

*Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428 (2011) ........ 6, 12

*Hicks v. Stancil,* 642 F. App'x 620 (7th Cir. 2016) ................... vii, viii, 5

*Jones v. Hendrix,* 599 U.S. 465 (2023) ........................................ *passim*

*Kontrick v. Ryan,* 540 U.S. 443 (2004) .............................. viii, 6, 10, 12

*Leroy v. Great W. United Corp.,* 443 U.S. 173 (1979) ........................... 10

*Mercantile Nat'l. Bank v. Langdeau,* 371 U.S. 555 (1963) ................... 13

*Minn-Chem, Inc. v. Agrium, Inc.,* 683 F.3d 845 (7th Cir. 2012) .......... 13

*Moore v. Olson,* 368 F.3d 757 (7th Cir. 2004) ....................... vii, 1, 3, 4

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*,
 551 U.S. 644 (2007) ............................................... vii, viii, 14

*Panama R.R. Co. v. Johnson*, 264 U.S. 375 (1924) ........................ 10, 13

*Panel Opinion, Agofsky v. Baysore*, 160 F.4th 857 (7th Cir. 2025) ...... vii

*Prevatte v. Merlak*, 865 F.3d 894 (7th Cir. 2017) ............................ vii, 4

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) ........................ 12

*Rosecrans v. United States*, 165 U.S. 257 (1897) ........................... vii, 14

*Rumsfeld v. Padilla*, 542 U.S. 426 (2004) ................................................. 9

*Shepherd v. Krueger*, 911 F.3d 861 (7th Cir. 2018) ........................ vii, 5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .................... 6

*Third Circuit, United States v. Vines*, 134 F.4th 730 (3d Cir. 2025) .... 20

*This Court, United States v. Bevly*, 110 F.4th 1043 (7th Cir. 2024) ..... 20

*Trump v. J. G. G.*, 604 U.S. 670 (2025) ................................................. 10

*United States v. Burwell*, 122 F.4th 984 (D.C. Cir. 2024) ................... 20

*United States v. Hayman*, 342 U.S. 205 (1952) ........................... 7, 8, 10

*United States v. Kwai Fun Wong*,
 575 U.S. 402 (2015) ............................................ 11-12, 12, 14, 18-19

*Webster v. Caraway*, 761 F.3d 764 (7th Cir. 2014) ...................... *passim*

*Weinberger v. Salfi*, 422 U.S. 749, (1975) ............................... 14, 15, 18

*Wilkins v. United States*, 598 U.S. 152 (2023) ..................................... 11

*Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013) .......................... 17

**Federal Statutes**

7 U.S.C. § 2707 ...................................................................... 18

8 U.S.C. § 1252 ...................................................................... 18

16 U.S.C. § 814 ...................................................................... 18

18 U.S.C. § 924 ........................................................................ 1

18 U.S.C. § 2113 ...................................................................... 1

18 U.S.C. § 3231 ...................................................................... 9

22 U.S.C. § 6713 .................................................................... 18

28 U.S.C. § 1331 ............................................................ *passim*

28 U.S.C. § 1343 ...................................................... 9

28 U.S.C. § 1406 .................................................... 19

28 U.S.C. § 2241 ................................................ *passim*

28 U.S.C. § 2255 ................................................. 3, 7

29 U.S.C. § 101 ..................................................... 18

42 U.S.C. § 405 ................................................. 15, 18

49 U.S.C. § 24301 ............................................... 18

## Other

Fed. R. App. P. 27 ................................................... 1

Fed. R. App. P. 32 ................................................... 1

Fed. R. App. P. 40 ............................................ vii, viii

U.S. Const. art. III, § 2, cl. 1 ......................... viii, 9

## **STATEMENTS PURSUANT TO FED. R. APP. P. 40(b)(1) & (2)**

Petitioner-Appellant, Shannon Agofsky, requests panel rehearing. The Panel Opinion, *Agofsky v. Baysore,* 160 F.4th 857 (7th Cir. 2025), overlooks Agofsky's argument regarding the presumption against implied repeal. *See Nat'l Ass'n of Home Builders v. Defs. of Wildlife,* 551 U.S. 644 (2007); *Rosecrans v. United States,* 165 U.S. 257 (1897); Fed. R. App. P. 40(b)(1)(A). That argument is set forth in his reply brief, Dkt. No. 41 at 3–5, and again below. *See infra,* § IV.B. Agofsky's argument in support of his petition, *see* Fed. R. App. P. 40(b)(1)(B), is also included below. *See infra*, §§ I–V.

