# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION
**CAPITAL HABEAS UNIT**

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

January 23, 2026

Christopher G. Conway
Clerk of the Court United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

> Re: *Shannon Wayne Agofsky v. Steven Merendino, Warden*
> Case No. 24-1067
> Rule 28(j) Letter

Dear Mr. Conway:

In *Khalil v. Warden,* the Third Circuit held that "*[h]abeas* jurisdiction (in the sense of the district-of-confinement and immediate custodian rules) is not the same thing as *subject-matter* jurisdiction." Nos. 25-2162 & 25-2357, slip op. at 19 (3rd Cir. Jan. 15, 2026) (citing *Dufur v. United States Parole Comm'n*, 34 F.4th 1090, 1096 (D.C. Cir. 2022) (the "immediate custodian rule implicates personal jurisdiction, not subject matter jurisdiction; likewise, the requirement to file in the district of confinement concerns venue, not subject matter jurisdiction," meaning both are waivable). The Panel Opinion, on the other hand, concludes that the district-of-confinement exception contained in § 2255(e) "established a limit on the court's subject-matter jurisdiction." *Agofsky v. Baysore,* 160 F.4th 857, 865 (7th Cir. 2025).

The district-of-confinement and district-of-conviction rules are opposite sides of the same coin. The former identifies the default district for all federal habeas petitions. 28 U.S.C. § 2241(a). The latter identifies the district in which a petition must be filed if the prisoner seeks a particular remedy: "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a), (e). If the district-of-confinement rule is a venue provision because it identifies the district in which a petition must be filed, *see, e.g.*, *Khalil,* slip op. at 19, the district-of-conviction rule must be one, too. And since neither says anything about the subject matter of the petition, neither can restrict the Courts' subject-matter jurisdiction.

In addition, in *Bowe v. United States*, the Supreme Court reiterated that "Congress must speak clearly if it seeks to impose exceptions to" broad grants of jurisdiction. No. 24-5438, 2026

WL 70342, at *7 (U.S. Jan. 9, 2026). In *Bowe*, a federal habeas case, the Court held that 28 U.S.C. § 2255(h)'s cross-reference to Section 2244(b)(3)(E)'s limitation on the Court's certiorari jurisdiction does "not provide the clear indication required to bar this Court's review." *Bowe*, 2026 WL 70342, at *9. The Court reached this holding by analogizing to its earlier command that courts interpret a "procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Id.* (quoting *Boechler v. Commissioner*, 596 U.S. 199, 203 (2022)).

Respectfully submitted,

/s/ Sam Welch
Sam Welch
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Sam_Welch@fd.org

**CERTIFICATE OF SERVICE**

I, Sam Welch, hereby certify that, on this date, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Sam Welch*
Sam Welch

Dated: January 23, 2026