Agofsky also requests rehearing en banc. The Panel Opinion overturns *Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005), and four cases that rely on *Harris, see Bourgeois v. Watson*, 977 F.3d 620 (7th Cir. 2020); *Beason v. Marske*, 926 F.3d 932 (7th Cir. 2019); *Shepherd v. Krueger*, 911 F.3d 861 (7th Cir. 2018); *Prevatte v. Merlak*, 865 F.3d 894 (7th Cir. 2017). It conflicts with four others, *Moore v. Olson,* 368 F.3d 757 (7th Cir. 2004); *Brown v. Rios,* 696 F.3d 638 (7th Cir. 2012); *Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019); *Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007) (*per curiam*), and rejects the reasoning of two more, *Webster v. Caraway*, 761 F.3d 764 (7th Cir. 2014) (vacated opinion); *Hicks v. Stancil*, 642 F. App'x

620 (7th Cir. 2016) (unpublished opinion) (*per curiam*). The full court's consideration is necessary to maintain uniformity of the Court's decisions. Fed. R. App. P. 40(b)(2)(A).

The Panel Opinion also conflicts with decisions of the United States Supreme Court. *See* Fed. R. App. P. 40(b)(2)(C); *Kontrick v. Ryan*, 540 U.S. 443 (2004); *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644 (2007).

Additionally, the proceeding involves a question of exceptional importance: whether a statute that prohibits litigants from filing in a particular district deprives the federal court in that district of subject-matter jurisdiction, or whether such a statute constitutes a waivable, non-jurisdictional venue provision. *See* Fed. R. App. P. 40(b)(2)(D); U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. §§ 1331, 2241, 2255(e).

# INTRODUCTION

This case is about civil procedure. The Panel Opinion centers on the distinction between jurisdiction and venue. It concludes that a statute whose sole function is to direct filings to a particular district deprives all other federal courts of power over the subject matter and litigants involved. It is wrong and problematic.

Start with a point of agreement. The district court had jurisdiction over the subject matter of Agofsky's habeas petition because it raises questions of federal law. 28 U.S.C. § 1331. His petition contains a single claim, arising under federal law, arguing that federal bank robbery, 18 U.S.C. § 2113, does not qualify as a crime of violence, 18 U.S.C. § 924(c), because it can be committed recklessly, *see Borden v. United States*, 593 U.S. 420, 423 (2021). Like "any claim" contained in such a petition, his "entails a federal question." *Moore*, 368 F.3d at 759.

From there, positions diverge. The Panel Opinion concludes that a different statute—one that prohibits filing in a particular district—deprived the court of adjudicatory authority over the subject matter of his claim. Agofsky, and this Court's precedents, disagree.

1

To reach its conclusion, the Panel Opinion overrules five cases, creates a conflict with four others, rejects the reasoning of two more, contravenes Supreme Court precedent, bypasses § 1331, misreads the text, and declines to engage with Agofsky's primary argument—the same argument that supported the precedent it overturns. It also obscures a developing circuit split regarding whether federal bank robbery is a crime of violence.

## <u>ARGUMENT</u>

### I.     Agofsky's Petition Arises Under Federal Law.

A federal court sentenced Agofsky to sixty months in prison for using a firearm during a bank robbery. *United States v. Agofsky et al.*, No. 3:92-cr-05006-RED, Dkt. No. 257 (W.D. Mo. Sep. 22, 1992). While housed at a federal penitentiary in Indiana, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 arguing that federal bank robbery is not a crime of violence. *Agofsky v. Watson*, No. 22-cv-00049-JRS-DLP, Dkt. No. 1 (S.D. Ind. Feb. 9, 2022). The government sought dismissal "on the merits." Dkt. No. 11 at 18.

Twenty months later, the district court dismissed the action *sua sponte* for lack of subject-matter jurisdiction. Dkt. No. 20 (citing *Jones v.*

*Hendrix*, 599 U.S. 465 (2023)). Agofsky appealed, *Agofsky v. Baysore*, No. 24-1067, Dkt. No. 1 (Jan. 17, 2024), and the government sought affirmance on jurisdictional grounds, Dkt. No. 14 at 5. In supplemental briefing, Agofsky argued that any defect with his petition had to do with venue—not subject-matter jurisdiction—and that the government had waived its venue defense. Dkt. Nos. 28, 41.

## II.   Circuit Precedent Establishes that the District Court Had Subject-Matter Jurisdiction Because Agofsky's Petition Arises Under Federal Law.

To prevail under § 2241, a prisoner must prove he is "in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2241(c)(3). In *Moore,* this Court held that "[s]ubject-matter jurisdiction" to decide such petitions "is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question." 368 F.3d at 759; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Axon Enter., Inc. v. FTC,* 598 U.S. 175, 205 (2023) (Gorsuch, J., concurring) ("Not may have jurisdiction, but *shall*. Not some civil actions arising under federal law, but *all*.").

On appeal, the government argued that a different statute—28 U.S.C. § 2255(e)—deprived the court of subject-matter jurisdiction. But this Court's precedent holds that § 2255(e) does not "diminish the district court's subject-matter jurisdiction, which rests on 28 U.S.C. § 1331." *Harris*, 425 F.3d at 388. Both § 2241 and § 2255 "deal with remedies; neither one is a jurisdictional clause." *Id.*

A decade after *Harris*, this Court stood its ground. *See Webster*, 761 F.3d 764, *reh'g en banc granted, vacated,* 769 F.3d 1194 (7th Cir. 2014). "In light" of a developing circuit split, it took "a fresh look" and "once more conclude[d] that § 2255(e) does not curtail subject-matter jurisdiction." *Id.* at 768 It identified "several sources of subject-matter jurisdiction," including § 1331, and concluded § 2255(e) did not "purport to contract that jurisdiction." *Id.* It acknowledged the "mandatory" phrasing but declined to "equate mandatory rules with jurisdictional ones." *Id.* at 769–70. Any other conclusion risked "extra work for judges," wasted "time and energy," and curtailed executive power. *Id.* at 770.

*Moore* and *Harris* became mainstays. *See Prevatte*, 865 F.3d at 901 (Posner, Manion, Williams, JJ.) (collecting cases). Over twenty years, more than half the active judges in this Circuit either authored them, *see*

4

*Moore,* 368 F.3d at 757 (Easterbrook, J.); *Harris*, 425 F.3d at 386 (Easterbrook, J); *Webster*, 761 F.3d at 764 (Easterbrook, J.), joined them, *see Moore,* 368 F.3d at 757 (Manion, Williams, JJ.); *Harris,* 425 F.3d at 386 (Kanne, Williams, JJ. ); *Webster*, 761 F.3d at 764 (Bauer, Sykes, JJ.), relied on them, *Hicks*, 642 F. App'x at 621 (Kanne, Sykes, Hamilton, JJ.); *Bourgeois*, 977 F.3d at 629 n.4 (Kanne, Hamilton, St. Eve, JJ.); *see also Beason,* 926 F.3d at 935 (Flaum, Kanne, Scudder, JJ.) (relying on *Prevatte,* 865 F.3d at 898); *Chazen*, 938 F.3d at 860 (Flaum, Barrett, Scudder, JJ.) (same), or independently reached their same conclusion, *see Brown*, 696 F.3d at 640 (Posner, Manion, Tinder, JJ.) (accepting concession of § 2255(e)); *Shepherd*, 911 F.3d at 863 (JJ. Easterbrook, Rovner, Hamilton) ("bypass[ing]" the "procedural hurdles" of §§ 2241 and 2255 to reach the merits); *see also Collins*, 510 F.3d at 667 (Easterbrook, Bauer, Manion, JJ.) (*per curiam*) (the district of conviction is the "right venue under § 2255"). The Panel Opinion overrules, conflicts with, or rejects all these decisions.

The Panel Opinion also overlooks Agofsky's central argument. *See infra*, § IV(B). As the opinion implicitly acknowledges, if § 2255(e) is jurisdictional, it rescinds jurisdiction granted elsewhere. Such statutes are

5

subject to even stricter standards; the Panel Opinion does not address them.

### III.    Circuit Precedent Is Correct.

This Court was right: Section 2255(e) is not jurisdictional. Its precedent carefully implements a critical distinction while accounting for function, history, and context.

A.    Jurisdictional rules alter a court's power over the subject matter of the dispute or the litigants involved.

"Jurisdiction" is a "word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (citation modified). "Courts" have long been "less than meticulous" with it, *Kontrick,* 540 U.S. at 454, applying the label to myriad shortcomings that do not affect the court's "power to hear a case." *Arbaugh*, 546 U.S. at 514 (citation modified).

"Clarity" is needed. *Kontrick*, 540 U.S. at 455. To achieve it, "courts and litigants" should use the jurisdictional label "only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id*. They should not use it for any other type of rule, including those

that "seek to promote the orderly progress of litigation." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011).

B.    Section 2255(e) channels habeas petitions to particular districts.

Section 2255(e) is part of a constellation of channeling statutes. *See Jones*, 599 U.S. at 475. Each plays a distinct role. A state prisoner "may" file their "application" in either of two districts. 28 U.S.C. § 2241(d). A federal prisoner "may" file a "motion" in "the court which imposed the sentence." 28 U.S.C. § 2255(a). If a federal prisoner "fail[s] to apply ... to the court which sentenced him," his motion "shall not be entertained ... unless it also appears that the remedy by motion is inadequate or ineffective." 28 U.S.C. § 2255(e). The "remedy by motion" is "to vacate, set aside or correct the sentence," 28 U.S.C. § 2255(a), so if a federal prisoner seeks something else (e.g., good-time credits) he may file an application in his district of confinement under § 2241(a) instead. *Jones*, 599 U.S. at 475. Section 2255(e) is the enforcement provision; it makes the "venue" in § 2255(a) "effective." *Id.* at 474.

When it comes to these statutes, "a page of history is worth a volume of logic." *Id.* at 472 (citation modified). "For most of our Nation's history," *id.* at 473, a federal habeas petitioner would have filed his petition

7

in the district where he was confined. *See United States v. Hayman,* 342 U.S. 205, 213 n.13 (1952). As the nation grew, "serious administrative problems" developed. *Id.* at 212. Applications "tripled." *See id.* at 213 n.13. Many were "patently frivolous," but could only be disproven once physical records were transferred from far-off districts-of-conviction. *Id.* at 212–13. These problems were "greatly aggravated," *id.* at 213, by a "concentration of federal prisoners" in the "handful of judicial districts" that housed large federal penitentiaries. *Jones,* 599 U.S. at 473–74.

Congress devised a fix. As part of a sweeping reorganization of the judiciary code, *see* 62 Stat. 869, it "created § 2255 as a separate remedial vehicle," *Jones,* 599 U.S. at 473, and "rerout[ed]" federal habeas petitions to the prisoner's district of conviction. *Id.* at 474. The "sole purpose" of § 2255 "was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *Id.* at 473 (citation modified).

C.   Section 2255(e) does not alter the court's power over the subject matter or litigants involved in federal habeas litigation.

Other statutes provide adjudicatory authority over the subject matter and litigants involved in federal habeas litigation. Start with subject matter. The Constitution allocates to the federal courts "judicial Power"

over all "Cases ... arising under this Constitution[] [or] the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. Congress has provided district judges with authority to grant writs of habeas corpus, 28 U.S.C. § 2241(a), and to resolve "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Other acts deliver still further authority over the subject matter involved in federal habeas litigation. *See* 28 U.S.C. § 1343(a)(4) (civil rights actions); 18 U.S.C. § 3231 (federal criminal offenses).

Agofsky's petition falls cleanly within these grants of judicial power. It arises under "the Constitution[] [or] laws ... of the United States," 28 U.S.C. § 1331, in that it alleges he is in "custody in violation of the ... laws of the United States." 28 U.S.C. § 2241(c)(3).

Next, consider the court's power over the litigants. Federal habeas petitioners must sue their "immediate custodian," *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004), because the writ acts "upon the person who holds him." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973). Agofsky satisfied this requirement, too; he named his then-jailer, Warden Watson, as respondent. *See Agofsky v. Watson,* No. 2:22-cv-00049, Dkt. No. 1 (S.D. Ind. Nov. 29, 2023).

If there was any problem with Agofsky's petition, it had to do with venue—not jurisdiction. The Supreme Court has repeatedly and recently described both § 2255(e) and the location of habeas proceedings generally as matters of "venue." *See Jones,* 599 U.S. at 479 ("the sentencing court … is the best venue"); *Trump v. J. G. G.,* 604 U.S. 670, 672–73 (2025) ("venue [was] improper" because "venue lies in the district of confinement" for all such habeas petitions); *Braden*, 410 U.S. at 500 (proper district depends on "traditional principles of venue"); *Hayman,* 342 U.S. at 219. "[V]enue rules have long been understood as non-jurisdictional." *Clean Water Action Council of Ne. Wis., Inc. v. EPA.*, 765 F.3d 749, 751 (7th Cir. 2014); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 384 (1924).

If Agofsky had written "Western District of Missouri" instead of "Southern District of Indiana" at the top of his petition, changed the address on the envelope, and left everything else untouched—including the subject matter and litigants, *Kontrick*, 540 U.S. at 455—everyone agrees that § 2255(e) would have posed no barrier to relief. Nonetheless, the Panel Opinion concludes § 2255(e) is jurisdictional.

## IV. The Panel Opinion Is Incorrect.

The Panel Opinion fails to extract a clear jurisdictional statement while declining to address the primary rationale of the precedent it overturns. In support, it constructs a "uniform[]" appellate "consensus," *Agofsky,* 160 F.4th at 859, from "drive-by jurisdictional rulings," *Arbaugh*, 546 U.S. at 511 (citation modified), and arguments no more convincing than they were the last time this Court rejected them. *See Webster*, 761 F.3d at 768–69.

### A. Section 2255(e) does not contain a "clear" or "plain" jurisdictional statement.

Jurisdictional rules "have a unique potential to disrupt the orderly course of litigation." *Wilkins v. United States*, 598 U.S. 152, 157 (2023). Because they can never be waived, they "may be raised at any time," meaning that "many months of work on the part of the attorneys and the court may be wasted" in the "eleventh hour." *Id.* (citation modified). Courts also have "a duty to consider them *sua sponte.*" *Id.*

As a result, they are disfavored. For a rule to be jurisdictional, "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *United States*

11

*v. Kwai Fun Wong,* 575 U.S. 402, 410 (2015); *see also Boechler, P.C. v. Comm'r,* 596 U.S. 199, 206 (2022) (requiring a "clear statement").

The Panel Opinion identifies three aspects of the operative phrase ("shall not be entertained") that suggest the rule could be jurisdictional: it is mandatory, directed at the courts, and contains the verb "to entertain." *Agofsky,* 160 F.4th at 865–66. Together or apart, these words do not "plainly" imbue § 2255(e) with "jurisdictional consequences." *Kwai Fun Wong,* 575 U.S. at 410.

Mandatory language is unremarkable. The Supreme Court has "long rejected the notion that all mandatory prescriptions … are properly typed jurisdictional." *Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012) (citation modified). Examples are legion. *See, e.g., Henderson*, 562 U.S. at 438–39 ("shall file" is non-jurisdictional); *Kontrick*, 540 U.S. at 457 ("shall be filed no later than 60 days"); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 163 (2010) ("no civil action … shall be instituted"); *see also Webster*, 761 F.3d at 770 (collecting cases). If the statute "only … prescribe[s] the venue" where an action must take place, not even a mandatory and explicit instruction that "jurisdiction … shall be" in a particular court is

12

enough make the statute jurisdictional. *See Panama R.R. Co.*, 264 U.S. at 384–85.

Prescriptions directed at courts are also unexceptional. The federal code is "jam-packed with imperative language" and "[r]ules of law" that "tell litigants, and courts, what must be done." *Webster,* 761 F.3d at 770. Such language is often not jurisdictional. *See, e.g.*, *Dolan v. United States,* 560 U.S. 605, 613 (2010) ("the court shall set a date"); *Minn-Chem, Inc. v. Agrium, Inc.,* 683 F.3d 845, 853 (7th Cir. 2012) (the court "shall not apply" certain sections of the Sherman Act). The federal venue statutes alone are replete with compulsory, non-jurisdictional language directed at the courts. *See, e.g.,* 28 U.S.C. §§ 1406(a) ("[t]he district court … shall dismiss"); 1407(a) ("transfers shall be made by the judicial panel"), 1404(d) (transfers from certain courts "shall not be permitted"); 1391(c)(1).

The verb "to entertain" cannot bear the remaining weight. At the time § 2255(e) was passed, "entertain" was also used to describe restrictions on venue. *See, e.g.*, *Mercantile Nat'l. Bank v. Langdeau,* 371 U.S. 555, 558 (1963) (discussing the "proper venue to entertain an action"); *Am. Pub. Gas Ass'n v. Fed. Power Comm'n*, 555 F.2d 852, 860 (D.C.

13

Cir. 1976) (same); *Currie v. Flack*, 190 F.2d 549, 550 (1st Cir. 1951) (same). A court unable to "entertain" an application might simply need to transfer it; section 2255(e) does not "plainly" say otherwise. *Kwai Fun Wong*, 575 U.S. at 409.

B.     The Panel Opinion fails to address the primary argument that supported the precedent it overturns.

*Harris* holds that § 2255(e) "does not diminish the district court's subject-matter jurisdiction, which rests on 28 U.S.C. § 1331." 425 F.3d at 388. As *Harris* recognizes, for § 2255(e) to be "jurisdictional," it has to rescind power granted elsewhere. *See id.*

Rescinding jurisdiction is harder than granting it. The presumption against implied repeal holds that when "statutes clearly defin[e] the jurisdiction of the courts," their "force and effect … should not be disturbed by a mere implication." *Rosecrans,* 165 U.S. at 262. That presumption can be overcome only if Congress's intent to repeal is "clear and manifest." *Nat'l Ass'n of Home Builders*, 551 U.S. at 662.

Such statutes are rare. In *Arbaugh*, the Court acknowledged that a "few" existed, 546 U.S. at 515 n.11, but provided only one example: a statute that rescinds a jurisdictional grant "[o]n its face," *Weinberger v. Salfi,*

422 U.S. 749, 756, (1975), by including a full citation to the statute being repealed. *See* 42 U.S.C. § 405(h).

Section 2255(e) comes nowhere close to that kind of explicit intent to repeal. Any such intent would make little sense given that Congress passed both § 2255 and § 1331 into law on the same day, as part of the same act, with the aim of clarifying the judicial code. *See* 62 Stat. 869.

The Panel Opinion struggles to locate a clear jurisdictional statement in the statute's text. *See supra* § II.A. It falls well short of identifying a "manifest" intent to repeal, and fails entirely to explain why Congress would simultaneously confer jurisdiction in § 1331 and silently rescind it in § 2255(e).

The omission is notable. The presumption against implied repeal was the centerpiece of Agofsky's reply brief. *See* Dkt. No. 41 at 3–5. He raised it after the government conceded that several "general grants of jurisdiction" applied, arguing that § 2255(e) acts as a "restriction" on, Dkt. No. 35 at 2, or "exception" to, *id.* at 8, those grants. The Panel Opinion sets the issue up, calling § 2255(e) a "limit" on the Court's existing jurisdiction, *Agofsky,* 160 F.4th at 865–66, and preserving *Moore. Id.* at 16.

But from there, the argument goes unaddressed. What happened to § 1331? Does it still provide subject-matter jurisdiction over § 2241 petitions, as *Moore* says? If not, where does § 2255(e) evince a "manifest" intent to repeal § 1331? Or is there some other reason this Court is not bound by *Rosecrans*, *National Ass'n of Home Builders*, and their progeny? The Panel Opinion alludes to these questions but provides no answers.

C.  The Panel Opinion relies on unreasoned dispositional asides and weak reasoning.

Only certain kinds of jurisdictional rulings are precedential. "[U]nrefined dispositions" that purport to decide a case on jurisdictional grounds "should be accorded no precedential effect on the question whether the federal court had authority to adjudicate the claim." *Arbaugh*, 546 U.S. at 511 (identifying "genre" of case wherein courts dismiss for lack of "jurisdiction" without considering whether that label applies).

The Panel Opinion pays this instruction little mind. Most of the cases in its "uniform[] ... consensus," *see Agofsky*, 160 F. 4th at 859, contain no reasoning whatsoever. *Id.* at 864 (citing unreasoned Second, Third, Eighth, Ninth, and Eleventh Circuit precedent). Others dismiss for a lack of "statutory jurisdiction" (instead of subject-matter jurisdiction), fail to reach a conclusion, or explicitly decline to analyze the issue.

*See id.* (citing Tenth, Fifth, and Third Circuit precedent, respectively). It would contravene Supreme Court precedent to rely on these opinions at all, let alone cite them as "compelling reason[s]" to overrule decades of precedent. *Id.*

At bottom, the "uniform[] ... consensus" consists of two cases. *See* Panel Opinion at 12–16 (citing Fourth and Sixth Circuit precedent). Both draw extensively from *Williams v. Warden,* 713 F.3d 1332 (11th Cir. 2013), which this Court considered—and rejected—the last time it was raised. *Webster,* 761 F.3d at 768 (vacated opinion). They fail to account for the function and history of § 2255(e), rely heavily on the mandatory nature of the command, and are burdened with the assumption, belied above, that "entertain" universally connotes subject-matter jurisdiction. Neither address the presumption against implied repeal.

## V. The Court Should Grant Rehearing En Banc.

### A. The Panel Opinion creates an anomaly, invites bigger problems, and is difficult to implement.

The Panel Opinion makes § 2255(e) the only federal jurisdictional statute (out of forty-four located by Agofsky) that conditions subject-matter jurisdiction on the district in which the action is filed without using the word "jurisdiction," and without identifying, by name, a court with

specialized expertise. *See* 7 U.S.C. § 2707; 16 U.S.C. § 814; 22 U.S.C. § 6713; 28 U.S.C. §§ 1330–65, 1367–69, 2342; 49 U.S.C. § 24301. It makes § 2255(e) the only statute located that strips a federal court of jurisdiction without doing so "on its face," *see Weinberger*, 422 U.S. at 756, either via use of the word "jurisdiction," *see, e.g.*, 29 U.S.C. § 101, citation to the statute being rescinded, *see, e.g.,* 42 U.S.C. § 405(h), a sweeping reference to all other laws, *see, e.g.*, 128 Stat. 1913, or some combination of the three, *see, e.g.*, 8 U.S.C. § 1252(a)(2)(A). And it does so despite the fact that § 2255(e) was passed by the same Congress, on the same day, in the same act, as the statute(s) it purportedly silently rescinds. Section 2255(e) does all these things, the opinion says, without using the word "jurisdiction," "right," "power," or "authority." "Magic words" are not necessary, *Wong,* 575 U.S. at 410, but to accomplish all that, Congress needed more than what it wrote.

The opinion invites bigger problems. The federal venue statute also contains a "directive to the courts," *Agofsky*, 160 F.4th at 865: "[t]he district court … shall dismiss" any petition filed in the wrong district. 28 U.S.C. § 1406(a). In order "to dismiss" a claim under § 1406(a), *id.*, a court must also "declar[e] the law, apply[] the law to the facts, and issu[e] a

judgment," *Agofsky*, 160 F.4th at 865, just as it must do with § 2255(e). If § 2255(e) is jurisdictional, § 1406(a) is, too—with even greater consequence.

The opinion is also difficult to implement. It takes an issue that is currently the parties' responsibility and makes it the district court's, forcing judges to conduct *sua sponte* § 2255(e) analyses (not always simple, *see Jones*, 599 U.S. at 474) every time a prisoner files a habeas petition— even if the parties agree § 2255(e) is irrelevant. It risks late-stage dismissals on appeal, laying waste to years of effort, regardless of the parties' preferences. And it diminishes the power of the United States Attorney's Office, precluding it from waiving § 2255(e) even when doing so is necessary to avoid expense, inconvenience, or injustice.

B.   The En Banc Court should decide whether federal bank robbery constitutes a crime of violence.

Finally, the Panel Opinion obscures a developing circuit split. The D.C. Circuit recently held that federal bank robbery is not a crime of violence. *United States v. Burwell*, 122 F.4th 984, 986–87 (D.C. Cir. 2024). This Court, *United States v. Bevly*, 110 F.4th 1043, 1048 (7th Cir. 2024), and the Third Circuit, *United States v. Vines*, 134 F.4th 730, 732–33 (3d Cir. 2025), have held that it is. Agofsky's petition provides the Court with an opportunity to revisit this issue en banc.

Respectfully submitted,

/s/ *Sam Welch*

Sam Welch
Assistant Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520 (phone)

*Counsel for Petitioner/Appellant*
*Shannon Agofsky*

Dated: January 8, 2026

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations of Fed. R. App. P. 40(d)(3)(A) because it contains 3,900 words. This motion was prepared using Microsoft Word for Office 365 software and, in making this certification, I have relied upon that software's word-count feature. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced, serif typeface (Century Schoolbook) in 14-point size. It complies with the typestyle requirements of Fed. R. App. P. 32(a)(6), because it has been set in plain, roman style.

/s/ *Sam Welch*
Sam Welch

Dated: January 8, 2026

# CERTIFICATE OF SERVICE

I, Sam Welch, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Sam Welch*
Sam Welch

Dated: January 8, 2026